# EXHIBIT G

# 《截取通訊及監察條例》

# INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

## ( 第 589 章 )

## (Cap. 589)

## 目錄

## Contents

| 條次 | | 頁次 |
|---|---|---|
| | **第 1 部**<br>**導言** | |
| 1. | 簡稱 | 1-1 |
| 2. | 釋義 | 1-1 |
| 3. | 發出訂明授權、將訂明授權續期或訂明授權持續有效的先決條件 | 1-23 |
| | **第 2 部**<br>**禁止截取及秘密監察** | |
| 4. | 禁止截取 | 2-1 |
| 5. | 禁止秘密監察 | 2-3 |
| | **第 3 部**<br>**訂明授權等** | |
| | **第 1 分部 —— 有關當局** | |
| 6. | 小組法官 | 3-1 |
| 7. | 授權人員 | 3-1 |
| | **第 2 分部 —— 法官授權** | |
| 8. | 對截取或第 1 類監察的法官授權的申請 | 3-3 |

| Section | | Page |
|---|---|---|
| | **PART 1**<br>**PRELIMINARY** | |
| 1. | Short title | 1-2 |
| 2. | Interpretation | 1-2 |
| 3. | Conditions for issue, renewal or continuance of prescribed authorization | 1-24 |
| | **PART 2**<br>**PROHIBITION ON INTERCEPTION AND COVERT SURVEILLANCE** | |
| 4. | Prohibition on interception | 2-2 |
| 5. | Prohibition on covert surveillance | 2-4 |
| | **PART 3**<br>**PRESCRIBED AUTHORIZATIONS, ETC.** | |
| | **Division 1—Relevant Authorities** | |
| 6. | Panel judges | 3-2 |
| 7. | Authorizing officers | 3-2 |
| | **Division 2—Judge's Authorizations** | |

| 條次 | | 頁次 |
|---|---|---|
| 9. | 法官授權申請的決定 | 3-3 |
| 10. | 法官授權的時限 | 3-5 |
| 11. | 法官授權續期申請 | 3-5 |
| 12. | 法官授權續期申請的決定 | 3-7 |
| 13. | 法官授權續期的時限 | 3-9 |

**第 3 分部 —— 行政授權**

| 14. | 對第 2 類監察的行政授權的申請 | 3-9 |
| 15. | 行政授權申請的決定 | 3-11 |
| 16. | 行政授權的時限 | 3-11 |
| 17. | 行政授權續期申請 | 3-13 |
| 18. | 行政授權續期申請的決定 | 3-13 |
| 19. | 行政授權續期的時限 | 3-15 |

**第 4 分部 —— 緊急授權**

| 20. | 在緊急情況下提出的尋求對截取或第 1 類監察的緊急授權的申請 | 3-17 |

| Section | | Page |
|---|---|---|
| 8. | Application for judge's authorization for interception or Type 1 surveillance | 3-4 |
| 9. | Determination of application for judge's authorization | 3-4 |
| 10. | Duration of judge's authorization | 3-6 |
| 11. | Application for renewal of judge's authorization | 3-6 |
| 12. | Determination of application for renewal of judge's authorization | 3-8 |
| 13. | Duration of renewal of judge's authorization | 3-10 |

**Division 3—Executive Authorizations**

| 14. | Application for executive authorization for Type 2 surveillance | 3-10 |
| 15. | Determination of application for executive authorization | 3-12 |
| 16. | Duration of executive authorization | 3-12 |
| 17. | Application for renewal of executive authorization | 3-14 |
| 18. | Determination of application for renewal of executive authorization | 3-14 |
| 19. | Duration of renewal of executive authorization | 3-16 |

**Division 4—Emergency Authorizations**

《截取通訊及監察條例》 INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

T-5
第 589 章

T-6
Cap. 589

| 條次 | | 頁次 |
|---|---|---|
| | | |
| | | |
| 21. | 緊急授權申請的決定 | 3-19 |
| 22. | 緊急授權的時限 | 3-19 |
| 23. | 確認緊急授權的申請 | 3-21 |
| 24. | 確認緊急授權的申請的決定 | 3-23 |

**第 5 分部 —— 關於口頭申請的特別條文**

| | | |
|---|---|---|
| 25. | 口頭申請及其效力 | 3-25 |
| 26. | 確認應口頭申請發出或批予的訂明授權或續期的申請 | 3-29 |
| 27. | 尋求確認應口頭申請發出或批予的訂明授權或續期的申請的決定 | 3-35 |
| 28. | 因應口頭申請發出緊急授權的特別情況 | 3-39 |

**第 6 分部 —— 關於訂明授權的一般條文**

| | | |
|---|---|---|
| 29. | 訂明授權可根據或憑藉其條款授權或規定的事宜等 | 3-41 |

| Section | | Page |
|---|---|---|
| 20. | Application for emergency authorization for interception or Type 1 surveillance in case of emergency | 3-18 |
| 21. | Determination of application for emergency authorization | 3-20 |
| 22. | Duration of emergency authorization | 3-20 |
| 23. | Application for confirmation of emergency authorization | 3-22 |
| 24. | Determination of application for confirmation of emergency authorization | 3-24 |

**Division 5—Special Provisions for Oral Applications**

| | | |
|---|---|---|
| 25. | Oral application and its effect | 3-26 |
| 26. | Application for confirmation of prescribed authorization or renewal issued or granted upon oral application | 3-30 |
| 27. | Determination of application for confirmation of prescribed authorization or renewal issued or granted upon oral application | 3-36 |
| 28. | Special case of emergency authorization issued as a result of oral application | 3-40 |

**Division 6—General Provisions for Prescribed Authorizations**

| | | |
|---|---|---|
| 29. | What a prescribed authorization may authorize or require under or by virtue of its terms, etc. | 3-42 |

《截取通訊及監察條例》 INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

| 條次 | | 頁次 |
|---|---|---|
| 30. | 訂明授權亦同時授權的事宜 | 3-49 |
| 31. | 訂明授權不可作出的授權 | 3-51 |
| 32. | 可有條件地發出訂明授權或將訂明授權續期 | 3-55 |
| 33. | 器材取出手令的申請 | 3-55 |
| 34. | 器材取出手令申請的決定 | 3-57 |
| 35. | 器材取出手令的時限 | 3-57 |
| 36. | 器材取出手令可根據或憑藉其條款授權的事宜等 | 3-59 |
| 37. | 器材取出手令亦同時授權的事宜 | 3-59 |
| 38. | 可有條件地發出器材取出手令 | 3-61 |
| 38A. | 向小組法官提供報告：不能執行器材取出手令 | 3-61 |

**第 4 部
專員**

**第 1 分部 —— 專員及其職能**

| 39. | 專員 | 4-1 |
|---|---|---|
| 40. | 專員的職能 | 4-3 |

**第 2 分部 —— 由專員進行檢討**

| Section | | Page |
|---|---|---|
| 30. | What a prescribed authorization also authorizes | 3-50 |
| 31. | What a prescribed authorization may not authorize | 3-52 |
| 32. | Prescribed authorization may be issued or renewed subject to conditions | 3-56 |
| 33. | Application for device retrieval warrant | 3-56 |
| 34. | Determination of application for device retrieval warrant | 3-58 |
| 35. | Duration of device retrieval warrant | 3-58 |
| 36. | What a device retrieval warrant may authorize under or by virtue of its terms, etc. | 3-60 |
| 37. | What a device retrieval warrant also authorizes | 3-60 |
| 38. | Device retrieval warrant may be issued subject to conditions | 3-62 |
| 38A. | Report to panel judge: device retrieval warrant cannot be executed | 3-62 |

**PART 4
THE COMMISSIONER**

**Division 1—The Commissioner and his Functions**

| 39. | The Commissioner | 4-2 |
|---|---|---|
| 40. | Functions of Commissioner | 4-4 |

**Division 2—Reviews by Commissioner**

| 條次 | | 頁次 | Section | | Page |
|---|---|---|---|---|---|
| 41. | 檢討遵守有關規定的情況 | 4-3 | 41. | Reviews on compliance with relevant requirements | 4-4 |
| 42. | 通知有關部門等 | 4-5 | 42. | Notifications to departments concerned, etc. | 4-6 |
| | **第 3 分部 —— 由專員進行審查** | | | **Division 3—Examinations by Commissioner** | |
| 43. | 進行審查的申請 | 4-5 | 43. | Application for examination | 4-6 |
| 44. | 由專員進行審查 | 4-7 | 44. | Examination by Commissioner | 4-8 |
| 45. | 不進行審查的理由等 | 4-9 | 45. | Grounds for not carrying out examination, etc. | 4-10 |
| 46. | 關於進行審查的進一步條文 | 4-13 | 46. | Further provisions relating to examinations | 4-14 |
| 47. | 通知有關部門等 | 4-15 | 47. | Notifications to departments concerned, etc. | 4-16 |
| | **第 4 分部 —— 由專員發出通知** | | | **Division 4—Notifications by Commissioner** | |
| 48. | 通知有關人士 | 4-15 | 48. | Notifications to relevant persons | 4-16 |
| | **第 5 分部 —— 專員的報告及建議** | | | **Division 5—Reports and Recommendations by Commissioner** | |
| 49. | 專員向行政長官提交的周年報告 | 4-21 | 49. | Annual reports to Chief Executive by Commissioner | 4-22 |
| 50. | 專員向行政長官提交的其他報告 | 4-29 | 50. | Other reports to Chief Executive by Commissioner | 4-30 |
| 51. | 就實務守則向保安局局長提出建議 | 4-29 | 51. | Recommendations to Secretary for Security on code of practice | 4-30 |
| 52. | 向部門提出建議 | 4-29 | 52. | Recommendations to departments | 4-30 |
| | **第 6 分部 —— 與專員執行職能有關的進一步條文** | | | **Division 6—Further Provisions Relating to Performance of Functions by Commissioner** | |

| 條次 | | 頁次 |
|---|---|---|
| 53. | 專員的進一步權力 | 4-31 |
| 53A. | 轉授檢查受保護成果的權力 | 4-33 |
| 54. | 部門就不遵守有關規定提交報告的一般責任 | 4-35 |
| 55. | 專員不視為法院 | 4-35 |

**第 5 部**
**進一步保障**

| 56. | 定期檢討 | 5-1 |
|---|---|---|
| 57. | 於截取或秘密監察終止後，撤銷訂明授權 | 5-1 |
| 58. | 向有關當局提供報告：截取或秘密監察的目標人物被逮捕 | 5-5 |
| 58A. | 向有關當局提供報告：資料不準確或情況出現變化 | 5-9 |
| 59. | 對受保護成果的保障 | 5-17 |
| 60. | 備存紀錄 | 5-23 |
| 61. | 電訊截取成果不獲接納為證據 | 5-29 |
| 62. | 享有法律專業保密權的資料繼續享有保密權 | 5-35 |
| 63. | 實務守則 | 5-35 |

**第 6 部**
**雜項條文**

| Section | | Page |
|---|---|---|
| 53. | Further powers of Commissioner | 4-32 |
| 53A. | Delegation of power to examine protected products | 4-34 |
| 54. | General obligations of departments to report on non-compliance | 4-36 |
| 55. | Commissioner not regarded as court | 4-36 |

**PART 5**
**FURTHER SAFEGUARDS**

| 56. | Regular reviews | 5-2 |
|---|---|---|
| 57. | Revocation of prescribed authorization following discontinuance of interception or covert surveillance | 5-2 |
| 58. | Report to relevant authority: arrest of subject of interception or covert surveillance | 5-6 |
| 58A. | Report to relevant authority: inaccurate information or change in circumstances | 5-10 |
| 59. | Safeguards for protected products | 5-18 |
| 60. | Record keeping | 5-24 |
| 61. | Non-admissibility of telecommunications interception product | 5-30 |
| 62. | Information subject to legal professional privilege to remain privileged | 5-36 |
| 63. | Code of practice | 5-36 |

**PART 6**
**MISCELLANEOUS**

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

| 條次 | | 頁次 | Section | | Page |
|------|---|------|---------|---|------|
| 64. | 訂明授權及器材取出手令不受輕微缺失影響 | 6-1 | 64. | Prescribed authorizations and device retrieval warrants not affected by minor defects | 6-2 |
| 65. | 豁免權 | 6-1 | 65. | Immunity | 6-2 |
| 65A. | 在訂明授權被撤銷後取得的受保護成果 | 6-3 | 65A. | Protected products obtained after revocation of prescribed authorization | 6-4 |
| 66. | 規例 | 6-5 | 66. | Regulation | 6-6 |
| 67. | 修訂附表 | 6-5 | 67. | Amendment of Schedules | 6-6 |
| 68. | *(已失時效而略去)* | 6-5 | 68. | *(Omitted as spent)* | 6-6 |
| 69. | 過渡性安排 | 6-5 | 69. | Transitional arrangements | 6-6 |
| 附表 1 | 部門 | S1-1 | SCHEDULE 1 | DEPARTMENTS | S1-2 |
| 附表 2 | 小組法官的處事程序及關乎小組法官的其他事宜 | S2-1 | SCHEDULE 2 | PROCEDURES OF, AND OTHER MATTERS RELATING TO, PANEL JUDGE | S2-2 |
| 附表 3 | 適用於關於尋求發出對截取或秘密監察的訂明授權或將該等授權續期的申請的誓章或陳述的規定 | S3-1 | SCHEDULE 3 | REQUIREMENTS FOR AFFIDAVIT OR STATEMENT FOR APPLICATION FOR ISSUE OR RENEWAL OF PRESCRIBED AUTHORIZATION FOR INTERCEPTION OR COVERT SURVEILLANCE | S3-2 |
| 附表 4 | 適用於關於尋求發出器材取出手令的申請的誓章的規定 | S4-1 | SCHEDULE 4 | REQUIREMENTS FOR AFFIDAVIT FOR APPLICATION FOR ISSUE OF DEVICE RETRIEVAL WARRANT | S4-2 |
| 附表 5 | *(已失時效而略去)* | S5-1 | Schedule 5 | *(Omitted as spent)* | S5-2 |

本條例旨在規管由公職人員或由他人代公職人員進行的截取通訊行為，以及規管公職人員使用或他人代公職人員使用監察器材，並就相關事宜訂定條文。

[2006 年 8 月 9 日 ]

# 第 1 部

# 導言

**1.** **簡稱**

本條例可引稱為《截取通訊及監察條例》。

**2.** **釋義**

(1)　在本條例中，除文意另有所指外 ——

" 小組法官 " (panel judge) 指根據第 6(1) 條獲委任為小組法官的法官；

" 口頭申請 " (oral application) 指根據第 25(1) 條提出的口頭申請；

" 文本 " (copy) ——

(a)　就依據對截取的訂明授權取得的通訊的任何內容而言，指任何以下項目 ( 不論是否屬文件形式 ) ——

(i)　該等內容的任何文本、複本、副本、拷貝、摘錄或撮錄；

(ii)　提述該截取，並且是直接或間接顯示屬該通訊的傳送人或傳送對象的人的身分的紀錄的任何紀錄；或

An Ordinance to regulate the conduct of interception of communications and the use of surveillance devices by or on behalf of public officers and to provide for related matters.

[9 August 2006]

# PART 1

# PRELIMINARY

**1.** **Short title**

This Ordinance may be cited as the Interception of Communications and Surveillance Ordinance.

**2.** **Interpretation**

(1)　In this Ordinance, unless the context otherwise requires—

"address" (地址), in relation to a communication transmitted by a postal service, includes a postal box address;

"authorizing officer" (授權人員), in relation to any department, means any officer designated under section 7 by the head of the department to be an authorizing officer;

"code of practice" (實務守則) means the code of practice issued under section 63;

"Commissioner" (專員) means the Commissioner on Interception of Communications and Surveillance appointed under section 39;

"communication" (通訊) means—

(a)　any communication transmitted by a postal service; or

(b) 就依據對秘密監察的訂明授權取得的任何材料而言，指任何以下項目 ( 不論是否屬文件形式 ) ——

    (i) 該等材料的任何文本、複本、副本、拷貝、摘錄或撮錄；或

    (ii) 以該等材料製備的任何謄本或紀錄；

" 公共安全 " (public security) 指香港的公共安全；

" 公眾地方 " (public place) ——

    (a) 指屬《簡易程序治罪條例》( 第 228 章 ) 第 2(1) 條所界定的公眾地方的任何處所；但

    (b) 不包括屬擬供公眾人士用作洗手間、沐浴地方或更衣地方的任何該等處所；

" 地址 " (address) 就藉郵政服務傳送的通訊而言，包括郵箱地址；

" 行為 " (conduct) 包括任何作為或不作為，以及任何連串的作為或不作為或任何連串的作為及不作為；

" 行政授權 " (executive authorization) 指根據第 3 部第 3 分部發出或續期的行政授權，而凡文意所需，亦包括 —— *( 由 2016 年第 21 號第 3 條修訂 )*

    (a) 將會根據該分部發出或續期的行政授權；及

    (b) 根據第 5 部被局部撤銷的行政授權；*( 由 2016 年第 21 號第 3 條修訂 )*

" 有關目的 " (relevant purpose) 就某訂明授權而言，指謀求藉進行有關截取或秘密監察達到的為發出該授權、將該授權續期或該授權持續有效而在第 3 條描述的目的；

" 有關規定 " (relevant requirement) 指任何適用的 ——

    (a) 在本條例任何條文下的規定；

    (b) 在實務守則下的規定；或

    (c) 在任何有關訂明授權或器材取出手令下的規定；

" 有關當局 " (relevant authority) ——

(b) any communication transmitted by a telecommunications system;

"communication transmitted by a postal service" (藉郵政服務傳送的通訊) includes a postal article;

"conduct" (行為) includes any act or omission, and any series of acts or omissions or of acts and omissions;

"conveyance" (運輸工具) means any vehicle, vessel, aircraft, hovercraft or other conveyance;

"copy" (文本)—

    (a) in relation to any contents of a communication that have been obtained pursuant to a prescribed authorization for interception, means any of the following (whether or not in documentary form)—

        (i) any copy, extract or summary of such contents;

        (ii) any record referring to the interception which is a record showing, directly or indirectly, the identity of any person who is the sender or intended recipient of the communication; or

    (b) in relation to any material that has been obtained pursuant to a prescribed authorization for covert surveillance, means any of the following (whether or not in documentary form)—

        (i) any copy, extract or summary of the material;

        (ii) any transcript or record made of the material;

"court" (法院), without prejudice to sections 6(4) and 55—

    (a) means a court as defined in section 3 of the Interpretation and General Clauses Ordinance (Cap. 1); and

    (b) includes a magistrate and a tribunal;

"covert surveillance" (秘密監察)—

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

1-5
第 589 章

第 1 部
第 2 條

PART 1
Section 2

1-6

Cap. 589

(a) 就向或已向小組法官提出的尋求發出法官授權或將法官授權續期的申請而言，指該法官；

(b) 就向或已向授權人員提出的尋求發出行政授權或將行政授權續期的申請而言，指該人員；或

(c) 就向或已向部門的首長提出的尋求發出緊急授權的申請而言，指該首長；

" 受保護成果 " (protected product) 指任何截取成果或監察成果；

" 法官授權 " (judge's authorization) 指根據第 3 部第 2 分部發出或續期的法官授權，而凡文意所需，亦包括 —— (由 2016 年第 21 號第 3 條修訂)

(a) 將會根據該分部發出或續期的法官授權；及

(b) 根據第 5 部被局部撤銷的法官授權；(由 2016 年第 21 號第 3 條修訂)

" 法院 " (court) 在不損害第 6(4) 及 55 條的原則下 ——

(a) 指《釋義及通則條例》(第 1 章) 第 3 條所界定的法院；及

(b) 包括裁判官及審裁處；

" 首長 " (head) 就某部門而言，包括該部門的任何副首長；

" 首長級人員 " (directorate officer) 指職級不低於等同總警司的職級的人員；

" 訂明授權 " (prescribed authorization) 指法官授權、行政授權或緊急授權；

" 查察 " (inspect) 包括監聽、監測及記錄；

" 秘密監察 " (covert surveillance) ——

(a) 指為任何特定調查或行動的目的而使用任何監察器材進行的、符合以下說明的任何監察 ——

(i) 該等監察是在屬其目標人物的任何人有權對享有私隱有合理期望的情況下進行的；

(ii) 該等監察的進行方式，是旨在確保該人不察覺該等監察正在或可能正在進行；及

(a) means any surveillance carried out with the use of any surveillance device for the purposes of a specific investigation or operation, if the surveillance—

(i) is carried out in circumstances where any person who is the subject of the surveillance is entitled to a reasonable expectation of privacy;

(ii) is carried out in a manner calculated to ensure that the person is unaware that the surveillance is or may be taking place; and

(iii) is likely to result in the obtaining of any private information about the person; but

(b) does not include—

(i) any spontaneous reaction to unforeseen events or circumstances; and

(ii) any such surveillance that constitutes interception under this Ordinance;

"data surveillance device" (數據監察器材)—

(a) means any device or program used to monitor or record the input of information into, or the output of information from, any information system by electronic means; but

(b) does not include an optical surveillance device;

"department" (部門)—

(a) in relation to interception (including any application for the issue or renewal of a prescribed authorization for interception, any prescribed authorization for interception and any other matter relating to interception), means a department specified in Part 1 of Schedule 1;

(b) in relation to covert surveillance (including any application for the issue or renewal of a prescribed authorization for covert surveillance, any prescribed

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 12 of 113

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

1-7

第 1 部

第 589 章

第 2 條

PART 1

1-8

Section 2

Cap. 589

(iii) 該等監察相當可能導致取得關於該人的任何隱私資料；但

(b) 不包括 ——

(i) 對沒有預見的事件或情況作出的當場反應；及

(ii) 構成本條例所指的截取的該等監察；

" 追蹤器材 " (tracking device) 指用以斷定或監測任何人或任何物體的位置，或斷定或監測任何物體的狀況的任何電子器材；

" 郵件截取 " (postal interception) 指截取任何藉郵政服務傳送的通訊；

" 郵政服務 " (postal service) 指《郵政署條例》( 第 98 章 ) 適用的郵政服務；

" 郵遞品 " (postal article) 具有《郵政署條例》( 第 98 章 ) 第 2(1) 條給予該詞的涵義；

" 處所 " (premises) 包括任何地方，並尤其包括 ——

(a) 任何土地或建築物；

(b) 任何運輸工具；

(c) 任何構築物 ( 不論是否屬可移動的或是否屬離岸的構築物 )；及

(d) (a)、(b) 或 (c) 段所描述的任何處所的任何部分；

" 部門 " (department) ——

(a) 就截取 ( 包括尋求發出對截取的訂明授權的申請；尋求將對截取的訂明授權續期的申請；對截取的訂明授權及關乎截取的任何其他事宜 ) 而言，指附表 1 第 1 部所指明的部門；

(b) 就秘密監察 ( 包括尋求發出對秘密監察的訂明授權的申請；尋求將對秘密監察的訂明授權續期的申請；對秘密監察的訂明授權及關乎秘密監察的任何其他事宜 ) 而言，指附表 1 第 2 部所指明的部門；或

authorization for covert surveillance and any other matter relating to covert surveillance), means a department specified in Part 2 of Schedule 1; or

(c) in relation to any other matter provided for in this Ordinance, means a department specified in Part 1 or 2 of Schedule 1;

"device" (器材) includes any instrument, apparatus and equipment;

"device retrieval warrant" (器材取出手令) means a device retrieval warrant issued under section 34 and, where the context requires, includes— *(Amended 21 of 2016 s. 3)*

(a) a device retrieval warrant to be issued under that section; and

(b) a device retrieval warrant that has been partially revoked under section 38A; *(Amended 21 of 2016 s. 3)*

"directorate officer" (首長級人員) means an officer not below a rank equivalent to that of chief superintendent of police;

"emergency authorization" (緊急授權) means an emergency authorization issued under Division 4 of Part 3 and, where the context requires, includes— *(Amended 21 of 2016 s. 3)*

(a) an emergency authorization to be issued under that Division; and

(b) an emergency authorization that has been partially revoked under Part 5; *(Amended 21 of 2016 s. 3)*

"enhancement equipment" (增強設備), in relation to a device, means any equipment used to enhance a signal, image or other information obtained by the use of the device;

"examination" (審查) means an examination (including consideration of the application for the examination) carried out under Division 3 of Part 4 (and, where the context requires, includes such an examination to be carried out under that Division);

(c)　就本條例訂定的任何其他事宜而言，指附表 1 第 1 或 2 部所指明的部門；

"專員" (Commissioner) 指根據第 39 條委任的截取通訊及監察事務專員；

"通訊" (communication) 指 ——
(a)　任何藉郵政服務傳送的通訊；或
(b)　任何藉電訊系統傳送的通訊；

"第 1 類監察" (Type 1 surveillance) 指不屬第 2 類監察的任何秘密監察；

"第 2 類監察" (Type 2 surveillance) 在第 (3) 及 (4) 款的規限下，指 ——
(a)　由某人使用監聽器材或視光監察器材，為監聽、監測或記錄任何其他人所說的說話或所進行的活動的目的而進行的任何秘密監察，而使用該器材的人 ——
(i)　屬在該其他人的意向或應有的合理預期中是會聽見該說話或看見該活動的人；或
(ii)　是在第 (i) 節所描述的人明示或默示同意下監聽、監測或記錄該說話或活動的人；或
(b)　使用視光監察器材或追蹤器材進行的任何秘密監察，而其使用並不涉及 ——
(i)　未經准許而進入任何處所；或
(ii)　未經准許而干擾任何運輸工具或物體的內部，或未經准許而對該器材進行電子干擾；

"授權人員" (authorizing officer) 就任何部門而言，指由該部門的首長根據第 7 條指定為授權人員的任何人員；

"視光監察器材" (optical surveillance device) ——
(a)　指用以作視像記錄或觀察任何活動的任何器材；但
(b)　不包括眼鏡、隱形眼鏡或視力受損的人用以克服該損害的相類器材；

"executive authorization" (行政授權) means an executive authorization issued or renewed under Division 3 of Part 3 and, where the context requires, includes— *(Amended 21 of 2016 s. 3)*
(a)　an executive authorization to be issued or renewed under that Division; and
(b)　an executive authorization that has been partially revoked under Part 5; *(Amended 21 of 2016 s. 3)*

"function" (職能) includes power and duty;

"head" (首長), in relation to a department, includes any deputy head of the department;

"information system" (資訊系統) has the meaning assigned to it by section 2(1) of the Electronic Transactions Ordinance (Cap. 553);

"inspect" (查察) includes listen to, monitor and record;

"install" (裝設) includes attach;

"intercepting act" (截取作為), in relation to any communication, means the inspection of some or all of the contents of the communication, in the course of its transmission by a postal service or by a telecommunications system, by a person other than its sender or intended recipient;

"interception" (截取)—
(a)　in relation to any communication, means the carrying out of any intercepting act in respect of that communication; or
(b)　when appearing in a context with no specific reference to any communication, means the carrying out of any intercepting act in respect of any communication;

"interception product" (截取成果) means any contents of a communication that have been obtained pursuant to a

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 14 of 113

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

1-11                                                                第 1 部

第 589 章                                                            第 2 條

PART 1                                                           1-12

Section 2                                                        Cap. 589

" 電訊系統 " (telecommunications system) 具有《電訊條例》( 第 106 章 ) 第 2(1) 條給予該詞的涵義；

" 電訊服務 " (telecommunications service) 具有《電訊條例》( 第 106 章 ) 第 2(1) 條給予該詞的涵義；

" 電訊截取 " (telecommunications interception) 指截取任何藉電訊系統傳送的通訊；

" 資訊系統 " (information system) 具有《電子交易條例》( 第 553 章 ) 第 2(1) 條給予該詞的涵義；

" 裝設 " (install) 包括附加；

" 新聞材料 " (journalistic material) 具有《釋義及通則條例》( 第 1 章 ) 第 82 條給予該詞的涵義；

" 運輸工具 " (conveyance) 指任何車輛、船隻、飛機、氣墊船或其他運輸工具；

" 截取 " (interception) ——

(a) 就某項通訊而言，指就該項通訊而進行任何截取作為；或

(b) 如在沒有特定提述某項通訊的文意中出現，指就任何通訊而進行任何截取作為；

" 截取成果 " (interception product) 指依據對截取的訂明授權取得的通訊的任何內容，並包括該等內容的任何文本；

" 截取作為 " (intercepting act) 就任何通訊而言，指在該通訊藉郵政服務或藉電訊系統傳送的過程中，由並非該通訊的傳送人或傳送對象的某人查察該通訊的某些或所有內容；

" 緊急授權 " (emergency authorization) 指根據第 3 部第 4 分部發出的緊急授權，而凡文意所需，亦包括 —— (由 2016 年第 21 號第 3 條修訂 )

(a) 將會根據該分部發出的緊急授權；及

(b) 根據第 5 部被局部撤銷的緊急授權；(由 2016 年第 21 號第 3 條修訂 )

" 維修 " (maintain) 就某器材而言，包括 ——

prescribed authorization for interception, and includes a copy of such contents;

"journalistic material" (新聞材料) has the meaning assigned to it by section 82 of the Interpretation and General Clauses Ordinance (Cap. 1);

"judge's authorization" (法官授權) means a judge's authorization issued or renewed under Division 2 of Part 3 and, where the context requires, includes— *(Amended 21 of 2016 s. 3)*

(a) a judge's authorization to be issued or renewed under that Division; and

(b) a judge's authorization that has been partially revoked under Part 5; *(Amended 21 of 2016 s. 3)*

"listening device" (監聽器材)—

(a) means any device used to overhear, listen to, monitor or record any conversation or words spoken to or by any person in conversation; but

(b) does not include a hearing aid or similar device used by a person with impaired hearing to overcome the impairment;

"maintain" (維修), in relation to a device, includes—

(a) adjust, reposition, repair or service the device; and

(b) replace the device when it is faulty;

"optical surveillance device" (視光監察器材)—

(a) means any device used to record visually or observe any activity; but

(b) does not include spectacles, contact lenses or a similar device used by a person with impaired sight to overcome the impairment;

"oral application" (口頭申請) means an oral application made under section 25(1);

(a) 調校、修理或保養該器材，或轉移其位置；及

(b) 在該器材發生故障時，替換該器材；

" 實務守則 " (code of practice) 指根據第 63 條發出的實務守則；

" 監察成果 " (surveillance product) 指依據對秘密監察的訂明授權取得的任何材料，並包括該等材料的文本；

" 監察器材 " (surveillance device) 指 ——

(a) 數據監察器材、監聽器材、視光監察器材或追蹤器材；

(b) 由任何 2 件或多於 2 件 (a) 段所提述的器材組成的器材；或

(c) 屬於為本定義的目的而根據第 66 條訂立的規例所訂明的類別的器材；

" 監聽器材 " (listening device) ——

(a) 指用以作出以下行為的任何器材：竊聽、監聽、監測或記錄任何談話或在談話中向任何人或由任何人所說的說話；但

(b) 不包括助聽器或聽覺受損的人用以克服該損害的相類器材；

" 審查 " (examination) 指根據第 4 部第 3 分部進行的審查 ( 包括考慮尋求審查的申請 )，而凡文意所需，亦包括將會根據該分部進行的該等審查；

" 增強設備 " (enhancement equipment) 就某器材而言，指任何用以增強藉使用該器材而取得的訊號、影像或其他資料的設備；

" 數據監察器材 " (data surveillance device) ——

(a) 指用作以下用途的任何器材或程式：監測或記錄藉電子方法向任何資訊系統輸入資料或自任何資訊系統輸出資料；但

(b) 不包括視光監察器材；

" 器材 " (device) 包括任何儀器、器具及設備；

"panel judge" (小組法官) means a judge appointed under section 6(1) to be a panel judge;

"postal article" (郵遞品) has the meaning assigned to it by section 2(1) of the Post Office Ordinance (Cap. 98);

"postal interception" (郵件截取) means interception of any communication transmitted by a postal service;

"postal service" (郵政服務) means postal service to which the Post Office Ordinance (Cap. 98) applies;

"premises" (處所) includes any place and, in particular, includes—

(a) any land or building;

(b) any conveyance;

(c) any structure (whether or not movable or offshore); and

(d) any part of any of the premises described in paragraph (a), (b) or (c);

"prescribed authorization" (訂明授權) means a judge's authorization, an executive authorization or an emergency authorization;

"protected product" (受保護成果) means any interception product or surveillance product;

"public place" (公眾地方)—

(a) means any premises which are a public place as defined in section 2(1) of the Summary Offences Ordinance (Cap. 228); but

(b) does not include any such premises that are intended for use by members of the public as a lavatory or as a place for taking a bath or changing clothes;

"public security" (公共安全) means the public security of Hong Kong;

"relevant authority" (有關當局)—

" 器材取出手令 " (device retrieval warrant) 指根據第 34 條發出的器材取出手令,而凡文意所需,亦包括 —— (由 2016 年第 21 號第 3 條修訂)

(a) 將會根據該條發出的器材取出手令;及

(b) 根據第 38A 條被局部撤銷的器材取出手令;(由 2016 年第 21 號第 3 條修訂)

" 職能 " (function) 包括權力及責任;

" 藉郵政服務傳送的通訊 " (communication transmitted by a postal service) 包括郵遞品;

" 嚴重罪行 " (serious crime) ——

(a) 就發出對截取的訂明授權、將對截取的訂明授權續期或對截取的訂明授權持續有效而言,指可判處的最高刑罰是或包括監禁不少於 7 年的任何罪行;或

(b) 就發出對秘密監察的訂明授權、將對秘密監察的訂明授權續期或對秘密監察的訂明授權持續有效而言,指可判處的最高刑罰是或包括以下刑罰的任何罪行 ——

(i) 監禁不少於 3 年;或

(ii) 罰款不少於 $1,000,000。

(2) 就本條例而言,在公眾地方進行任何活動的人,不得就該活動而視為屬第 (1) 款中 " 秘密監察 " 的定義 (a)(i) 段所指的有權對享有私隱有合理期望;但本款並不影響該人就他在公眾地方所說的說話或所寫或所讀的字句而享有的任何該等權利。

(3) 就本條例而言,凡任何秘密監察屬第 (1) 款中 " 第 2 類監察 " 的定義所指的第 2 類監察,而可能享有法律專業保密權的任何資料相當可能藉進行該監察而取得,則該監察即視為第 1 類監察。

(4) 部門的人員可在猶如任何第 2 類監察是第 1 類監察的情況下,申請就該第 2 類監察發出訂明授權或將訂明授權

(a) in relation to an application for the issue or renewal of a judge's authorization, means the panel judge to whom the application is or has been made;

(b) in relation to an application for the issue or renewal of an executive authorization, means the authorizing officer to whom the application is or has been made; or

(c) in relation to an application for the issue of an emergency authorization, means the head of a department to whom the application is or has been made;

"relevant purpose" (有關目的), in relation to a prescribed authorization, means the purpose sought to be furthered by carrying out the interception or covert surveillance concerned as described in section 3 for the purpose of the issue or renewal, or the continuance, of the prescribed authorization;

"relevant requirement" (有關規定) means any applicable requirement under—

(a) any provision of this Ordinance;

(b) the code of practice; or

(c) any prescribed authorization or device retrieval warrant concerned;

"serious crime" (嚴重罪行) means any offence punishable—

(a) in relation to the issue or renewal, or the continuance, of a prescribed authorization for interception, by a maximum penalty that is or includes a term of imprisonment of not less than 7 years; or

(b) in relation to the issue or renewal, or the continuance, of a prescribed authorization for covert surveillance, by a maximum penalty that is or includes—

(i) a term of imprisonment of not less than 3 years; or

(ii) a fine of not less than $1,000,000;

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

續期；而本條例中關乎該申請及該訂明授權的條文適用於該第 2 類監察，猶如該第 2 類監察是第 1 類監察一樣。

(5) 就本條例而言 ——

(a) 如藉郵政服務傳送的通訊根據《郵政署條例》( 第 98 章 ) 第 2(2) 條視為是在郵遞傳送過程中，該通訊即視為是在傳送過程中；及

(b) 如藉電訊系統傳送的通訊，已被該通訊的傳送對象接收，或被該傳送對象所管控或可取用的資訊系統或設施接收，則不論他有否實際閱讀或聽見該通訊的內容，該通訊不得視為是在傳送過程中。

(6) 就本條例而言，藉電訊系統傳送的任何通訊的內容，包括聯同該通訊一併產生的任何數據。

(7) 就本條例而言，除非倡議、抗議或表達異見 ( 不論是為達到某政治或社會目的或並非為該等目的 ) 相當可能是藉暴力手段進行的，否則該等作為本身不得視為對公共安全的威脅。

(8) 就本條例而言 ——

(a) 如某申請是藉親身口述方式或藉電話、視像會議或可藉以聽見話音的其他電子方式提出的 ( 不論該申請是否有部分是以書面提出的 )，則該申請視為是以口頭方式提出的；

(b) 如某資料是藉親身口述方式或藉電話、視像會議或可藉以聽見話音的其他電子方式提供的 ( 不論該資料是否有部分是以書面提供的 )，則該資料視為是以口頭方式提供的；及

(c) 如某決定 ( 包括發出訂明授權或將訂明授權續期，以及說明任何理由 ) 是藉親身口述方式或藉電話、視像會議或可藉以聽見話音的其他電子方式下達的 ( 不論該決定是否有部分是以書面下達的 )，則該決定視為是以口頭方式下達的。

"surveillance device" (監察器材) means—

(a) a data surveillance device, a listening device, an optical surveillance device or a tracking device;

(b) a device that is a combination of any 2 or more of the devices referred to in paragraph (a); or

(c) a device of a class prescribed by regulation made under section 66 for the purposes of this definition;

"surveillance product" (監察成果) means any material obtained pursuant to a prescribed authorization for covert surveillance, and includes a copy of the material;

"telecommunications interception" (電訊截取) means interception of any communication transmitted by a telecommunications system;

"telecommunications service" (電訊服務) has the meaning assigned to it by section 2(1) of the Telecommunications Ordinance (Cap. 106);

"telecommunications system" (電訊系統) has the meaning assigned to it by section 2(1) of the Telecommunications Ordinance (Cap. 106);

"tracking device" (追蹤器材) means any electronic device used to determine or monitor the location of any person or any object or the status of any object;

"Type 1 surveillance" (第1類監察) means any covert surveillance other than Type 2 surveillance;

"Type 2 surveillance" (第2類監察), subject to subsections (3) and (4), means any covert surveillance that—

(a) is carried out with the use of a listening device or an optical surveillance device by any person for the purpose of listening to, monitoring or recording words spoken or activity carried out by any other person, if the person using the device—

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 18 of 113

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

1-19

第 1 部

PART 1

1-20

第 589 章

Section 2

Cap. 589

(i) is a person by whom the other person intends, or should reasonably expect, the words or activity to be heard or seen; or

(ii) listens to, monitors or records the words or activity with the consent, express or implied, of a person described in subparagraph (i); or

(b) is carried out with the use of an optical surveillance device or a tracking device, if the use of the device does not involve—

(i) entry onto any premises without permission; or

(ii) interference with the interior of any conveyance or object, or electronic interference with the device, without permission.

(2) For the purposes of this Ordinance, a person is not regarded as being entitled to a reasonable expectation of privacy within the meaning of paragraph (a)(i) of the definition of "covert surveillance" in subsection (1) in relation to any activity carried out by him in a public place, but nothing in this subsection affects any such entitlement of the person in relation to words spoken, written or read by him in a public place.

(3) For the purposes of this Ordinance, any covert surveillance which is Type 2 surveillance under the definition of "Type 2 surveillance" in subsection (1) is regarded as Type 1 surveillance if it is likely that any information which may be subject to legal professional privilege will be obtained by carrying it out.

(4) An officer of a department may apply for the issue or renewal of a prescribed authorization for any Type 2 surveillance as if the Type 2 surveillance were Type 1 surveillance, and the provisions of this Ordinance relating to the application and

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 19 of 113

《截取通訊及監察條例》 INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

1-21
第 589 章

第 1 部

PART 1
Section 2

1-22
Cap. 589

the prescribed authorization apply to the Type 2 surveillance as if it were Type 1 surveillance.

(5) For the purposes of this Ordinance—

(a) a communication transmitted by a postal service is regarded as being in the course of the transmission if it is regarded as being in course of transmission by post under section 2(2) of the Post Office Ordinance (Cap. 98); and

(b) a communication transmitted by a telecommunications system is not regarded as being in the course of the transmission if it has been received by the intended recipient of the communication or by an information system or facility under his control or to which he may have access, whether or not he has actually read or listened to the contents of the communication.

(6) For the purposes of this Ordinance, the contents of any communication transmitted by a telecommunications system include any data produced in association with the communication.

(7) For the purposes of this Ordinance, advocacy, protest or dissent (whether in furtherance of a political or social objective or otherwise), unless likely to be carried on by violent means, is not of itself regarded as a threat to public security.

(8) For the purposes of this Ordinance—

(a) an application is regarded as being made orally if it is made orally in person or made by telephone, video conferencing or other electronic means by which words spoken can be heard (whether or not any part of the application is made in writing);

(b) information is regarded as being provided orally if it is provided orally in person or provided by telephone,

**3.** 發出訂明授權、將訂明授權續期或訂明授權持續有效的先決條件

(1) 在本條例中，發出訂明授權、將訂明授權續期或讓訂明授權或其某部分持續有效的先決條件，是在有關特定個案的情況下 —— *(由 2016 年第 21 號第 4 條修訂)*

(a) 謀求藉進行有關截取或秘密監察達到的目的是 ——

(i) 防止或偵測嚴重罪行；或

(ii) 保障公共安全；

(b) 有合理懷疑，懷疑有任何人曾涉及、正涉及或相當可能涉及 ——

(i) (如謀求藉進行有關截取或秘密監察達到的目的是 (a)(i) 段所指明者) 須予防止或偵測的有關特定嚴重罪行；或

(ii) (如謀求藉進行有關截取或秘密監察達到的目的是 (a)(ii) 段所指明者) 構成或會構成對公共安全的有關特定威脅的任何活動；及

(c) 在採取以下步驟之下，該截取或秘密監察對謀求藉進行該截取或秘密監察達到的目的是必要的，並且是與該目的相稱的 ——

video conferencing or other electronic means by which words spoken can be heard (whether or not any part of the information is provided in writing); and

(c) a determination (including the issue of a prescribed authorization or a renewed prescribed authorization and the giving of any reason) is regarded as being delivered orally if it is delivered orally in person or delivered by telephone, video conferencing or other electronic means by which words spoken can be heard (whether or not any part of the determination is delivered in writing).

**3. Conditions for issue, renewal or continuance of prescribed authorization**

(1) In this Ordinance, the conditions for the issue or renewal of a prescribed authorization, or the continuance of a prescribed authorization or a part of a prescribed authorization, are that, in the circumstances of the particular case— *(Amended 21 of 2016 s. 4)*

(a) the purpose sought to be furthered by carrying out the interception or covert surveillance concerned is that of—

(i) preventing or detecting serious crime; or

(ii) protecting public security;

(b) there is reasonable suspicion that any person has been, is, or is likely to be, involved in—

(i) where the purpose sought to be furthered by carrying out the interception or covert surveillance is that specified in paragraph (a)(i), the particular serious crime to be prevented or detected; or

(ii) where the purpose sought to be furthered by carrying out the interception or covert surveillance is that specified in paragraph (a)(ii), any activity

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 21 of 113

《截取通訊及監察條例》 INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

1-25
第 589 章

第 1 部
第 3 條

PART 1
Section 3

1-26
Cap. 589

(i) 在有關因素與該截取或秘密監察對將會屬其目標人物或可能受該截取或秘密監察影響的人的侵擾程度之間，求取平衡；

(ii) 考慮謀求藉進行該截取或秘密監察達到的目的，是否能合理地藉侵擾程度較低的其他手段達到；及

(iii) 考慮在有關情況下屬有關的其他事宜。

(2) 在本條中，" 有關因素 " (relevant factors) 指 ——

(a) 下述因素 ——

(i) 在謀求藉進行有關截取或秘密監察達到的目的是第 (1)(a)(i) 款所指明者的情況下，須予防止或偵測的有關特定嚴重罪行的逼切性及嚴重程度；或

(ii) 在謀求藉進行有關截取或秘密監察達到的目的是第 (1)(a)(ii) 款所指明者的情況下，對公共安全的有關特定威脅的逼切性及嚴重程度；及

(b) 相當可能藉進行有關截取或秘密監察而取得的資料，在謀求藉進行該截取或秘密監察達到的目的方面相當可能具有的價值及相關程度。

————————————

which constitutes or would constitute the particular threat to public security; and

(c) the interception or covert surveillance is necessary for, and proportionate to, the purpose sought to be furthered by carrying it out, upon—

(i) balancing the relevant factors against the intrusiveness of the interception or covert surveillance on any person who is to be the subject of or may be affected by the interception or covert surveillance;

(ii) considering whether the purpose sought to be furthered by carrying out the interception or covert surveillance can reasonably be furthered by other less intrusive means; and

(iii) considering such other matters that are relevant in the circumstances.

(2) In this section, "relevant factors" (有關因素) means—

(a) the immediacy and gravity of—

(i) where the purpose sought to be furthered by carrying out the interception or covert surveillance concerned is that specified in subsection (1)(a)(i), the particular serious crime to be prevented or detected; or

(ii) where the purpose sought to be furthered by carrying out the interception or covert surveillance concerned is that specified in subsection (1)(a)(ii), the particular threat to public security; and

(b) the likely value and relevance, in relation to the purpose sought to be furthered by carrying out the interception

1-27
第 589 章

第 1 部

PART 1
Section 3

1-28
Cap. 589

or covert surveillance, of the information likely to be obtained by carrying it out.

———————

# 第 2 部

## 禁止截取及秘密監察

**4. 禁止截取**

(1) 除第 (2) 款另有規定外，公職人員不得直接或間接 ( 不論是透過任何其他人或是以其他方式 ) 進行任何截取。

(2) 第 (1) 款不適用於以下截取 ——

    (a) 依據訂明授權進行的任何截取；

    (b) 截取藉無線電通訊 ( 為由傳送者牌照持有人根據《電訊條例》( 第 106 章 ) 提供公共電訊服務而設的電訊網絡的無線電通訊部分除外 ) 傳送的電訊；及

    (c) 由或根據本條例以外的任何成文法則授權、准許或規定進行的任何截取 ( 包括在執行授權搜查任何處所或檢取任何證據的法院命令的過程中進行的任何截取 )。

(3) 在本條中，"公共電訊服務" (public telecommunications service)、"無線電通訊" (radiocommunications)、"傳送者牌照持有人" (carrier licensee)、"電訊" (telecommunications) 及"電訊網絡" (telecommunications network) 具有《電訊條例》( 第 106 章 ) 第 2(1) 條分別給予該等詞語的涵義。

# PART 2

## PROHIBITION ON INTERCEPTION AND COVERT SURVEILLANCE

**4. Prohibition on interception**

(1) Subject to subsection (2), no public officer shall, directly or indirectly (whether through any other person or otherwise), carry out any interception.

(2) Subsection (1) does not apply to—

    (a) any interception carried out pursuant to a prescribed authorization;

    (b) any interception of telecommunications transmitted by radiocommunications (other than the radiocommunications part of a telecommunications network for the provision of a public telecommunications service by any carrier licensee under the Telecommunications Ordinance (Cap. 106)); and

    (c) any interception authorized, permitted or required to be carried out by or under any enactment other than this Ordinance (including any interception carried out in the course of the execution of an order of a court authorizing the search of any premises or the seizure of any evidence).

(3) In this section, "carrier licensee" (傳送者牌照持有人), "public telecommunications service" (公共電訊服務), "radiocommunications" (無線電通訊), "telecommunications" (電訊) and "telecommunications network" (電訊網絡) have the meanings respectively assigned to them by section 2(1) of the Telecommunications Ordinance (Cap. 106).

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

2-3

第 2 部

第 589 章

第 5 條

PART 2

2-4

Section 5

Cap. 589

**5. 禁止秘密監察**

(1)  除第 (2) 款另有規定外，公職人員不得直接或間接 ( 不論是透過任何其他人或是以其他方式 ) 進行任何秘密監察。

(2)  第 (1) 款不適用於依據訂明授權進行的任何秘密監察。

———————

**5. Prohibition on covert surveillance**

(1)  Subject to subsection (2), no public officer shall, directly or indirectly (whether through any other person or otherwise), carry out any covert surveillance.

(2)  Subsection (1) does not apply to any covert surveillance carried out pursuant to a prescribed authorization.

———————

# 第 3 部

## 訂明授權等

### 第 1 分部 —— 有關當局

6.  **小組法官**

(1)  行政長官須按終審法院首席法官的建議，為本條例的目的委任 3 名至 6 名合資格法官為小組法官。

(2)  小組法官的任期為 3 年。

(3)  行政長官可按終審法院首席法官的建議，基於充分的理由而將小組法官免任。

(4)  小組法官在執行他在本條例下的任何職能時 ——

　　(a)  不得視為法院或法院的成員；但

　　(b)  具有與原訟法庭的法官就該法庭的法律程序而具有者相同的權力、保障及豁免權。

(5)  附表 2 適用於小組法官的處事程序及關乎小組法官的其他事宜，並就該等程序及事宜而適用。

(6)  以往曾獲委任為小組法官的人，可按照本條例中適用於委任小組法官的條文，不時再獲委任為小組法官。

(7)  在本條中，"合資格法官" (eligible judge)指原訟法庭法官。

7.  **授權人員**

# PART 3

## PRESCRIBED AUTHORIZATIONS, ETC.

### Division 1—Relevant Authorities

6.  **Panel judges**

(1)  The Chief Executive shall, on the recommendation of the Chief Justice, appoint 3 to 6 eligible judges to be panel judges for the purposes of this Ordinance.

(2)  A panel judge shall be appointed for a period of 3 years.

(3)  The Chief Executive may, on the recommendation of the Chief Justice, revoke the appointment of a panel judge for good cause.

(4)  In performing any of his functions under this Ordinance, a panel judge—

　　(a)  is not regarded as a court or a member of a court; but

　　(b)  has the same powers, protection and immunities as a judge of the Court of First Instance has in relation to proceedings in that Court.

(5)  Schedule 2 applies to and in relation to the procedures of, and other matters relating to, a panel judge.

(6)  A person previously appointed as a panel judge may from time to time be further appointed as such in accordance with the provisions of this Ordinance that apply to the appointment of a panel judge.

(7)  In this section, "eligible judge" (合資格法官) means a judge of the Court of First Instance.

7.  **Authorizing officers**

部門的首長可指定職級不低於等同高級警司的職級的任何人員為本條例的目的擔任授權人員。

The head of a department may designate any officer not below a rank equivalent to that of senior superintendent of police to be an authorizing officer for the purposes of this Ordinance.

## 第 2 分部 —— 法官授權

### *發出法官授權*

**8.  對截取或第 1 類監察的法官授權的申請**

(1)  部門的人員可向小組法官提出申請，尋求發出對該部門的任何人員或他人代該部門的任何人員進行任何截取或第 1 類監察的法官授權。

(2)  申請須 ——

    (a)  以書面提出；及

    (b)  以申請人的誓章支持，而該誓章須符合附表 3 第 1 或 2 部 ( 視何者適用而定 ) 所指明的規定。

(3)  根據第 (1) 款提出的申請除非於提出前獲有關部門的首長級人員批准提出，否則不得提出。

**9.  法官授權申請的決定**

(1)  小組法官在考慮根據第 8 條提出的尋求發出法官授權的申請後，可在第 (2) 款的規限下 ——

    (a)  在經更改或不經更改下，發出該申請所尋求的法官授權；或

    (b)  拒絕發出該法官授權。

(2)  除非小組法官信納第 3 條所指的發出法官授權的先決條件已獲符合，否則他不得發出該授權。

## Division 2—Judge's Authorizations

### *Issue of judge's authorizations*

**8.  Application for judge's authorization for interception or Type 1 surveillance**

(1)  An officer of a department may apply to a panel judge for the issue of a judge's authorization for any interception or Type 1 surveillance to be carried out by or on behalf of any of the officers of the department.

(2)  The application is—

    (a)  to be made in writing; and

    (b)  to be supported by an affidavit of the applicant which is to comply with the requirements specified in Part 1 or 2 of Schedule 3 (as may be applicable).

(3)  An application may not be made under subsection (1) unless the making of the application has been approved by a directorate officer of the department concerned.

**9.  Determination of application for judge's authorization**

(1)  Upon considering an application for the issue of a judge's authorization made under section 8, the panel judge may, subject to subsection (2)—

    (a)  issue the judge's authorization sought under the application, with or without variations; or

    (b)  refuse to issue the judge's authorization.

(3)    小組法官須藉下述方式，下達他根據第 (1) 款作出的決定 ——

　　(a)    在第 (1)(a) 款所指的情況下，以書面發出法官授權；或

　　(b)    在第 (1)(b) 款所指的情況下，以書面說明拒絕理由。

**10.    法官授權的時限**

法官授權 ——

　　(a)    於小組法官在發出該法官授權時指明的時間 ( 該時間在任何情況下，均不得早於發出該授權的時間 ) 生效；及

　　(b)    於小組法官在發出該法官授權時指明的期間 ( 該段期間在任何情況下，均不得超過自該授權生效的時間起計的 3 個月 ) 屆滿時失效，但如該授權已根據本分部續期，則不在此限。

*法官授權的續期*

**11.    法官授權續期申請**

(1)    在法官授權失效前，有關部門的人員可隨時向小組法官申請將該授權續期。

(2)    申請須 ——

　　(a)    以書面提出；及

　　(b)    以下述文件支持 ——

　　　　(i)    尋求續期的法官授權的文本；

(2)    The panel judge shall not issue the judge's authorization unless he is satisfied that the conditions for its issue under section 3 have been met.

(3)    The panel judge shall deliver his determination under subsection (1) by—

　　(a)    in the case of subsection (1)(a), issuing the judge's authorization in writing; or

　　(b)    in the case of subsection (1)(b), giving the reason for the refusal in writing.

**10.    Duration of judge's authorization**

A judge's authorization—

　　(a)    takes effect at the time specified by the panel judge when issuing the judge's authorization, which in any case is not to be earlier than the time when it is issued; and

　　(b)    subject to any renewal under this Division, ceases to have effect upon the expiration of the period specified by the panel judge when issuing the judge's authorization, which in any case is not to be longer than the period of 3 months beginning with the time when it takes effect.

*Renewal of judge's authorizations*

**11.    Application for renewal of judge's authorization**

(1)    At any time before a judge's authorization ceases to have effect, an officer of the department concerned may apply to a panel judge for the renewal of the judge's authorization.

(2)    The application is—

　　(a)    to be made in writing; and

　　(b)    to be supported by—

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 28 of 113

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

3-7
第 589 章

第 3 部 —— 第 2 分部
第 12 條

PART 3—Division 2
Section 12

3-8
Cap. 589

(ii) 為就發出該法官授權或將該授權續期而提出申請的目的，或為在口頭申請後提出的尋求確認該授權或其過往續期的申請的目的，而根據本部提供的所有誓章的文本；及

(iii) 符合附表 3 第 4 部所指明的規定的申請人的誓章。

(3) 根據第 (1) 款提出的申請除非於提出前獲有關部門的首長級人員批准提出，否則不得提出。

**12. 法官授權續期申請的決定**

(1) 小組法官在考慮根據第 11 條提出的尋求將法官授權續期的申請後，可在第 (2) 款的規限下 ——

(a) 在經更改或不經更改下，批予該申請所尋求的續期；或

(b) 拒絕批予該續期。

(2) 除非 ——

(a) 小組法官信納第 3 條所指的續期的先決條件已獲符合；及

(b) ( 在不局限 (a) 段的一般性的原則下 ) 小組法官已考慮自首次發出該法官授權起計的該授權有效的期間，

否則他不得批予有關續期。

(3) 小組法官須藉下述方式，下達他根據第 (1) 款作出的決定 ——

(i) a copy of the judge's authorization sought to be renewed;

(ii) copies of all affidavits provided under this Part for the purposes of any application for the issue or renewal of the judge's authorization, or for the purposes of any application made further to an oral application for confirmation of the judge's authorization or its previous renewal; and

(iii) an affidavit of the applicant which is to comply with the requirements specified in Part 4 of Schedule 3.

(3) An application may not be made under subsection (1) unless the making of the application has been approved by a directorate officer of the department concerned.

**12. Determination of application for renewal of judge's authorization**

(1) Upon considering an application for the renewal of a judge's authorization made under section 11, the panel judge may, subject to subsection (2)—

(a) grant the renewal sought under the application, with or without variations; or

(b) refuse to grant the renewal.

(2) The panel judge shall not grant the renewal unless—

(a) he is satisfied that the conditions for the renewal under section 3 have been met; and

(b) without limiting the generality of paragraph (a), he has taken into consideration the period for which the judge's authorization has had effect since its first issue.

(3) The panel judge shall deliver his determination under subsection (1) by—

(a) 在第 (1)(a) 款所指的情況下，以書面發出獲續期的法官授權；或

(b) 在第 (1)(b) 款所指的情況下，以書面說明拒絕理由。

(4) 法官授權可根據本條例獲續期多於一次。

**13. 法官授權續期的時限**

法官授權的續期 ——

(a) 於該法官授權如非因該續期則本會失效的時間生效；及

(b) 於小組法官在批予該續期時指明的期間 ( 該段期間在任何情況下，均不得超過自該續期生效的時間起計的 3 個月 ) 屆滿時失效，但如該授權已根據本分部進一步續期，則不在此限。

## 第 3 分部 —— 行政授權

### 發出行政授權

**14. 對第 2 類監察的行政授權的申請**

(1) 部門的人員可向該部門的授權人員提出申請，尋求發出對該部門的任何人員或他人代該部門的任何人員進行任何第 2 類監察的行政授權。

(2) 申請須 ——

(a) 以書面提出；及

(b) 以符合附表 3 第 3 部所指明的規定的申請人的書面陳述支持。

(a) in the case of subsection (1)(a), issuing the renewed judge's authorization in writing; or

(b) in the case of subsection (1)(b), giving the reason for the refusal in writing.

(4) A judge's authorization may be renewed more than once under this Ordinance.

**13. Duration of renewal of judge's authorization**

A renewal of a judge's authorization—

(a) takes effect at the time when the judge's authorization would have ceased to have effect but for the renewal; and

(b) subject to any further renewal under this Division, ceases to have effect upon the expiration of the period specified by the panel judge when granting the renewal, which in any case is not to be longer than the period of 3 months beginning with the time when it takes effect.

## Division 3—Executive Authorizations

### Issue of executive authorizations

**14. Application for executive authorization for Type 2 surveillance**

(1) An officer of a department may apply to an authorizing officer of the department for the issue of an executive authorization for any Type 2 surveillance to be carried out by or on behalf of any of the officers of the department.

(2) The application is—

(a) to be made in writing; and

**15. 行政授權申請的決定**

(1) 授權人員在考慮根據第 14 條提出的尋求發出行政授權的申請後，可在第 (2) 款的限制下 ——

  (a) 在經更改或不經更改下，發出該申請所尋求的行政授權；或

  (b) 拒絕發出該行政授權。

(2) 除非授權人員信納第 3 條所指的發出行政授權的先決條件已獲符合，否則他不得發出該授權。

(3) 授權人員須藉下述方式，下達他根據第 (1) 款作出的決定 ——

  (a) 在第 (1)(a) 款所指的情況下，以書面發出行政授權；或

  (b) 在第 (1)(b) 款所指的情況下，以書面說明拒絕理由。

**16. 行政授權的時限**

行政授權 ——

  (a) 於授權人員在發出該行政授權時指明的時間 ( 該時間在任何情況下，均不得早於發出該授權的時間 ) 生效；及

  (b) 於授權人員在發出該行政授權時指明的期間 ( 該段期間在任何情況下，均不得超過自該授權生效的時間起計的 3 個月 ) 屆滿時失效，但如該授權已根據本分部續期，則不在此限。

  (b) to be supported by a statement in writing made by the applicant which is to comply with the requirements specified in Part 3 of Schedule 3.

**15. Determination of application for executive authorization**

(1) Upon considering an application for the issue of an executive authorization made under section 14, the authorizing officer may, subject to subsection (2)—

  (a) issue the executive authorization sought under the application, with or without variations; or

  (b) refuse to issue the executive authorization.

(2) The authorizing officer shall not issue the executive authorization unless he is satisfied that the conditions for its issue under section 3 have been met.

(3) The authorizing officer shall deliver his determination under subsection (1) by—

  (a) in the case of subsection (1)(a), issuing the executive authorization in writing; or

  (b) in the case of subsection (1)(b), giving the reason for the refusal in writing.

**16. Duration of executive authorization**

An executive authorization—

  (a) takes effect at the time specified by the authorizing officer when issuing the executive authorization, which in any case is not to be earlier than the time when it is issued; and

  (b) subject to any renewal under this Division, ceases to have effect upon the expiration of the period specified by the authorizing officer when issuing the executive authorization, which in any case is not to be longer than

### 行政授權的續期

**17. 行政授權續期申請**

(1) 在行政授權失效前，有關部門的人員可隨時向該部門的授權人員申請將該授權續期。

(2) 申請須 ——

    (a) 以書面提出；及

    (b) 以下述文件支持 ——

        (i) 尋求續期的行政授權的文本；

        (ii) 為就發出該行政授權或將該授權續期而提出申請的目的，或為在口頭申請後提出的尋求確認該授權或其過往續期的申請的目的，而根據本部提供的所有陳述的文本；及

        (iii) 符合附表3第4部所指明的規定的申請人的書面陳述。

**18. 行政授權續期申請的決定**

(1) 授權人員在考慮根據第17條提出的尋求將行政授權續期的申請後，可在第 (2) 款的規限下 ——

    (a) 在經更改或不經更改下，批予該申請所尋求的續期；或

    (b) 拒絕批予該續期。

---

the period of 3 months beginning with the time when it takes effect.

### *Renewal of executive authorizations*

**17. Application for renewal of executive authorization**

(1) At any time before an executive authorization ceases to have effect, an officer of the department concerned may apply to an authorizing officer of the department for the renewal of the executive authorization.

(2) The application is—

    (a) to be made in writing; and

    (b) to be supported by—

        (i) a copy of the executive authorization sought to be renewed;

        (ii) copies of all statements provided under this Part for the purposes of any application for the issue or renewal of the executive authorization, or for the purposes of any application made further to an oral application for confirmation of the executive authorization or its previous renewal; and

        (iii) a statement in writing made by the applicant which is to comply with the requirements specified in Part 4 of Schedule 3.

**18. Determination of application for renewal of executive authorization**

(1) Upon considering an application for the renewal of an executive authorization made under section 17, the authorizing officer may, subject to subsection (2)—

(2) 除非 ——

    (a) 授權人員信納第 3 條所指的續期的先決條件已獲符合；及

    (b) ( 在不局限 (a) 段的一般性的原則下 ) 授權人員已考慮自首次發出該行政授權起計的該授權有效的期間，

  否則他不得批予有關續期。

(3) 授權人員須藉下述方式，下達他根據第 (1) 款作出的決定 ——

    (a) 在第 (1)(a) 款所指的情況下，以書面發出獲續期的行政授權；或

    (b) 在第 (1)(b) 款所指的情況下，以書面說明拒絕理由。

(4) 行政授權可根據本條例獲續期多於一次。

## 19. 行政授權續期的時限

行政授權的續期 ——

    (a) 於該行政授權如非因該續期則本會失效的時間生效；及

    (b) 於授權人員在批予該續期時指明的期間 ( 該段期間在任何情況下，均不得超過自該續期生效的時間起計 3 個月 ) 屆滿時失效，但如該授權已根據本分部進一步續期，則不在此限。

(a) grant the renewal sought under the application, with or without variations; or

(b) refuse to grant the renewal.

(2) The authorizing officer shall not grant the renewal unless—

(a) he is satisfied that the conditions for the renewal under section 3 have been met; and

(b) without limiting the generality of paragraph (a), he has taken into consideration the period for which the executive authorization has had effect since its first issue.

(3) The authorizing officer shall deliver his determination under subsection (1) by—

(a) in the case of subsection (1)(a), issuing the renewed executive authorization in writing; or

(b) in the case of subsection (1)(b), giving the reason for the refusal in writing.

(4) An executive authorization may be renewed more than once under this Ordinance.

## 19. Duration of renewal of executive authorization

A renewal of an executive authorization—

(a) takes effect at the time when the executive authorization would have ceased to have effect but for the renewal; and

(b) subject to any further renewal under this Division, ceases to have effect upon the expiration of the period specified by the authorizing officer when granting the renewal, which in any case is not to be longer than the period of 3 months beginning with the time when it takes effect.

《截取通訊及監察條例》

3-17
第 589 章

第 3 部 —— 第 4 分部
第 20 條

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

PART 3—Division 4
Section 20

3-18
Cap. 589

第 4 分部 —— 緊急授權

*發出緊急授權*

20.   **在緊急情況下提出的尋求對截取或第 1 類監察的緊急授權的申請**

(1)   如符合以下條件，部門的人員可向該部門的首長提出申請，尋求發出對該部門的任何人員或他人代表部門的任何人員進行任何截取或第 1 類監察的緊急授權；該人員認為 ——

(a)   由於存在 ——

(i)   任何人死亡或蒙受嚴重身體傷害；

(ii)   財產蒙受重大損害；

(iii)   對公共安全的嚴重威脅；或

(iv)   損失關鍵證據，

的逼切風險，因而有即時需要進行該截取或第 1 類監察；及

(b)   在顧及有關個案的整體情況下，申請發出對截取或第 1 類監察的法官授權，並非合理地切實可行。

(2)   申請須 ——

(a)   以書面提出；及

(b)   以符合以下規定的申請人的書面陳述支持 ——

(i)   該陳述須列明提出申請的原因；及

(ii)   該陳述須符合附表 3 第 1 或 2 部 ( 視何者適用而定 ) 所指明的規定 ( 該等規定適用於該陳述，猶如該等規定適用於第 8(2)(b) 條所提述的誓章一樣 )。

Division 4—Emergency Authorizations

*Issue of emergency authorizations*

20.   **Application for emergency authorization for interception or Type 1 surveillance in case of emergency**

(1)   An officer of a department may apply to the head of the department for the issue of an emergency authorization for any interception or Type 1 surveillance to be carried out by or on behalf of any of the officers of the department, if he considers that—

(a)   there is immediate need for the interception or Type 1 surveillance to be carried out by reason of an imminent risk of—

(i)   death or serious bodily harm of any person;

(ii)   substantial damage to property;

(iii)   serious threat to public security; or

(iv)   loss of vital evidence; and

(b)   having regard to all the circumstances of the case, it is not reasonably practicable to apply for the issue of a judge's authorization for the interception or Type 1 surveillance.

(2)   The application is—

(a)   to be made in writing; and

(b)   to be supported by a statement in writing made by the applicant which is to—

(i)   set out the reason for making the application; and

(ii)   comply with the requirements specified in Part 1 or 2 of Schedule 3 (as may be applicable) which

《截取通訊及監察條例》

3-19
第 589 章

第 3 部 —— 第 4 分部
第 21 條

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

PART 3—Division 4
Section 21

3-20
Cap. 589

**21. 緊急授權申請的決定**

(1) 有關部門的首長在考慮根據第 20 條提出的尋求發出緊急授權的申請後，可在第 (2) 款的規限下 ——

    (a) 在經更改或不經更改下，發出該申請所尋求的緊急授權；或

    (b) 拒絕發出該緊急授權。

(2) 除非部門的首長信納 ——

    (a) 第 20(1)(a) 及 (b) 條適用；及

    (b) 第 3 條所指的發出緊急授權的先決條件已獲符合，

    否則他不得發出該授權。

(3) 部門的首長須藉下述方式，下達他根據第 (1) 款作出的決定 ——

    (a) 在第 (1)(a) 款所指的情況下，以書面發出緊急授權；或

    (b) 在第 (1)(b) 款所指的情況下，以書面說明拒絕理由。

**22. 緊急授權的時限**

(1) 緊急授權 ——

    (a) 於有關部門的首長在發出該緊急授權時指明的時間 ( 該時間在任何情況下，均不得早於發出該授權的時間 ) 生效；及

    (b) 於該部門的首長在發出該緊急授權時指明的期間 ( 該段期間在任何情況下，均不得超過自發出該授權之時起計的 48 小時 ) 屆滿時失效。

are to apply to the statement as they apply to an affidavit referred to in section 8(2)(b).

**21. Determination of application for emergency authorization**

(1) Upon considering an application for the issue of an emergency authorization made under section 20, the head of the department concerned may, subject to subsection (2)—

    (a) issue the emergency authorization sought under the application, with or without variations; or

    (b) refuse to issue the emergency authorization.

(2) The head of the department shall not issue the emergency authorization unless he is satisfied—

    (a) that section 20(1)(a) and (b) applies; and

    (b) that the conditions for the issue of the emergency authorization under section 3 have been met.

(3) The head of the department shall deliver his determination under subsection (1) by—

    (a) in the case of subsection (1)(a), issuing the emergency authorization in writing; or

    (b) in the case of subsection (1)(b), giving the reason for the refusal in writing.

**22. Duration of emergency authorization**

(1) An emergency authorization—

    (a) takes effect at the time specified by the head of the department concerned when issuing the emergency authorization, which in any case is not to be earlier than the time when it is issued; and

    (b) ceases to have effect upon the expiration of the period specified by the head of the department when issuing

(2)　在不損害任何根據第8條提出的尋求發出對有關截取或第1類監察的法官授權的申請的原則下，緊急授權不可根據本條例續期。

### 確認緊急授權的申請

**23.　確認緊急授權的申請**

(1)　凡任何截取或第1類監察依據緊急授權進行，有關部門的首長須安排該部門的人員在該授權發出後，於合理地切實可行範圍內，盡快（而無論如何須在自發出該授權之時起計的48小時內）向小組法官申請確認該授權。*(由2016年第21號第5條修訂)*

(2)　申請須——

　　(a)　以書面提出；及

　　(b)　以下述文件支持——

　　　　(i)　有關緊急授權的文本；及

　　　　(ii)　申請人的誓章，該誓章須核實為申請發出該緊急授權的目的而根據第20(2)(b)條提供的陳述的內容。

(3)　如沒有在第(1)款所提述的48小時限期內提出尋求確認緊急授權的申請，則有關部門的首長須——

　　(a)　安排將藉進行有關截取或第1類監察取得的資料即時銷毀；及

　　(b)　在不損害第54條的原則下，向專員提交一份報告，其內須載有該個案的細節。

the emergency authorization, which in any case is not to be longer than the period of 48 hours beginning with the time when it is issued.

(2)　Without prejudice to any application under section 8 for the issue of any judge's authorization for the interception or Type 1 surveillance concerned, an emergency authorization may not be renewed under this Ordinance.

### *Application for confirmation of emergency authorizations*

**23.　Application for confirmation of emergency authorization**

(1)　Where any interception or Type 1 surveillance is carried out pursuant to an emergency authorization, the head of the department concerned shall cause an officer of the department to apply to a panel judge for confirmation of the emergency authorization, as soon as reasonably practicable after, and in any event within the period of 48 hours beginning with, the time when the emergency authorization is issued.

(2)　The application is—

　　(a)　to be made in writing; and

　　(b)　to be supported by—

　　　　(i)　a copy of the emergency authorization; and

　　　　(ii)　an affidavit of the applicant which is to verify the contents of the statement provided under section 20(2)(b) for the purposes of the application for the issue of the emergency authorization.

(3)　In default of any application being made for confirmation of the emergency authorization within the period of 48 hours referred to in subsection (1), the head of the department concerned shall—

**24. 確認緊急授權的申請的決定**

(1) 小組法官在考慮按第 23(1) 條的規定提出的尋求確認緊急授權的申請後,可在第 (2) 款的規限下 ——

   (a) 確認該緊急授權;或

   (b) 拒絕確認該緊急授權。

(2) 除非小組法官信納在發出緊急授權時,第 21(2)(b) 條的規定已獲符合,否則他不得確認該授權。

(3) 凡小組法官根據第 (1)(b) 款拒絕確認緊急授權,他可作出以下一項或多於一項命令 ——

   (a) ( 凡在作出決定時,該緊急授權仍然有效 ) 命令 ——

      (i) 儘管有本條例任何其他條文的規定,該緊急授權須在作出該決定時予以撤銷;或

      (ii) 儘管有本條例任何其他條文的規定,自作出該決定時起,該緊急授權只在他所指明的更改及任何新條件的規限下有效;( 由 2016 年第 21 號第 6 條修訂 )

   (b) ( 在任何情況下而不論在作出決定時該緊急授權是否仍然有效 ) 命令有關部門的首長安排將以下資料即時銷毀 ——

      (i) ( 在第 (ii) 節的規限下 ) 藉進行有關截取或第 1 類監察取得的資料;或

      (ii) ( 如 (a)(ii) 段適用 ) 藉進行有關截取或第 1 類監察取得的屬該命令所指明的資料。

   (a) cause the immediate destruction of any information obtained by carrying out the interception or Type 1 surveillance concerned; and

   (b) without prejudice to section 54, submit to the Commissioner a report with details of the case.

**24. Determination of application for confirmation of emergency authorization**

(1) Upon considering an application for confirmation of an emergency authorization as provided for in section 23(1), the panel judge may, subject to subsection (2)—

   (a) confirm the emergency authorization; or

   (b) refuse to confirm the emergency authorization.

(2) The panel judge shall not confirm the emergency authorization unless he is satisfied that section 21(2)(b) has been complied with in the issue of the emergency authorization.

(3) Where the panel judge refuses to confirm the emergency authorization under subsection (1)(b), he may make one or more of the following orders—

   (a) in any case where the emergency authorization still has effect at the time of the determination, an order that the emergency authorization is, notwithstanding any other provision of this Ordinance—

      (i) to be revoked upon the making of the determination; or

      (ii) only to have effect subject to the variations, and any new conditions, specified by him, from the time of the determination; (Amended 21 of 2016 s. 6)

   (b) in any case whether or not the emergency authorization still has effect at the time of the determination, an order

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

(3A) 小組法官根據第 (3)(a)(ii) 款指明的新條件，可適用於緊急授權本身或在該授權下的任何進一步的授權或規定 ( 不論是根據該授權的條款或本條例的任何條文而批予或施加的 )。*( 由 2016 年第 21 號第 6 條增補 )*

(4) 凡緊急授權根據第 (3)(a)(i) 款被撤銷，則儘管有第 22(1)(b) 條的規定，該授權自被撤銷之時起失效。

(5) 小組法官須藉下述方式，下達他根據第 (1) 款作出的決定 ——

(a) 在第 (1)(a) 款所指的情況下，以書面方式將其確認批註於有關緊急授權之上；或

(b) 在第 (1)(b) 款所指的情況下，以書面說明拒絕理由及作出第 (3) 款所指的任何命令。

that the head of the department concerned shall cause the immediate destruction of—

(i) subject to subparagraph (ii), any information obtained by carrying out the interception or Type 1 surveillance concerned; or

(ii) where paragraph (a)(ii) applies, any information obtained by carrying out the interception or Type 1 surveillance concerned that is specified in the order.

(3A) The new conditions specified by the panel judge under subsection (3)(a)(ii) may apply to the emergency authorization itself or to any further authorization or requirement under it (whether granted or imposed under its terms or any provision of this Ordinance). *(Added 21 of 2016 s. 6)*

(4) Where the emergency authorization is revoked under subsection (3)(a)(i), the emergency authorization is, notwithstanding section 22(1)(b), to cease to have effect from the time of the revocation.

(5) The panel judge shall deliver his determination under subsection (1) by—

(a) in the case of subsection (1)(a), endorsing his confirmation on the emergency authorization in writing; or

(b) in the case of subsection (1)(b), giving the reason for the refusal and making any order under subsection (3) in writing.

## 第 5 分部 —— 關於口頭申請的特別條文

### *口頭申請*

**25.** 口頭申請及其效力

## Division 5—Special Provisions for Oral Applications

### *Oral applications*

**25.** Oral application and its effect

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

3-27
第 589 章

第 3 部 —— 第 5 分部
第 25 條

PART 3—Division 5
Section 25

3-28
Cap. 589

(1) 儘管有有關書面申請條文的規定，根據本條例提出的尋求發出訂明授權或將訂明授權續期的申請可用口頭提出，前提是申請人在顧及有關個案的整體情況後，認為按照有關書面申請條文提出該申請，並非合理地切實可行。

(2) 儘管有有關決定條文的規定，並在不損害有關條件條文的原則下，如有口頭申請提出，則除非有關當局在顧及有關個案的整體情況後，信納按照有關書面申請條文提出該申請，並非合理地切實可行，否則該當局不得發出或批予該口頭申請所尋求的訂明授權或續期。

(3) 儘管有有關文件條文的規定，如有口頭申請提出，則根據有關文件條文須為該申請的目的而提供的資料，可用口頭提供 ( 而任何關於作出誓章或陳述的規定即據此不適用 )。

(4) 儘管有有關書面決定條文的規定，如有口頭申請提出，則有關當局可藉下述方式，下達該當局根據有關決定條文須就該申請作出的決定 ——

　　(a) 以口頭發出訂明授權或獲續期的訂明授權；或

　　(b) ( 如該當局拒絕發出或批予該申請所尋求的訂明授權或續期 ) 以口頭說明拒絕理由。

(5) 除本分部另有規定外，任何口頭申請及因應該申請而發出或批予的任何訂明授權或續期，就所有目的而言均視為分別與以書面提出的申請及因應該書面申請而發出或批予的訂明授權或續期具有相同效力，而本條例的條文在經必要的變通後，據此適用。

(6) 在本條中 ——

" 有關文件條文 " (relevant document provision) 指第 8(2)(b)、11(2)(b)、14(2)(b)、17(2)(b) 或 20(2)(b) 條 ( 視何者適用而定 )；

" 有關決定條文 " (relevant determination provision) 指第 9(1)、12(1)、15(1)、18(1) 或 21(1) 條 ( 視何者適用而定 )；

(1) Notwithstanding the relevant written application provision, an application for the issue or renewal of a prescribed authorization under this Ordinance may be made orally, if the applicant considers that, having regard to all the circumstances of the case, it is not reasonably practicable to make the application in accordance with the relevant written application provision.

(2) Notwithstanding the relevant determination provision and without prejudice to the relevant conditions provision, where an oral application is made, the relevant authority shall not issue or grant the prescribed authorization or renewal sought under the application unless he is satisfied that, having regard to all the circumstances of the case, it is not reasonably practicable to make the application in accordance with the relevant written application provision.

(3) Notwithstanding the relevant document provision, where an oral application is made, the information required to be provided for the purposes of the application under the relevant document provision may be provided orally (and accordingly any requirement as to the making of any affidavit or statement does not apply).

(4) Notwithstanding the relevant written determination provision, where an oral application is made, the relevant authority may deliver the determination required to be delivered in respect of the application under the relevant determination provision by—

　　(a) issuing the prescribed authorization or the renewed prescribed authorization orally; or

　　(b) where he refuses to issue or grant the prescribed authorization or renewal sought under the application, giving the reason for the refusal orally.

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 39 of 113

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

3-29
第 589 章

第 3 部 —— 第 5 分部
第 26 條

PART 3—Division 5
Section 26

3-30
Cap. 589

" 有關書面申請條文 " (relevant written application provision) 指
第 8(2)(a)、11(2)(a)、14(2)(a)、17(2)(a) 或 20(2)(a) 條 ( 視
何者適用而定 )；

" 有關書面決定條文 " (relevant written determination provision)
指第 9(3)、12(3)、15(3)、18(3) 或 21(3) 條 ( 視何者適用而
定 )；

" 有關條件條文 " (relevant conditions provision) 指第 9(2)、
12(2)、15(2)、18(2) 或 21(2) 條 ( 視何者適用而定 )。

(5) Except as otherwise provided in this Division, any oral application and any prescribed authorization or renewal issued or granted as a result of that application are for all purposes regarded as having the same effect respectively as an application made in writing and a prescribed authorization or renewal issued or granted as a result of that application, and the provisions of this Ordinance are, subject to necessary modifications, to apply accordingly.

(6) In this section—

"relevant conditions provision" (有關條件條文) means section 9(2), 12(2), 15(2), 18(2) or 21(2) (as may be applicable);

"relevant determination provision" (有關決定條文) means section 9(1), 12(1), 15(1), 18(1) or 21(1) (as may be applicable);

"relevant document provision" (有關文件條文) means section 8(2)(b), 11(2)(b), 14(2)(b), 17(2)(b) or 20(2)(b) (as may be applicable);

"relevant written application provision" (有關書面申請條文) means section 8(2)(a), 11(2)(a), 14(2)(a), 17(2)(a) or 20(2)(a) (as may be applicable);

"relevant written determination provision" (有關書面決定條文) means section 9(3), 12(3), 15(3), 18(3) or 21(3) (as may be applicable).

### 確認應口頭申請發出或批予
### 的訂明授權或續期的申請

**26. 確認應口頭申請發出或批予的訂明授權或續期的申請**

(1) 凡因應口頭申請而發出或批予該申請所尋求的訂明授權或續期，有關部門的首長須安排該部門的人員在該授權

### *Application for confirmation of prescribed authorizations or*
### *renewals issued or granted upon oral applications*

**26. Application for confirmation of prescribed authorization or renewal issued or granted upon oral application**

(1) Where, as a result of an oral application, the prescribed

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

3-31

第 3 部 —— 第 5 分部

第 589 章

第 26 條

PART 3—Division 5

3-32

Section 26

Cap. 589

發出或該續期批予後，於合理地切實可行範圍內，盡快（而無論如何須在自發出該授權或批予該續期之時起計的 48 小時內）向有關當局申請確認該授權或續期。*（由 2016 年第 21 號第 7 條修訂）*

(2) 申請須 ——

　(a) 以書面提出；及

　(b) 以下述文件支持 ——

　　(i) 一份載有以下資料的書面紀錄：假使有關口頭申請是以書面提出，則根據有關書面申請條文便會須以書面提供予有關當局的所有資料；

　　(ii) （在第 25(3) 條就有關口頭申請而適用的情況下）以下文件 ——

　　　(A) （如有關當局是小組法官）申請人的誓章，該誓章須核實為該口頭申請的目的而依據該條提供的所有資料；或

　　　(B) （如有關當局並非小組法官）申請人的書面陳述，該陳述須列明為該口頭申請的目的而依據該條提供的所有資料；及

　　(iii) （在第 25(4) 條就有關口頭申請而適用的情況下）一份列明依據該條就該口頭申請下達的決定的書面紀錄。

(3) 如沒有在第 (1) 款所提述的 48 小時限期內提出尋求確認訂明授權或續期的申請，則 ——

　(a) 凡在該限期屆滿時，該訂明授權或續期仍然有效，則儘管有本條例任何其他條文的規定，該授權或續期須視為於該限期屆滿時被撤銷；及

　(b) 在任何情況下而不論在該限期屆滿時該訂明授權或續期是否仍然有效，有關部門的首長均須 ——

　　(i) 安排將藉進行有關截取或秘密監察取得的資料即時銷毀；及

authorization or renewal sought under the application has been issued or granted, the head of the department concerned shall cause an officer of the department to apply to the relevant authority for confirmation of the prescribed authorization or renewal, as soon as reasonably practicable after, and in any event within the period of 48 hours beginning with, the time when the prescribed authorization or renewal is issued or granted.

(2) The application is—

(a) to be made in writing; and

(b) to be supported by—

　(i) a record in writing containing all the information that would have been provided to the relevant authority in writing under the relevant written application provision had the oral application been made in writing;

　(ii) where section 25(3) applies in relation to the oral application—

　　(A) where the relevant authority is a panel judge, an affidavit of the applicant which is to verify all the information provided pursuant to that section for the purposes of the oral application; or

　　(B) where the relevant authority is not a panel judge, a statement in writing made by the applicant setting out all the information provided pursuant to that section for the purposes of the oral application; and

　(iii) where section 25(4) applies in relation to the oral application, a record in writing setting out the determination delivered pursuant to that section in respect of the oral application.

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 41 of 113

《截取通訊及監察條例》                    INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

3-33                                                      PART 3—Division 5                          3-34
第589章                                                   Section 26                                 Cap. 589
第3部 —— 第5分部
第26條

(ii)  在不損害第 54 條的原則下，向專員提交一份報告，其內須載有該個案的細節。

(4)  凡訂明授權或續期根據第 (3)(a) 款視為被撤銷，則儘管有關時限條文的規定，該授權或續期自被撤銷之時起失效。

(5)  如有關當局在按第 (1) 款的規定申請確認訂明授權或其續期時，不再擔任其職位或不再執行其職位的有關職能，則 ——

(a)  在不損害《釋義及通則條例》( 第 1 章 ) 第 54 條的原則下，在該款中對有關當局的提述，包括提述在當其時獲委任為小組法官或授權人員 ( 視屬何情況而定 )並合法地執行該當局的職位的有關職能的人；及

(b)  本條的條文及第 27 條據此適用。

(6)  在本條中 ——

" 有關書面申請條文 " (relevant written application provision) 指第 8(2)(a)、11(2)(a)、14(2)(a)、17(2)(a) 或 20(2)(a) 條 ( 視何者適用而定 )；

" 有關時限條文 " (relevant duration provision) 指第 10(b)、13(b)、16(b) 或 19(b) 條 ( 視何者適用而定 )。

(3)  In default of any application being made for confirmation of the prescribed authorization or renewal within the period of 48 hours referred to in subsection (1), then—

(a)  in any case where the prescribed authorization or renewal still has effect upon the expiration of the period, the prescribed authorization or renewal is, notwithstanding any other provision of this Ordinance, to be regarded as revoked upon the expiration of the period; and

(b)  in any case whether or not the prescribed authorization or renewal still has effect upon the expiration of the period, the head of the department concerned shall—

(i)  cause the immediate destruction of any information obtained by carrying out the interception or covert surveillance concerned; and

(ii)  without prejudice to section 54, submit to the Commissioner a report with details of the case.

(4)  Where the prescribed authorization or renewal is regarded as revoked under subsection (3)(a), the prescribed authorization or renewal is, notwithstanding the relevant duration provision, to cease to have effect from the time of the revocation.

(5)  If, at the time of an application for confirmation of the prescribed authorization or renewal as provided for in subsection (1), the relevant authority is no longer holding his office or performing the relevant functions of his office—

(a)  without prejudice to section 54 of the Interpretation and General Clauses Ordinance (Cap. 1), the reference to relevant authority in that subsection includes the person for the time being appointed as a panel judge or authorizing officer (as the case may be) and lawfully performing the relevant functions of the office of that relevant authority; and

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

(b)   the provisions of this section and section 27 are to apply accordingly.

(6)   In this section—

"relevant duration provision" (有關時限條文) means section 10(b), 13(b), 16(b) or 19(b) (as may be applicable);

"relevant written application provision" (有關書面申請條文) means section 8(2)(a), 11(2)(a), 14(2)(a), 17(2)(a) or 20(2)(a) (as may be applicable).

**27.   尋求確認應口頭申請發出或批予的訂明授權或續期的申請的決定**

(1)   有關當局在考慮按第 26(1) 條的規定提出的尋求確認訂明授權或續期的申請後，可在第 (2) 款的限制下 ——

    (a)   確認該訂明授權或續期；或

    (b)   拒絕確認該訂明授權或續期。

(2)   除非有關當局信納在發出或批予訂明授權或續期時，有關條件條文已獲符合，否則該當局不得確認該授權或續期。

(3)   凡有關當局根據第 (1)(b) 款拒絕確認訂明授權或續期，該當局可作出以下一項或多於一項命令 ——

    (a)   ( 凡在作出決定時，該訂明授權或續期仍然有效 ) 命令 ——

        (i)   儘管有本條例任何其他條文的規定，該訂明授權或續期須在作出該決定時予以撤銷；或

        (ii)   儘管有本條例任何其他條文的規定，自作出該決定時起，該訂明授權或續期只在該當局所指明的更改及任何新條件的規限下有效；( 由 2016 年第 21 號第 8 條修訂 )

**27.   Determination of application for confirmation of prescribed authorization or renewal issued or granted upon oral application**

(1)   Upon considering an application for confirmation of a prescribed authorization or renewal as provided for in section 26(1), the relevant authority may, subject to subsection (2)—

    (a)   confirm the prescribed authorization or renewal; or

    (b)   refuse to confirm the prescribed authorization or renewal.

(2)   The relevant authority shall not confirm the prescribed authorization or renewal unless he is satisfied that the relevant conditions provision has been complied with in the issue or grant of the prescribed authorization or renewal.

(3)   Where the relevant authority refuses to confirm the prescribed authorization or renewal under subsection (1)(b), he may make one or more of the following orders—

    (a)   in any case where the prescribed authorization or renewal still has effect at the time of the determination, an order that the prescribed authorization or renewal is, notwithstanding any other provision of this Ordinance—

        (i)   to be revoked upon the making of the determination; or

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 43 of 113

《截取通訊及監察條例》

3-37
第 589 章

第 3 部 —— 第 5 分部
第 27 條

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

PART 3—Division 5
Section 27

3-38
Cap. 589

(b) （在任何情況下而不論在作出決定時該訂明授權或續期是否仍然有效）命令有關部門的首長安排將以下資料即時銷毀 ——

    (i) （在第 (ii) 節的規限下）藉進行有關截取或秘密監察取得的資料；或

    (ii) （如 (a)(ii) 段適用）藉進行有關截取或秘密監察取得的屬該命令所指明的資料。

(3A) 有關當局根據第 (3)(a)(ii) 款指明的新條件，可適用於 ——

    (a) 訂明授權或獲續期的訂明授權本身；或

    (b) 在該授權或獲續期授權下的任何進一步的授權或規定（不論是根據該授權或獲續期授權的條款或本條例的任何條文而批予或施加的）。*（由 2016 年第 21 號第 8 條增補）*

(4) 凡訂明授權或續期根據第 (3)(a)(i) 款被撤銷，則儘管有有關時限條文的規定，該授權或續期自被撤銷之時起失效。

(5) 有關當局須藉下述方式，下達該當局根據第 (1) 款作出的決定 ——

    (a) 在第 (1)(a) 款所指的情況下，以書面發出有關訂明授權或獲續期的訂明授權（即根據該款確認的訂明授權或符合根據該款確認的續期的條款者（視屬何情況而定））；或

    (b) 在第 (1)(b) 款所指的情況下，以書面說明拒絕理由及作出第 (3) 款所指的任何命令。

(6) 在本條中 ——

"有關時限條文"（relevant duration provision）指第 10(b)、13(b)、16(b)、19(b) 或 22(1)(b) 條（視何者適用而定）；

"有關條件條文"（relevant conditions provision）指第 9(2)、12(2)、15(2)、18(2) 或 21(2)(b) 條（視何者適用而定）。

    (ii) only to have effect subject to the variations, and any new conditions, specified by him, from the time of the determination; *(Amended 21 of 2016 s. 8)*

(b) in any case whether or not the prescribed authorization or renewal still has effect at the time of the determination, an order that the head of the department concerned shall cause the immediate destruction of—

    (i) subject to subparagraph (ii), any information obtained by carrying out the interception or covert surveillance concerned; or

    (ii) where paragraph (a)(ii) applies, any information obtained by carrying out the interception or covert surveillance concerned that is specified in the order.

(3A) The new conditions specified by the relevant authority under subsection (3)(a)(ii) may apply—

    (a) to the prescribed authorization or renewed prescribed authorization itself; or

    (b) to any further authorization or requirement under the prescribed authorization or renewed prescribed authorization (whether granted or imposed under the terms of the prescribed authorization or renewed prescribed authorization or any provision of this Ordinance). *(Added 21 of 2016 s. 8)*

(4) Where the prescribed authorization or renewal is revoked under subsection (3)(a)(i), the prescribed authorization or renewal is, notwithstanding the relevant duration provision, to cease to have effect from the time of the revocation.

(5) The relevant authority shall deliver his determination under subsection (1) by—

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 44 of 113

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

3-39
第 589 章

第 3 部 —— 第 5 分部
第 28 條

PART 3—Division 5
Section 28

3-40
Cap. 589

(a)  in the case of subsection (1)(a), issuing the prescribed authorization or the renewed prescribed authorization (being the prescribed authorization confirmed under that subsection or being in terms of the renewal confirmed under that subsection (as the case may be)) in writing; or

(b)  in the case of subsection (1)(b), giving the reason for the refusal and making any order under subsection (3) in writing.

(6)  In this section—

"relevant conditions provision" (有關條件條文) means section 9(2), 12(2), 15(2), 18(2) or 21(2)(b) (as may be applicable);

"relevant duration provision" (有關時限條文) means section 10(b), 13(b), 16(b), 19(b) or 22(1)(b) (as may be applicable).

**28.  因應口頭申請發出緊急授權的特別情況**

(1)  凡因應口頭申請發出緊急授權，在以下情況下，第 26 及 27 條不適用 ——

    (a)  按第 23(1) 條的規定提出的尋求確認該緊急授權的申請，已在該條所提述的 48 小時限期內向小組法官提出；及

    (b)  該申請是以下述文件支持的 ——

        (i)  第 26(2)(b)(i) 條所提述的紀錄；

        (ii)  申請人的誓章，該誓章須核實為申請發出該緊急授權的目的而根據第 20(2)(b) 條提供的陳述的內容或 ( 如第 25(3) 條就該口頭申請而適用 ) 為該口頭申請的目的而依據第 25(3) 條提供的所有資料；及

        (iii)  該緊急授權的文本或 ( 如第 25(4) 條就該口頭申請而適用 ) 列明就該口頭申請而依據該條下達的決定的書面紀錄。

**28.  Special case of emergency authorization issued as a result of oral application**

(1)  Where an emergency authorization is issued as a result of an oral application, sections 26 and 27 do not apply if—

    (a)  an application for confirmation of the emergency authorization as provided for in section 23(1) has been made to a panel judge within the period of 48 hours referred to in that section; and

    (b)  the application is supported by—

        (i)  a record referred to in section 26(2)(b)(i);

        (ii)  an affidavit of the applicant which is to verify the contents of the statement provided under section 20(2)(b) for the purposes of the application for the issue of the emergency authorization or, where section 25(3) applies in relation to the oral application, all the information provided pursuant

(2) 儘管有第 23(2)(b) 條的規定，第 (1)(a) 及 (b) 款所描述的申請，須就所有目的而言視為按第 23(1) 條的規定妥為提出的尋求確認緊急授權的申請，而本條例的條文須據此適用 ( 但第 24(5)(a) 條須理解為規定小組法官藉着發出書面緊急授權 ( 即根據第 24(1)(a) 條確認的緊急授權 ) 而下達第 24(1) 條所指的決定 )。

**第 6 分部 —— 關於訂明授權的一般條文**

*訂明授權所授權、規定或訂定的事宜*

29. **訂明授權可根據或憑藉其條款授權或規定的事宜等**

(1) 對截取的訂明授權 ——

   (a) 在郵件截取的情況下，可載有條款，授權作出以下一項或兩項作為 ——

      (i) 截取向該訂明授權所指明的處所或地址發出或從該處所或地址發出的通訊；

      (ii) 截取向或由該訂明授權所指明的任何人 ( 不論是以姓名或以描述方式指明 ) 發出的通訊；或

      to section 25(3) for the purposes of the oral application; and

     (iii) a copy of the emergency authorization or, where section 25(4) applies in relation to the oral application, a record in writing setting out the determination delivered pursuant to that section in respect of the oral application.

(2) Notwithstanding section 23(2)(b), the application described in subsection (1)(a) and (b) is for all purposes regarded as an application duly made for confirmation of the emergency authorization as provided for in section 23(1), and the provisions of this Ordinance are to apply accordingly (subject to section 24(5)(a) being read as requiring the panel judge to deliver his determination under section 24(1) by issuing the emergency authorization (being the emergency authorization confirmed under section 24(1)(a)) in writing).

**Division 6—General Provisions for Prescribed Authorizations**

*Matters authorized, required or provided for by prescribed authorizations*

29. **What a prescribed authorization may authorize or require under or by virtue of its terms, etc.**

(1) A prescribed authorization for interception may—

   (a) in the case of a postal interception, contain terms that authorize one or both of the following—

      (i) the interception of communications made to or from any premises or address specified in the prescribed authorization;

《截取通訊及監察條例》
INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

3-43
第 3 部 —— 第 6 分部
第 589 章
第 29 條

PART 3—Division 6
3-44
Section 29
Cap. 589

(b) 在電訊截取的情況下，可載有條款，授權作出以下一項或兩項作為 ——

   (i) 截取向該訂明授權所指明的任何電訊服務發出或從該電訊服務發出的通訊；

   (ii) 截取向該訂明授權所指明的任何人 ( 不論是以姓名或以描述方式指明 ) 正使用或按理可被預期會使用的任何電訊服務發出或從該電訊服務發出的通訊。

(2) 對秘密監察的訂明授權可載有條款，授權作出以下一項或多於一項作為 ——

  (a) 於該訂明授權所指明的任何處所之內或之上使用任何監察器材；

  (b) 於該訂明授權所指明的任何物體或類別的物體之內或之上使用任何監察器材；

  (c) 就該訂明授權所指明的任何人 ( 不論是以姓名或以描述方式指明 ) 的談話、活動或位置，使用任何監察器材。

(3) 訂明授權 ( 行政授權除外 ) 可載有條款，授權作出任何合理地需要作出的事情，以掩飾根據該授權而授權進行或規定進行的行為。

(4) 如為執行訂明授權 ( 行政授權除外 ) 而有合理需要，該授權可載有條款，授權干擾任何財產 ( 不論是否屬有關截取或秘密監察的目標人物的任何人的財產 )。

(5) 訂明授權 ( 行政授權除外 ) 可載有條款，規定該授權所指明 ( 不論是以姓名或以描述方式指明 ) 的任何人，在該授權的文本向他出示後，須向有關部門的人員提供該授權所指明的為執行該授權而提供的合理協助。

(6) 對截取的訂明授權亦同時 ——

  (a) 授權裝設、使用及維修任何須予使用以截取根據該訂明授權而授權截取的通訊的器材；

   (ii) the interception of communications made to or by any person specified in the prescribed authorization (whether by name or by description); or

(b) in the case of a telecommunications interception, contain terms that authorize one or both of the following—

  (i) the interception of communications made to or from any telecommunications service specified in the prescribed authorization;

  (ii) the interception of communications made to or from any telecommunications service that any person specified in the prescribed authorization (whether by name or by description) is using, or is reasonably expected to use.

(2) A prescribed authorization for covert surveillance may contain terms that authorize one or more of the following—

  (a) the use of any surveillance devices in or on any premises specified in the prescribed authorization;

  (b) the use of any surveillance devices in or on any object or class of objects specified in the prescribed authorization;

  (c) the use of any surveillance devices in respect of the conversations, activities or location of any person specified in the prescribed authorization (whether by name or by description).

(3) A prescribed authorization, other than an executive authorization, may contain terms that authorize the doing of anything reasonably necessary to conceal any conduct authorized or required to be carried out under the prescribed authorization.

(4) A prescribed authorization, other than an executive authorization, may, if it is reasonably necessary for the

(b) 授權進入 ( 在有需要時可使用合理武力進入 ) 任何處所，以進行根據該訂明授權而授權進行或規定進行的任何行為；

(c) 授權截取因截取根據該訂明授權而授權截取的通訊，而必然產生的連帶截取的任何通訊；及

(d) ( 凡第 (1)(a)(ii) 或 (b)(ii) 款適用 ) 授權為執行該訂明授權而向任何人提供將會用以識別以下通訊的地址、號碼、儀器或其他因素 ( 或該等因素的組合 ) 的詳情 ——

　(i) ( 在第 (1)(a)(ii) 款所指的情況下 ) 向或由該訂明授權所指明的人發出的通訊；或

　(ii) ( 在第 (1)(b)(ii) 款所指的情況下 ) 向該訂明授權所指明的人正使用或按理可被預期會使用的任何電訊服務發出或從該電訊服務發出的通訊。

(7) 對秘密監察的訂明授權亦同時 ——

(a) ( 凡第 (2)(a) 款適用 ) ——

　(i) 授權於該訂明授權所指明的處所之內或之上，裝設、使用及維修根據該授權而授權使用的任何監察器材；及

　(ii) ( 就第 1 類監察而言 ) 授權進入 ( 在有需要時可使用合理武力進入 ) 上述處所及毗連該處所或可通往該處所的任何其他處所，以進行根據該訂明授權而授權進行或規定進行的任何行為；

(b) ( 凡第 (2)(b) 款適用 ) ——

　(i) 授權於該訂明授權所指明的物體或類別的物體之內或之上，裝設、使用及維修根據該授權而授權使用的任何監察器材；及

　(ii) ( 就第 1 類監察而言 ) 授權進入 ( 在有需要時可使用合理武力進入 ) 合理地相信是或相當可能是上述物體或屬上述類別的物體所處的任何處所及毗連該處所或可通往該處所的任何其他處

execution of the prescribed authorization, contain terms that authorize the interference with any property (whether or not of any person who is the subject of the interception or covert surveillance concerned).

(5) A prescribed authorization, other than an executive authorization, may contain terms that require any person specified in the prescribed authorization (whether by name or by description), on being shown a copy of the prescribed authorization, to provide to any of the officers of the department concerned such reasonable assistance for the execution of the prescribed authorization as is specified in the prescribed authorization.

(6) A prescribed authorization for interception also authorizes—

(a) the installation, use and maintenance of any devices required to be used in order to intercept any of the communications authorized to be intercepted under the prescribed authorization;

(b) the entry, by the use of reasonable force if necessary, onto any premises in order to carry out any conduct authorized or required to be carried out under the prescribed authorization;

(c) the incidental interception of any communication which necessarily arises from the interception of communications authorized to be carried out under the prescribed authorization; and

(d) where subsection (1)(a)(ii) or (b)(ii) is applicable, the provision to any person, for the execution of the prescribed authorization, of particulars of the addresses, numbers, apparatus or other factors, or combination of factors, that are to be used for identifying—

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 48 of 113

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

3-47

第 3 部 —— 第 6 分部

PART 3—Division 6

3-48

第 589 章

第 29 條

Section 29

Cap. 589

所，以進行根據該訂明授權而授權進行或規定進行的任何行為；及

(c) （凡第 (2)(c) 款適用）——

　(i) 授權於該訂明授權所指明的人被合理地相信是或相當可能是身處的任何處所之內或之上，裝設、使用及維修根據該授權而授權使用的任何監察器材；及

　(ii) （就第 1 類監察而言）授權進入（在有需要時可使用合理武力進入）上述處所及毗連該處所或可通往該處所的任何其他處所，以進行根據該訂明授權而授權進行或規定進行的任何行為。

　　(i) in the case of subsection (1)(a)(ii), the communications made to or by the person specified in the prescribed authorization; or

　　(ii) in the case of subsection (1)(b)(ii), the communications made to or from any telecommunications service that the person specified in the prescribed authorization is using, or is reasonably expected to use.

(7) A prescribed authorization for covert surveillance also authorizes—

(a) where subsection (2)(a) is applicable—

　(i) the installation, use and maintenance of any of the surveillance devices authorized to be used under the prescribed authorization in or on the premises specified in the prescribed authorization; and

　(ii) in the case of Type 1 surveillance, the entry, by the use of reasonable force if necessary, onto the premises, and onto any other premises adjoining or providing access to the premises, in order to carry out any conduct authorized or required to be carried out under the prescribed authorization;

(b) where subsection (2)(b) is applicable—

　(i) the installation, use and maintenance of any of the surveillance devices authorized to be used under the prescribed authorization in or on the object, or an object of the class, specified in the prescribed authorization; and

　(ii) in the case of Type 1 surveillance, the entry, by the use of reasonable force if necessary, onto any premises where the object, or an object of the class, is reasonably believed to be or likely to be, and onto any other premises adjoining or providing

access to the premises, in order to carry out any conduct authorized or required to be carried out under the prescribed authorization; and

(c) where subsection (2)(c) is applicable—

   (i) the installation, use and maintenance of any of the surveillance devices authorized to be used under the prescribed authorization in or on any premises where the person specified in the prescribed authorization is reasonably believed to be or likely to be; and

   (ii) in the case of Type 1 surveillance, the entry, by the use of reasonable force if necessary, onto the premises, and onto any other premises adjoining or providing access to the premises, in order to carry out any conduct authorized or required to be carried out under the prescribed authorization.

**30. 訂明授權亦同時授權的事宜**

訂明授權亦同時授權從事為進行根據該授權而授權進行或規定進行的事情的目的而需要的及所連帶的行為，包括以下行為 ——

(a) 取出根據該訂明授權而授權使用的任何器材；

(b) 裝設、使用、維修及取出該等器材的任何增強設備；

(c) 為裝設、維修或取出該等器材或增強設備，而將任何運輸工具或物體暫時從任何處所移走，並將該運輸工具或物體置回該處所；

(d) 為裝設、維修或取出該等器材或增強設備而破開任何物件；

(e) 將該等器材或增強設備連接至任何電源，並使用來自該電源的電力操作該等器材或設備；

**30. What a prescribed authorization also authorizes**

A prescribed authorization also authorizes the undertaking of conduct, including the following conduct, that is necessary for and incidental to the carrying out of what is authorized or required to be carried out under the prescribed authorization—

(a) the retrieval of any of the devices authorized to be used under the prescribed authorization;

(b) the installation, use, maintenance and retrieval of any enhancement equipment for the devices;

(c) the temporary removal of any conveyance or object from any premises for the installation, maintenance or retrieval of the devices or enhancement equipment and the return of the conveyance or object to the premises;

《截取通訊及監察條例》 INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

(f) 將該等器材或增強設備連接至可用以傳送任何形式的資料的任何物體或系統，並在與操作該等器材或設備有關連的情況下使用該物體或系統；及

(g) 為執行該訂明授權而提供協助。

(d) the breaking open of anything for the installation, maintenance or retrieval of the devices or enhancement equipment;

(e) the connection of the devices or enhancement equipment to any source of electricity and the use of electricity from that source to operate the devices or enhancement equipment;

(f) the connection of the devices or enhancement equipment to any object or system that may be used to transmit information in any form and the use of that object or system in connection with the operation of the devices or enhancement equipment; and

(g) the provision of assistance for the execution of the prescribed authorization.

**31. 訂明授權不可作出的授權**

(1) 儘管本條例有任何規定，除非存在特殊情況，否則 ——

(a) 訂明授權不可載有藉提述以下事項而授權截取通訊的條款 ——

(i) （就郵件截取而言）某律師的辦公室或其他有關處所或住所；或

(ii) （就電訊截取而言）於某律師的辦公室或其他有關處所或住所使用的任何電訊服務，或申請人知悉或申請人按理可被預期知悉是通常由律師為向當事人提供法律意見而使用的任何電訊服務；及

(b) 訂明授權不可載有條款授權就於某律師的辦公室或其他有關處所或住所作出的口頭或書面通訊，進行任何秘密監察。

(2) 就第 (1) 款而言，如有關當局信納 ——

(a) 有合理理由相信 ——

**31. What a prescribed authorization may not authorize**

(1) Notwithstanding anything in this Ordinance, unless exceptional circumstances exist—

(a) no prescribed authorization may contain terms that authorize the interception of communications by reference to—

(i) in the case of a postal interception, an office or other relevant premises, or a residence, of a lawyer; or

(ii) in the case of a telecommunications interception, any telecommunications service used at an office or other relevant premises, or a residence, of a lawyer, or any telecommunications service known or reasonably expected to be known by the applicant to be ordinarily used by a lawyer for the purpose of providing legal advice to clients; and

(i)　有關律師；

(ii)　( 就該律師的辦公室或其他有關處所而言 ) 與該律師一同執業的任何其他律師，或在該辦公室工作的任何其他人；或

(iii)　( 就該律師的住所而言 ) 在該住所居住的任何其他人，

是構成或會構成某項嚴重罪行或對公共安全的威脅的活動的參與者；或

(b)　有合理理由相信有關通訊之中的任何一項是為達到某犯罪目的而作出的，

即屬存在特殊情況。

(3)　為免生疑問，訂明授權並不授權在沒有某人的同意下，將任何器材植入或置入該人體內。

(4)　在本條中 ——

" 其他有關處所 " (other relevant premises) 就某律師而言，指申請人知悉或申請人按理可被預期知悉是通常由該律師及其他律師為向當事人提供法律意見而使用的任何處所 ( 該律師的辦公室除外 )，包括通常由律師在法院或到訪監獄、警署或有人被羈留的其他地方時為向其當事人提供法律意見而使用的任何處所；

" 律師 " (lawyer) 指在《法律執業者條例》( 第 159 章 ) 第 2(1) 條界定為以大律師、律師或外地律師身分執業的人，或根據《法律援助條例》( 第 91 章 ) 第 3(1) 條獲委任的任何人。

(b)　no prescribed authorization may contain terms that authorize any covert surveillance to be carried out in respect of oral or written communications taking place at an office or other relevant premises, or a residence, of a lawyer.

(2)　For the purposes of subsection (1), exceptional circumstances exist if the relevant authority is satisfied that there are reasonable grounds to believe—

(a)　that—

(i)　the lawyer concerned;

(ii)　in the case of an office or other relevant premises of the lawyer, any other lawyer practising with him or any other person working in the office; or

(iii)　in the case of a residence of the lawyer, any other person residing in the residence,

is a party to any activity which constitutes or would constitute a serious crime or a threat to public security; or

(b)　that any of the communications concerned is for the furtherance of a criminal purpose.

(3)　For the avoidance of doubt, a prescribed authorization does not authorize any device to be implanted in, or administered to, a person without the consent of the person.

(4)　In this section—

"lawyer" (律師) means a barrister, solicitor or foreign lawyer as defined in section 2(1) of the Legal Practitioners Ordinance (Cap. 159) who practises as such, or any person holding an appointment under section 3(1) of the Legal Aid Ordinance (Cap. 91);

"other relevant premises" (其他有關處所), in relation to a lawyer, means any premises, other than an office of the lawyer,

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

| | | |
|---|---|---|
| 3-55 | 第 3 部 —— 第 6 分部 | |
| 第 589 章 | 第 32 條 | |

| | | |
|---|---|---|
| PART 3—Division 6 | | 3-56 |
| Section 32 | | Cap. 589 |

that are known or reasonably expected to be known by the applicant to be ordinarily used by the lawyer and by other lawyers for the purpose of providing legal advice to clients (including any premises ordinarily used by lawyers for the purpose of providing legal advice to clients when in court or visiting a prison, police station or other place where any person is detained).

**32. 可有條件地發出訂明授權或將訂明授權續期**

訂明授權可在它所指明的適用於該授權本身或在該授權下的任何進一步的授權或規定 ( 不論是根據該授權的條款或本條例的任何條文而批予或施加的 )的任何條件的規限下發出或續期。

**32. Prescribed authorization may be issued or renewed subject to conditions**

A prescribed authorization may be issued or renewed subject to any conditions specified in it that apply to the prescribed authorization itself or to any further authorization or requirement under it (whether granted or imposed under its terms or any provision of this Ordinance).

*在訂明授權失效後發出的器材取出手令*

*Device retrieval warrants after prescribed authorizations having ceased to have effect*

**33. 器材取出手令的申請**

(1) 凡訂明授權在任何情況下根據本條例失效，如根據該授權而授權使用的任何器材 ——

    (a) 已依據該授權裝設於任何處所或任何物體之內或之上；及

    (b) 仍處於該處所或該物體之內或之上，或正處於任何其他處所或任何其他物體之內或之上，

有關部門的人員可向小組法官申請發出器材取出手令，授權取出該器材。

(2) 申請須 ——

    (a) 以書面提出；及

    (b) 以下述文件支持 ——

        (i) 有關訂明授權的文本；及

**33. Application for device retrieval warrant**

(1) Where a prescribed authorization has in any way ceased to have effect under this Ordinance, an officer of the department concerned may apply to a panel judge for the issue of a device retrieval warrant authorizing the retrieval of any of the devices authorized to be used under the prescribed authorization if such devices—

    (a) have been installed in or on any premises or object, pursuant to the prescribed authorization; and

    (b) are still in or on such premises or object, or are in or on any other premises or object.

(2) The application is—

    (a) to be made in writing; and

(ii) 符合附表 4 所指明的規定的申請人的誓章。

**34. 器材取出手令申請的決定**

(1) 小組法官在考慮根據第 33 條提出的尋求發出器材取出手令的申請後，可在第 (2) 款的規限下 ——

    (a) 在經更改或不經更改下，發出該申請所尋求的器材取出手令；或

    (b) 拒絕發出該器材取出手令。

(2) 除非小組法官信納第 33(1)(a) 及 (b) 條適用於有關器材，否則他不得發出器材取出手令。

(3) 小組法官須藉下述方式，下達他根據第 (1) 款作出的決定 ——

    (a) 在第 (1)(a) 款所指的情況下，以書面發出器材取出手令；或

    (b) 在第 (1)(b) 款所指的情況下，以書面說明拒絕理由。

**35. 器材取出手令的時限**

器材取出手令 ——

    (a) 於小組法官在發出該器材取出手令時指明的時間 ( 該時間在任何情況下，均不得早於發出該手令的時間 ) 生效；及

    (b) 於小組法官在發出該器材取出手令時指明的期間 ( 該段期間在任何情況下，均不得超過自該手令生效的時間起計的 3 個月 ) 屆滿時失效。

(b) to be supported by—

    (i) a copy of the prescribed authorization; and

    (ii) an affidavit of the applicant which is to comply with the requirements specified in Schedule 4.

**34. Determination of application for device retrieval warrant**

(1) Upon considering an application for the issue of a device retrieval warrant made under section 33, the panel judge may, subject to subsection (2)—

    (a) issue the device retrieval warrant sought under the application, with or without variations; or

    (b) refuse to issue the device retrieval warrant.

(2) The panel judge shall not issue the device retrieval warrant unless he is satisfied that section 33(1)(a) and (b) applies to the devices concerned.

(3) The panel judge shall deliver his determination under subsection (1) by—

    (a) in the case of subsection (1)(a), issuing the device retrieval warrant in writing; or

    (b) in the case of subsection (1)(b), giving the reason for the refusal in writing.

**35. Duration of device retrieval warrant**

A device retrieval warrant—

    (a) takes effect at the time specified by the panel judge when issuing the warrant, which in any case is not to be earlier than the time when it is issued; and

    (b) ceases to have effect upon the expiration of the period specified by the panel judge when issuing the warrant,

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 54 of 113

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

3-59
第 3 部 —— 第 6 分部
3-60
第 589 章
第 36 條

PART 3—Division 6
Section 36
Cap. 589

which in any case is not to be longer than the period of 3 months beginning with the time when it takes effect.

**36. 器材取出手令可根據或憑藉其條款授權的事宜等**

(1) 器材取出手令可授權取出該手令所指明的任何器材。

(2) 器材取出手令可載有條款，授權作出任何合理地需要作出的事情，以掩飾根據該手令而授權進行的行為。

(3) 如為執行器材取出手令而有合理需要，該手令可載有條款，授權干擾任何財產 ( 不論是否屬有關截取或秘密監察的目標人物的任何人的財產 )。

**37. 器材取出手令亦同時授權的事宜**

(1) 器材取出手令亦同時授權從事為進行根據該手令而授權進行的事情的目的而需要的及所連帶的行為，包括以下行為 ——

(a) 取出根據該手令而授權取出的器材的任何增強設備；

(b) 進入 ( 在有需要時可使用合理武力進入 ) 合理地相信是或相當可能是該等器材或增強設備所處的任何處所及毗連該處所或可通往該處所的任何其他處所，以取出該等器材或設備；

(c) 為取出該等器材或增強設備，而將任何運輸工具或物體暫時從任何處所移走，並將該運輸工具或物體置回該處所；

(d) 為取出該等器材或增強設備而破開任何物件；及

(e) 為執行該手令而提供協助。

**36. What a device retrieval warrant may authorize under or by virtue of its terms, etc.**

(1) A device retrieval warrant may authorize the retrieval of any devices specified in the warrant.

(2) A device retrieval warrant may contain terms that authorize the doing of anything reasonably necessary to conceal any conduct authorized to be carried out under the warrant.

(3) A device retrieval warrant may, if it is reasonably necessary for the execution of the warrant, contain terms that authorize the interference with any property (whether or not of any person who is the subject of the interception or covert surveillance concerned).

**37. What a device retrieval warrant also authorizes**

(1) A device retrieval warrant also authorizes the undertaking of conduct, including the following conduct, that is necessary for and incidental to the carrying out of what is authorized to be carried out under the warrant—

(a) the retrieval of any enhancement equipment for the devices authorized to be retrieved under the warrant;

(b) the entry, by the use of reasonable force if necessary, onto any premises where the devices or enhancement equipment is reasonably believed to be or likely to be, and onto any other premises adjoining or providing access to the premises, in order to retrieve the devices or enhancement equipment;

(c) the temporary removal of any conveyance or object from any premises for the retrieval of the devices

3-61
第 589 章

第 3 部 —— 第 6 分部
第 38 條

PART 3—Division 6
Section 38

3-62
Cap. 589

(2) 授權取出任何追蹤器材的器材取出手令，亦同時授權僅為尋找或取出該等器材或該等器材的增強設備的目的，而使用該等器材及該等器材的任何增強設備。

### 38. 可有條件地發出器材取出手令

器材取出手令可在它所指明的適用於該手令本身或在該手令下的任何進一步的授權 ( 不論是根據該手令的條款或本條例的任何條文而批予的 ) 的任何條件的規限下發出。

### 38A. 向小組法官提供報告：不能執行器材取出手令

(1) 如在某器材取出手令有效但未完成執行的期間內，有關部門在當其時負責執行該手令的人員 ——

    (a) 知悉第 33(1)(a) 或 (b) 條不適用於該手令所指明的器材或所指明的任何器材；或

    (b) 認為該手令或其某部分，因某原因 ( 不論該原因為何 ) 而不能執行，

該人員須在知悉該事宜或得出該意見後，於合理地切實可行範圍內，盡快安排向一名小組法官，提供一份關於該事宜或意見的報告。

(2) 如某小組法官接獲第 (1) 款所指的報告，該法官可撤銷有關器材取出手令或其有關部分。

or enhancement equipment and the return of the conveyance or object to the premises;

    (d) the breaking open of anything for the retrieval of the devices or enhancement equipment; and

    (e) the provision of assistance for the execution of the warrant.

(2) A device retrieval warrant which authorizes the retrieval of any tracking devices also authorizes the use of the tracking devices and any enhancement equipment for the tracking devices solely for the purposes of the location and retrieval of the tracking devices or enhancement equipment.

### 38. Device retrieval warrant may be issued subject to conditions

A device retrieval warrant may be issued subject to any conditions specified in it that apply to the warrant itself or to any further authorization under it (whether granted under its terms or any provision of this Ordinance).

### 38A. Report to panel judge: device retrieval warrant cannot be executed

(1) If, while a device retrieval warrant is in force but not yet completely executed, the officer of the department concerned who is for the time being in charge of the execution of the warrant—

    (a) becomes aware that section 33(1)(a) or (b) does not apply to the devices or any of the devices specified in the warrant; or

    (b) is of the opinion that the warrant or a part of the warrant cannot for whatever reason be executed,

the officer must, as soon as reasonably practicable after becoming aware of the matter or forming the opinion, cause

(3) 如器材取出手令或其某部分根據第 (2) 款被撤銷，則盡管有第 35(b) 條的規定，該手令或該部分自被撤銷之時起失效。

(4) 如器材取出手令沒有被撤銷，或只有部分被撤銷，小組法官可行使以下一項或兩項權力 ——

(a) 更改該手令的任何條款或條件；

(b) 在該手令中指明適用於該手令本身或在該手令下的任何進一步的授權 ( 不論是根據該手令的條款或本條例的任何條文而批予的 ) 的任何新條件。

*( 由 2016 年第 21 號第 9 條增補 )*

———————

a report on the matter or opinion to be provided to a panel judge.

(2) If a panel judge receives a report under subsection (1), the panel judge may revoke the device retrieval warrant concerned or the relevant part of the device retrieval warrant concerned.

(3) If the device retrieval warrant or a part of the device retrieval warrant is revoked under subsection (2), the warrant or that part of the warrant, despite section 35(b), ceases to have effect from the time of the revocation.

(4) If the device retrieval warrant is not revoked or only part of the device retrieval warrant is revoked, the panel judge may do one or both of the following—

(a) vary any terms or conditions in the warrant;

(b) specify any new conditions in the warrant that apply to the warrant itself or to any further authorization under it (whether granted under its terms or any provision of this Ordinance).

*(Added 21 of 2016 s. 9)*

———————

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 57 of 113

《截取通訊及監察條例》 INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

| 4-1 | 第 4 部 —— 第 1 分部 |
| 第 589 章 | 第 39 條 |

| PART 4—Division 1 | 4-2 |
| Section 39 | Cap. 589 |

# 第 4 部

# 專員

## 第 1 分部 —— 專員及其職能

**39. 專員**

(1) 現設立名為 " 截取通訊及監察事務專員 " 的職位。

(2) 行政長官須按終審法院首席法官的建議，委任一名合資格法官為專員。

(3) 專員的任期為 3 年。

(4) 專員有權支取行政長官所釐定的酬金及津貼。

(5) 行政長官可按終審法院首席法官的建議，基於充分的理由而將專員免任。

(6) 以往曾獲委任為專員的人，可按照本條例中適用於委任專員的條文，不時再獲委任為專員。

(7) 在本條中，" 合資格法官 "(eligible judge) 指 ——

(a) 上訴法庭的上訴法庭法官；

(b) 原訟法庭法官；

(c) 前任終審法院常任法官；

(d) 前任上訴法庭的上訴法庭法官；或

(e) 前任原訟法庭法官。

# PART 4

# THE COMMISSIONER

## Division 1—The Commissioner and his Functions

**39. The Commissioner**

(1) There is hereby established an office by the name of the Commissioner on Interception of Communications and Surveillance.

(2) The Chief Executive shall, on the recommendation of the Chief Justice, appoint an eligible judge to be the Commissioner.

(3) The Commissioner shall be appointed for a period of 3 years.

(4) The Commissioner shall be entitled to such remuneration and allowances as are determined by the Chief Executive.

(5) The Chief Executive may, on the recommendation of the Chief Justice, revoke the appointment of the Commissioner for good cause.

(6) A person previously appointed as the Commissioner may from time to time be further appointed as such in accordance with the provisions of this Ordinance that apply to the appointment of the Commissioner.

(7) In this section, "eligible judge" (合資格法官) means—

(a) a Justice of Appeal of the Court of Appeal;

(b) a judge of the Court of First Instance;

(c) a former permanent judge of the Court of Final Appeal;

(d) a former Justice of Appeal of the Court of Appeal; or

(e) a former judge of the Court of First Instance.

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

4-3
第 589 章

第 4 部 —— 第 2 分部
第 41 條

PART 4—Division 2
Section 41

4-4
Cap. 589

**40. 專員的職能**

專員的職能是 ——

(a) 監督部門及其人員遵守有關規定的情況；及

(b) 在不局限 (a) 段的一般性的原則下 ——

(i) 根據第 2 分部進行檢討；

(ii) 根據第 3 分部進行審查；

(iii) 根據第 4 分部向有關人士發出通知；

(iv) 根據第 5 分部，向行政長官提交報告及向保安局局長及部門的首長提出建議；

(v) 執行為本節的目的而根據第 66 條訂立的規例所訂明的任何進一步職能；及

(vi) 執行根據本條例或任何其他成文法則施加予他或賦予他的其他職能。

**第 2 分部 —— 由專員進行檢討**

**41. 檢討遵守有關規定的情況**

(1) 專員須對部門及其人員遵守有關規定的情況，進行他認為屬必要的檢討。

(2) 在不局限第 (1) 款的一般性的原則下，凡有報告根據第 23(3)(b)、26(3)(b)(ii) 或 54 條就任何個案向專員提交，專員須就該等個案進行檢討。

(3) 在根據第 (1) 或 (2) 款進行任何檢討後，專員須以書面記錄 ——

**40. Functions of Commissioner**

The functions of the Commissioner are—

(a) to oversee the compliance by departments and their officers with the relevant requirements; and

(b) without limiting the generality of paragraph (a), to—

(i) conduct reviews under Division 2;

(ii) carry out examinations under Division 3;

(iii) give notifications to relevant persons under Division 4;

(iv) submit reports to the Chief Executive and make recommendations to the Secretary for Security and heads of departments under Division 5;

(v) perform any further functions prescribed by regulation made under section 66 for the purposes of this subparagraph; and

(vi) perform such other functions as are imposed or conferred on him under this Ordinance or any other enactment.

**Division 2—Reviews by Commissioner**

**41. Reviews on compliance with relevant requirements**

(1) The Commissioner shall conduct such reviews as he considers necessary on compliance by departments and their officers with the relevant requirements.

(2) Without limiting the generality of subsection (1), the Commissioner shall conduct reviews on cases in respect of which a report has been submitted to him under section 23(3)(b), 26(3)(b)(ii) or 54.

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 59 of 113

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

4-5

第 589 章

第 4 部 —— 第 3 分部

第 43 條

PART 4—Division 3

Section 43

4-6

Cap. 589

(a)　在該檢討中發現的任何部門或其任何人員沒有遵守任何有關規定的任何個案的細節；及

(b)　他在該檢討中作出的任何其他定論。

**42.　通知有關部門等**

(1)　專員須將第 41(3) 條所指的他在檢討中作出的定論通知任何有關部門的首長。

(2)　如部門的首長根據第 (1) 款接獲專員的定論的通知，他須在接獲該通知後，於合理地切實可行範圍內，盡快向專員提交一份報告，其內須載有該部門已為回應該等定論所指出的任何問題而採取的任何措施 ( 包括就任何人員採取的紀律行動 ) 的細節，如專員在發出該通知時已指明提交該報告的限期，則該報告須在該限期內提交。

(3)　在不損害第 49 及 50 條的原則下，專員可在部門的首長根據第 (2) 款向他提交報告之前或之後，將有關定論及他認為合適的任何其他事宜提交予行政長官、律政司司長或任何小組法官，或提交予他們之中的任何人或所有人。

## 第 3 分部 —— 由專員進行審查

**43.　進行審查的申請**

(1)　任何人如懷疑有以下情況，可向專員申請根據本分部進行審查 ——

(3)　Upon the conduct of any review under subsection (1) or (2), the Commissioner shall record in writing—

(a)　details, as identified in the review, of any case of failure by any department or any of its officers to comply with any relevant requirement; and

(b)　any other finding he has made in the review.

**42.　Notifications to departments concerned, etc.**

(1)　The Commissioner shall notify the head of any department concerned of his findings in a review under section 41(3).

(2)　On being notified of the findings of the Commissioner under subsection (1), the head of the department shall submit to the Commissioner a report with details of any measures taken by the department (including any disciplinary action taken in respect of any officer) to address any issues identified in the findings, as soon as reasonably practicable after the notification or, where the Commissioner has specified any period for submission of the report when giving the notification, within that period.

(3)　Without prejudice to sections 49 and 50, the Commissioner may, whether before or after the head of the department has submitted a report to him under subsection (2), refer the findings and any other matters he thinks fit to the Chief Executive, the Secretary for Justice or any panel judge or any or all of them.

## Division 3—Examinations by Commissioner

**43.　Application for examination**

(1)　A person may apply to the Commissioner for an examination under this Division, if he suspects—

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

4-7
第 589 章

第 4 部 —— 第 3 分部
第 44 條

PART 4—Division 3
Section 44

4-8
Cap. 589

(a) 傳送予該人或由該人傳送的任何通訊被某部門的人員截取；或

(b) 該人是某部門的人員已進行的任何秘密監察的目標人物。

(2) 申請須以書面提出。

**44. 由專員進行審查**

(1) 凡專員接獲根據第 43 條提出的申請，則除第 45 條另有規定外，他須進行審查，以斷定 ——

(a) 所指稱的截取或秘密監察有否發生；及

(b) (如有發生) 所指稱的截取或秘密監察是否在沒有訂明授權的授權下由某部門的人員進行。

(2) 如專員在進行審查後，在顧及第 46(1) 條的條文下，斷定所指稱的截取或秘密監察已在沒有訂明授權的授權下由某部門的人員進行，他須於合理地切實可行範圍內，盡快向申請人發出通知 ——

(a) 述明他已就有關個案判定申請人得直，及表示該個案是屬截取或是屬秘密監察、該截取或秘密監察的開始日期，以及該截取或秘密監察的進行期間；及 *(由 2016 年第 21 號第 10 條修訂)*

(b) 邀請申請人確認申請人是否有意願根據該申請，尋求繳付賠償金的命令，及 (如申請人有此意願) 邀請申請人為該目的作出書面陳詞。

(3) 在接獲申請人尋求繳付賠償金的命令的確認後，專員在考慮為該目的而向他作出的任何書面陳詞後，可命令政府向申請人繳付賠償金。

(4) 根據第 (3) 款命令須予繳付的賠償金，可包括對精神傷害的補償。

(5) 如專員在進行審查後，作出第 (2) 款所提述的斷定以外的斷定，則他須於合理地切實可行範圍內，盡快向申請人發出通知，述明他已就有關個案判定申請人並不得直。

(a) that any communication transmitted to or by him has been intercepted by an officer of a department; or

(b) that he is the subject of any covert surveillance that has been carried out by an officer of a department.

(2) The application is to be made in writing.

**44. Examination by Commissioner**

(1) Where the Commissioner receives an application under section 43, he shall, subject to section 45, carry out an examination to determine—

(a) whether or not the interception or covert surveillance alleged has taken place; and

(b) if so, whether or not the interception or covert surveillance alleged has been carried out by an officer of a department without the authority of a prescribed authorization.

(2) If, on an examination, the Commissioner, having regard to section 46(1), determines that the interception or covert surveillance alleged has been carried out by an officer of a department without the authority of a prescribed authorization, he shall as soon as reasonably practicable give notice to the applicant—

(a) stating that he has found the case in the applicant's favour and indicating whether the case is one of interception or covert surveillance, the date on which the interception or covert surveillance began and the duration of the interception or covert surveillance; and *(Amended 21 of 2016 s. 10)*

(b) inviting the applicant to confirm whether the applicant wishes to seek an order for the payment of compensation under the application, and if so, to make written submissions to him for that purpose.

(6) 儘管有第 (2)、(3) 及 (5) 款的規定，專員須僅在他認為根據該等條文發出任何通知或作出任何命令不會對防止或偵測罪行或保障公共安全造成損害時，才發出該通知或作出該命令 ( 視屬何情況而定 )。

(7) 如截取屬第 4(2)(b) 或 (c) 條所描述的截取，則專員不得就該截取作出第 (2) 款所提述的斷定。

## 45. 不進行審查的理由等

(1) 如專員在進行審查之前或在進行審查的過程中 ——

(a) 認為專員是在有關截取或秘密監察被指稱發生的日期 ( 如該截取或秘密監察被指稱在多於一日發生，則指被指稱最後一次發生的日期 ) 後的 1 年以後，才接獲尋求進行該審查的申請，而他不進行該審查並非有欠公允；

(b) 認為申請是由匿名者提出的；

(c) 認為在作出合理的努力後，申請人不能被識別或尋獲；或

(3) Upon receiving confirmation from the applicant that an order for the payment of compensation is sought, the Commissioner, upon taking into account any written submissions made to him for that purpose, may make any order for the payment of compensation by the Government to the applicant.

(4) The compensation ordered to be paid under subsection (3) may include compensation for injury of feelings.

(5) If, on an examination, the Commissioner makes a determination other than that referred to in subsection (2), he shall as soon as reasonably practicable give notice to the applicant stating that he has not found the case in the applicant's favour.

(6) Notwithstanding subsections (2), (3) and (5), the Commissioner shall only give a notice or make an order under those subsections when he considers that the giving of the notice or the making of the order (as the case may be) would not be prejudicial to the prevention or detection of crime or the protection of public security.

(7) The Commissioner shall not make a determination referred to in subsection (2) in respect of an interception if the interception is within the description of section 4(2)(b) or (c).

## 45. Grounds for not carrying out examination, etc.

(1) Where, before or in the course of an examination, the Commissioner considers—

(a) that the application for the examination is received by the Commissioner more than 1 year after the day on which the interception or covert surveillance is alleged to have taken place or, where the interception or covert surveillance is alleged to have taken place on more than 1 day, the last occasion on which it is alleged to have

(d) 在顧及有關個案的整體情況後，認為申請屬瑣屑無聊或無理取鬧，或並非真誠地提出的，

專員可拒絕著手進行或 ( 如該審查已展開 ) 繼續進行該審查 ( 包括因應該審查作出任何斷定 )。

(2) 如專員在進行審查之前或在進行審查的過程中，信納有任何有關刑事法律程序正在待決或相當可能會提起，則 ——

(a) ( 就待決的刑事法律程序而言 ) 在該等法律程序獲最終裁斷或獲最終的處理之前；或

(b) ( 就相當可能會提起的刑事法律程序而言 ) 在該法律程序獲最終裁斷或獲最終處理之前，或 ( 如適用 ) 不再屬相當可能會提起之前，

專員不得著手進行或 ( 如該審查已展開 ) 繼續進行該審查 ( 包括因應該審查作出任何斷定 )。

(3) 就第 (2) 款而言，凡有關於已在 ( 或可能在 ) 刑事法律程序中舉出的證據的任何問題，則在 ( 但僅在 ) 尋求進行審查的申請所指稱的截取或秘密監察攸關或可能攸關該問題的裁定的情況下，該等法律程序就該審查而言即視為有關。

taken place, and that it is not unfair for him not to carry out the examination;

(b) that the application is made anonymously;

(c) that the applicant cannot, after the use of reasonable efforts, be identified or traced; or

(d) that, having regard to all the circumstances of the case, the application is frivolous or vexatious or is not made in good faith,

the Commissioner may refuse to carry out the examination or, where the examination has been commenced, to proceed with the carrying out of the examination (including the making of any determination further to the examination).

(2) Where, before or in the course of an examination, the Commissioner is satisfied that any relevant criminal proceedings are pending or are likely to be instituted, the Commissioner shall not carry out the examination or, where the examination has been commenced, proceed with the carrying out of the examination (including the making of any determination further to the examination)—

(a) in the case of any pending criminal proceedings, until they have been finally determined or finally disposed of; or

(b) in the case of any criminal proceedings which are likely to be instituted, until they have been finally determined or finally disposed of or, if applicable, until they are no longer likely to be instituted.

(3) For the purposes of subsection (2), criminal proceedings are, in relation to an examination, regarded as relevant if, but only if, the interception or covert surveillance alleged in the application for the examination is or may be relevant to the determination of any question concerning any evidence which has been or may be adduced in those proceedings.

**46.** **關於進行審查的進一步條文**

(1) 為進行審查的目的 ——

　　(a) 專員在斷定任何截取或秘密監察是否在沒有訂明授權的授權下進行時，須應用可由法院在有人申請司法覆核時應用的原則；及

　　(b) 在不局限 (a) 段的一般性的原則下，專員可藉應用上述原則，斷定儘管有任何訂明授權看來是被發出或續期，任何截取或秘密監察已在沒有訂明授權的授權下進行。

(2) 除第 53(1) 條另有規定外，專員須基於向他作出的書面陳詞而進行審查。

(3) 在不損害第 53(4) 條的原則下，為進行審查的目的，申請人無權取用在與該審查有關連的情況下由專員編製或向專員提供的任何資料、文件或其他事宜 ( 包括任何受保護成果，不論它是否包含任何享有或可能享有法律專業保密權的資料 )。*( 由 2016 年第 21 號第 11 條修訂 )*

(4) 在不損害第 44(6) 條的原則下，專員在根據第 44(2)、(3) 或 (5) 條向申請人發出通知或作出任何命令時 ——

　　(a) 不得說明其斷定的理由；

　　(b) 不得提供第 44(2)(a) 條所述的有關截取或秘密監察的細節以外的該截取或秘密監察的細節；或

　　(c) ( 在第 44(5) 條所指的情況下 ) 不得表示所指稱的截取或秘密監察是否有發生。

**46.** **Further provisions relating to examinations**

(1) For the purposes of an examination—

　　(a) in determining whether any interception or covert surveillance has been carried out without the authority of a prescribed authorization, the Commissioner shall apply the principles applicable by a court on an application for judicial review; and

　　(b) without limiting the generality of paragraph (a), the Commissioner may by applying those principles determine that any interception or covert surveillance has been carried out without the authority of a prescribed authorization notwithstanding the purported issue or renewal of any prescribed authorization.

(2) Subject to section 53(1), the Commissioner shall carry out an examination on the basis of written submissions made to him.

(3) Without prejudice to section 53(4), for the purposes of an examination, the applicant is not entitled to have access to any information, document or other matter (including any protected product, whether or not it contains any information that is or may be subject to legal professional privilege) compiled by, or made available to, the Commissioner in connection with the examination. *(Amended 21 of 2016 s. 11)*

(4) Without prejudice to section 44(6), in giving notice to an applicant or making any order under section 44(2), (3) or (5), the Commissioner shall not—

　　(a) give reasons for his determination;

　　(b) give details of any interception or covert surveillance concerned further to those mentioned in section 44(2)(a); or

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 64 of 113

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

4-15
第 4 部 —— 第 4 分部
第 589 章
第 48 條

PART 4—Division 4
4-16
Section 48
Cap. 589

(c)   in the case of section 44(5), indicate whether or not the interception or covert surveillance alleged has taken place.

## 47. 通知有關部門等

(1)   凡專員在審查後，作出第 44(2) 條所提述的斷定，他須將該斷定 ( 包括他在進行審查時作出的任何命令或定論 ) 通知有關部門的首長。

(2)   如部門的首長接獲第 (1) 款所指的通知，他須在接獲該通知後，於合理地切實可行範圍內，盡快向專員提交一份報告，其內須載有該部門已為回應因該斷定而產生的任何問題而採取的任何措施 ( 包括就任何人員採取的紀律行動 ) 的細節，如專員在發出該通知時已指明提交該報告的限期，則該報告須在該限期內提交。

(3)   在不損害第 49 及 50 條的原則下，專員可在部門的首長根據第 (2) 款向他提交報告之前或之後，將有關斷定及他認為合適的任何其他事宜提交予行政長官、律政司司長或任何小組法官，或提交予他們之中的任何人或所有人。

## 47. Notifications to departments concerned, etc.

(1)   Where, on an examination, the Commissioner makes a determination referred to in section 44(2), he shall notify the head of the department concerned of the determination, including any order or findings he has made in the examination.

(2)   On being given the notification under subsection (1), the head of the department shall submit to the Commissioner a report with details of any measures taken by the department (including any disciplinary action taken in respect of any officer) to address any issues arising from the determination, as soon as reasonably practicable after the notification or, where the Commissioner has specified any period for submission of the report when giving the notification, within that period.

(3)   Without prejudice to sections 49 and 50, the Commissioner may, whether before or after the head of the department has submitted a report to him under subsection (2), refer the determination and any other matters he thinks fit to the Chief Executive, the Secretary for Justice or any panel judge or any or all of them.

## 第 4 分部 —— 由專員發出通知

## Division 4—Notifications by Commissioner

## 48. 通知有關人士

(1)   如專員在執行他在本條例下的任何職能的過程中，在顧及第 (5) 款的條文下，認為存在有部門的人員在沒有訂明授權的授權下進行任何截取或秘密監察的情況，則除第

## 48. Notifications to relevant persons

(1)   If, in the course of performing any of his functions under this Ordinance, the Commissioner, having regard to subsection (5), considers that there is any case in which any interception or covert surveillance has been carried out by an officer of a

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 65 of 113

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

4-17                              第 4 部 —— 第 4 分部
第 589 章                              第 48 條

PART 4—Division 4                              4-18
Section 48                              Cap. 589

(6) 款另有規定外，專員須於合理地切實可行範圍內，盡快向有關人士發出通知 ——

(a) 述明有出現該情況，及表示該情況是屬截取或是屬秘密監察、該截取或秘密監察的開始日期，以及該截取或秘密監察的進行期間；及 *(由 2016 年第 21 號第 12 條修訂)*

(b) 告知有關人士他就該截取或秘密監察向專員申請進行審查的權利。

(2) 凡有關人士在接獲上述通知後的 6 個月內，或在專員所容許的進一步期間內，提出尋求就該截取或秘密監察進行審查的申請，則儘管有第 45(1)(a) 條的任何規定 ( 但在第 45 條的其他條文規限下 )，專員須作出第 44(2) 條所提述的斷定，而本條例的條文據此適用。

(3) 儘管有第 (1) 款的規定，專員須僅在他認為根據該款發出任何通知不會對防止或偵測罪行或保障公共安全造成損害時，才發出該通知。

(4) 在不損害第 (3) 款的原則下，在根據第 (1) 款向有關人士發出通知時，專員不得 ——

(a) 說明其定論的理由；或

(b) 提供第 (1)(a) 款所述的有關截取或秘密監察的細節以外的該截取或秘密監察的細節。

(5) 就本條而言 ——

(a) 專員在考慮任何截取或秘密監察是否在沒有訂明授權的授權下進行時，須應用可由法院在有人申請司法覆核時應用的原則；及

(b) 在不局限 (a) 段的一般性的原則下，專員可藉應用上述原則，斷定儘管有任何訂明授權看來是被發出或續期，任何截取或秘密監察已在沒有訂明授權的授權下進行。

(6) 在以下情況下，本條並不規定專員向有關人士發出通知 ——

department without the authority of a prescribed authorization, subject to subsection (6), the Commissioner shall as soon as reasonably practicable give notice to the relevant person—

(a) stating that there has been such a case and indicating whether the case is one of interception or covert surveillance, the date on which the interception or covert surveillance began and the duration of the interception or covert surveillance; and *(Amended 21 of 2016 s. 12)*

(b) informing the relevant person of his right to apply to the Commissioner for an examination in respect of the interception or covert surveillance.

(2) Where the relevant person makes an application for an examination in respect of the interception or covert surveillance within 6 months after receipt of the notice or within such further period as the Commissioner may allow, the Commissioner shall, notwithstanding anything in section 45(1)(a) but subject to the other provisions of section 45, make a determination referred to in section 44(2), and the provisions of this Ordinance are to apply accordingly.

(3) Notwithstanding subsection (1), the Commissioner shall only give a notice under that subsection when he considers that the giving of the notice would not be prejudicial to the prevention or detection of crime or the protection of public security.

(4) Without prejudice to subsection (3), in giving notice to a relevant person under subsection (1), the Commissioner shall not—

(a) give reasons for his findings; or

(b) give details of any interception or covert surveillance concerned further to those mentioned in subsection (1)(a).

(5) For the purposes of this section—

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 66 of 113

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

4-19

第 4 部 —— 第 4 分部

第 589 章

第 48 條

PART 4—Division 4

4-20

Section 48

Cap. 589

(a) 在作出合理的努力後，有關人士不能被識別或尋獲；

(b) 專員認為有關截取或秘密監察對有關人士的侵擾程度屬微不足道；或

(c) （就截取而言）有關截取屬第 4(2)(b) 或 (c) 條所描述的截取。

(7) 在本條中 ——

*有關人士* (relevant person) 指以下人士 ——

(a) 如有關截取或秘密監察，是在有關訂明授權或其有關部分失效後繼續進行的，即該截取或秘密監察的目標人物；

(b) 如有關部門的人員進行有關截取或秘密監察時，其意是依據某訂明授權而進行的，但該截取或秘密監察的目標人物，並非該授權針對的目標人物，即該截取或秘密監察的目標人物；或

(c) 如有關截取或秘密監察，是在沒有訂明授權的授權下進行的，但並非 (a) 或 (b) 段所指明的情況，即該截取或秘密監察的目標人物。*（由 2016 年第 21 號第 12 條代替）*

(a) in considering whether any interception or covert surveillance has been carried out without the authority of a prescribed authorization, the Commissioner shall apply the principles applicable by a court on an application for judicial review; and

(b) without limiting the generality of paragraph (a), the Commissioner may by applying those principles determine that any interception or covert surveillance has been carried out without the authority of a prescribed authorization notwithstanding the purported issue or renewal of any prescribed authorization.

(6) This section does not require the Commissioner to give any notice to a relevant person if—

(a) the relevant person cannot, after the use of reasonable efforts, be identified or traced;

(b) the Commissioner considers that the intrusiveness of the interception or covert surveillance concerned on the relevant person is negligible; or

(c) in the case of interception, the interception is within the description of section 4(2)(b) or (c).

(7) In this section—

*relevant person* (有關人士) means—

(a) if the interception or covert surveillance concerned is one that is continued after the prescribed authorization concerned or the relevant part of the prescribed authorization concerned has ceased to have effect, the subject of the interception or covert surveillance;

(b) if the interception or covert surveillance concerned is carried out by an officer of the department concerned purportedly pursuant to a prescribed authorization but the subject of the interception or covert surveillance is not the intended subject under the prescribed

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 67 of 113

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

4-21
第 589 章

第 4 部 —— 第 5 分部
第 49 條

PART 4—Division 5
Section 49

4-22
Cap. 589

authorization, the subject of the interception or covert surveillance; or

(c) if the interception or covert surveillance concerned is carried out without the authority of a prescribed authorization, otherwise than in a situation specified in paragraph (a) or (b), the subject of the interception or covert surveillance. *(Replaced 21 of 2016 s. 12)*

## 第 5 分部 —— 專員的報告及建議

**49. 專員向行政長官提交的周年報告**

(1) 專員須就每段報告期間向行政長官提交報告。

(2) 就每段報告期間提交的報告，須分別就截取及秘密監察列出 ——

    (a) 一份清單，顯示 ——

        (i) 在該報告期間，根據本條例發出的法官授權、行政授權及緊急授權的各別數目，及該等授權各別的平均時限；

        (ii) 在該報告期間，根據本條例續期的法官授權及行政授權的各別數目，及該等授權各別的平均續期時限；

        (iii) 在該報告期間，因應根據本條例提出的口頭申請而發出的法官授權、行政授權及緊急授權的各別數目，及該等授權各別的平均時限；

        (iv) 在該報告期間，因應根據本條例提出的口頭申請而續期的法官授權及行政授權的各別數目，及該等授權各別的平均續期時限；

        (v) 在該報告期間，根據本條例續期而在續期之前已獲 5 次或多於 5 次續期的法官授權及行政授權的各別數目；

## Division 5—Reports and Recommendations by Commissioner

**49. Annual reports to Chief Executive by Commissioner**

(1) The Commissioner shall, for each report period, submit a report to the Chief Executive.

(2) A report for a report period is to set out, separately in relation to interception and covert surveillance—

    (a) a list showing—

        (i) the respective numbers of judge's authorizations, executive authorizations and emergency authorizations issued under this Ordinance during the report period, and the average duration of the respective prescribed authorizations;

        (ii) the respective numbers of judge's authorizations and executive authorizations renewed under this Ordinance during the report period, and the average duration of the respective renewals;

        (iii) the respective numbers of judge's authorizations, executive authorizations and emergency authorizations issued as a result of an oral application under this Ordinance during the report period, and the average duration of the respective prescribed authorizations;

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 68 of 113

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

4-23
第 4 部 —— 第 5 分部
第 589 章
第 49 條

PART 4—Division 5
4-24
Section 49
Cap. 589

(vi) 在該報告期間，為尋求發出法官授權、行政授權及緊急授權而根據本條例提出的並遭拒絕的申請的各別數目；

(vii) 在該報告期間，為尋求將法官授權及行政授權續期而根據本條例提出的並遭拒絕的申請的各別數目；

(viii) 在該報告期間，為尋求發出法官授權、行政授權及緊急授權而根據本條例提出的並遭拒絕的口頭申請的各別數目；及

(ix) 在該報告期間，為尋求將法官授權及行政授權續期而根據本條例提出的並遭拒絕的口頭申請的各別數目；

(b) 一份清單，顯示 ——

(i) 在該報告期間根據本條例發出訂明授權或將訂明授權續期以予調查的罪行的主要類別；及

(ii) 在該報告期間，因為依據訂明授權進行的任何截取或秘密監察而被逮捕，或是在進行該截取或秘密監察的後續行動中被逮捕的人的數目；

(c) 一份清單，顯示 ——

(i) 在該報告期間根據本條例發出的器材取出手令的數目，及該等手令的平均時限；及

(ii) 在該報告期間為尋求發出器材取出手令而根據本條例提出的並遭拒絕的申請的數目；

(d) 一份清單，顯示 ——

(i) 專員在該報告期間根據第 41 條進行的檢討的撮要；

(ii) 在該報告期間進行的檢討中發現的任何不符合規定或有錯誤的個案的數目及性質概要；

(iii) 專員在該報告期間接獲的尋求進行審查的申請的數目；

(iv) the respective numbers of judge's authorizations and executive authorizations renewed as a result of an oral application under this Ordinance during the report period, and the average duration of the respective renewals;

(v) the respective numbers of judge's authorizations and executive authorizations that have been renewed under this Ordinance during the report period further to 5 or more previous renewals;

(vi) the respective numbers of applications for the issue of judge's authorizations, executive authorizations and emergency authorizations made under this Ordinance that have been refused during the report period;

(vii) the respective numbers of applications for the renewal of judge's authorizations and executive authorizations made under this Ordinance that have been refused during the report period;

(viii) the respective numbers of oral applications for the issue of judge's authorizations, executive authorizations and emergency authorizations made under this Ordinance that have been refused during the report period; and

(ix) the respective numbers of oral applications for the renewal of judge's authorizations and executive authorizations made under this Ordinance that have been refused during the report period;

(b) a list showing—

(i) the major categories of offences for the investigation of which prescribed authorizations have been issued or renewed under this Ordinance during the report period; and

  (iv) 專員繼進行審查後在該報告期間根據第 44(2) 條發出的通知及根據第 44(5) 條發出的通知的各別數目；

  (v) 專員在該報告期間根據第 48 條發出通知的個案的數目；

  (vi) 專員在該報告期間根據第 50、51 及 52 條作出的建議的性質概要；

  (vii) 在該報告期間，由於依據訂明授權進行任何截取或秘密監察而取得享有法律專業保密權的資料的個案的數目；及

  (viii) 在該報告期間，按照根據第 42、47、52 或 54 條提交予專員的任何報告而就部門的任何人員採取紀律行動的個案的數目，及該等行動的性質概要；及

 (e) 對在有關報告期間遵守有關規定的整體情況的評估。

(3) 報告須在有關報告期間屆滿後的 6 個月內提交。

(4) 行政長官須安排將報告的文本連同說明以下事宜的陳述，提交立法會會議席上省覽：是否有任何事宜在沒有專員的同意下根據第 (5) 款從該文本中剔除。

(5) 如行政長官認為發表第 (4) 款所提述的報告內的任何事宜，會對防止或偵測罪行或保障公共安全造成損害，他可在諮詢專員後，從根據該款須提交予立法會會議席上省覽的報告的文本中剔除該等事宜。

(6) 在本條中，“ 報告期間 ”(report period) 就根據第 (1) 款規定須提交的報告而言，指 ——

 (a) 於本條例的生效日期開始而於同年的 12 月 31 日結束的一段期間；或

 (b) 往後的每段於 12 月 31 日終結的 12 個月期間。

  (ii) the number of persons arrested during the report period as a result of or further to any interception or covert surveillance carried out pursuant to a prescribed authorization;

 (c) a list showing—

  (i) the number of device retrieval warrants issued under this Ordinance during the report period, and the average duration of the warrants; and

  (ii) the number of applications for the issue of device retrieval warrants made under this Ordinance that have been refused during the report period;

 (d) a list showing—

  (i) a summary of reviews conducted by the Commissioner under section 41 during the report period;

  (ii) the number and broad nature of any cases of irregularities or errors identified in the reviews during the report period;

  (iii) the number of applications for examination that have been received by the Commissioner during the report period;

  (iv) the respective numbers of notices given by the Commissioner under section 44(2) and section 44(5) during the report period further to examinations;

  (v) the number of cases in which a notice has been given by the Commissioner under section 48 during the report period;

  (vi) the broad nature of recommendations made by the Commissioner under sections 50, 51 and 52 during the report period;

        (vii)  the number of cases in which information subject to legal professional privilege has been obtained in consequence of any interception or covert surveillance carried out pursuant to a prescribed authorization during the report period; and

        (viii)  the number of cases in which disciplinary action has been taken in respect of any officer of a department according to any report submitted to the Commissioner under section 42, 47, 52 or 54 during the report period, and the broad nature of such action; and

    (e)  an assessment on the overall compliance with the relevant requirements during the report period.

(3)  The report is to be submitted within 6 months after the expiry of the report period.

(4)  The Chief Executive shall cause to be laid on the table of the Legislative Council a copy of the report, together with a statement as to whether any matter has been excluded from that copy under subsection (5) without the agreement of the Commissioner.

(5)  If the Chief Executive considers that the publication of any matter in the report referred to in subsection (4) would be prejudicial to the prevention or detection of crime or the protection of public security, he may, after consultation with the Commissioner, exclude such matter from the copy of the report to be laid on the table of the Legislative Council under that subsection.

(6)  In this section, "report period" (報告期間), in relation to a report required to be submitted under subsection (1), means—

    (a)  the period beginning on the commencement of this Ordinance and ending on 31 December in the same year; or

**50. 專員向行政長官提交的其他報告**

除根據第 49 條規定須向行政長官提交的報告外，專員可不時就他認為合適的關乎執行他在本條例下的職能的任何事宜，向行政長官提交任何進一步的報告。

**51. 就實務守則向保安局局長提出建議**

(1) 如專員在執行他在本條例下的任何職能的過程中，認為應修改實務守則的任何條文，以更佳地貫徹本條例的宗旨，他可向保安局局長提出他認為合適的建議。

(2) 凡專員根據第 (1) 款向保安局局長提出任何建議，局長須在該等建議提出後，於合理地切實可行範圍內，盡快將他為實行該等建議而根據第 63(3) 條作使權力一事通知專員，如專員在提出該等建議時已指明發出該通知的限期，則該通知須在該限期內發出。

**52. 向部門提出建議**

(1) 如專員在執行他在本條例下的任何職能的過程中，認為應更改某部門所作出的安排，以更佳地貫徹本條例的宗旨或實務守則的條文，他可向該部門的首長提出他認為合適的建議。

(2) 凡專員根據第 (1) 款向部門的首長提出任何建議，該部門的首長須在該等建議提出後，於合理地切實可行範圍內，

(b) any of the succeeding periods of 12 months ending on 31 December.

**50. Other reports to Chief Executive by Commissioner**

In addition to any report required to be submitted to the Chief Executive under section 49, the Commissioner may from time to time submit any further report to the Chief Executive on any matter relating to the performance of his functions under this Ordinance as he thinks fit.

**51. Recommendations to Secretary for Security on code of practice**

(1) If, in the course of performing any of his functions under this Ordinance, the Commissioner considers that any provision of the code of practice should be revised to better carry out the objects of this Ordinance, he may make such recommendations to the Secretary for Security as he thinks fit.

(2) Where the Commissioner makes any recommendations to the Secretary for Security under subsection (1), the Secretary shall notify the Commissioner of any exercise of power by him under section 63(3) to implement the recommendations, as soon as reasonably practicable after the recommendations have been made or, where the Commissioner has specified any period for the issue of the notification when making the recommendations, within that period.

**52. Recommendations to departments**

(1) If, in the course of performing any of his functions under this Ordinance, the Commissioner considers that any arrangements made by any department should be changed to better carry out the objects of this Ordinance or the provisions of the code of practice, he may make such recommendations to the head of the department as he thinks fit.

《截取通訊及監察條例》 INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

盡快向專員提交一份報告，其內須載有該部門已為實行該等建議而採取的任何措施 ( 包括就任何人員採取的紀律行動 ) 的細節，如專員在提出該等建議時已指明提交該報告的限期，則該報告須在該限期內提交。

(3) 在不損害第 49 及 50 條的原則下，專員可在部門的首長根據第 (2) 款向他提交報告之前或之後，將有關建議及他認為合適的任何其他事宜提交予行政長官、律政司司長或任何小組法官，或提交予他們之中的任何人或所有人。

# 第 6 分部 —— 與專員執行職能有關的進一步條文

## 53.　專員的進一步權力

(1) 專員可為執行他在本條例下的任何職能而 ——

(a) 要求任何公職人員或任何其他人在專員於作出該要求時指明的時間內，以專員於作出該要求時指明的方式，回答任何問題及向專員提供他所管有或控制的任何資料、文件或其他事宜 ( 包括任何受保護成果，不論它是否包含任何享有或可能享有法律專業保密權的資料 )；及 *( 由 2016 年第 21 號第 13 條修訂 )*

(b) 要求部門的任何人員在專員於作出該要求時指明的時間內，以專員於作出該要求時指明的方式，擬備任何關於該部門所處理的截取或秘密監察個案或關於任何類別的該等個案的報告。

(2) Where the Commissioner makes any recommendations to the head of the department under subsection (1), the head of the department shall submit to the Commissioner a report with details of any measures taken by the department (including any disciplinary action taken in respect of any officer) to implement the recommendations, as soon as reasonably practicable after the recommendations have been made or, where the Commissioner has specified any period for submission of the report when making the recommendations, within that period.

(3) Without prejudice to sections 49 and 50, the Commissioner may, whether before or after the head of the department has submitted a report to him under subsection (2), refer the recommendations and any other matters he thinks fit to the Chief Executive, the Secretary for Justice or any panel judge or any or all of them.

# Division 6—Further Provisions Relating to Performance of Functions by Commissioner

## 53.　Further powers of Commissioner

(1) For the purpose of performing any of his functions under this Ordinance, the Commissioner may—

(a) require any public officer or any other person to answer any question, and to provide any information, document or other matter (including any protected product, whether or not it contains any information that is or may be subject to legal professional privilege) in his possession or control to the Commissioner, within the time and in the manner specified by the Commissioner when making the requirement; and *(Amended 21 of 2016 s. 13)*

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 73 of 113

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

4-33

第 4 部 —— 第 6 分部

PART 4—Division 6

4-34

第 589 章

第 53A 條

Section 53A

Cap. 589

(2) 專員可為執行他在本條例下的任何職能，向小組法官要求讓他可取用根據附表 2 第 3 條保存的任何文件或紀錄。

(3) 儘管有本條例任何其他條文或其他法律的規定，如專員根據第 (1) 款向某人施加要求，該人須遵從該要求。

(4) 除本條例另有規定外，專員無須在任何法院交出或向任何法院透露或傳達在執行他在本條例下的職能的過程中由他編製或向他提供的任何資料、文件或其他事宜 ( 包括任何受保護成果，不論它是否包含任何享有或可能享有法律專業保密權的資料 )，亦無須向任何人提供或披露任何該等資料、文件或事宜。*( 由 2016 年第 21 號第 13 條修訂 )*

(5) 除本條例另有規定外，專員可決定在執行他在本條例下的職能時須予依循的程序。

(b) require any officer of a department to prepare any report on any case of interception or covert surveillance handled by the department, or on any class of such cases, within the time and in the manner specified by the Commissioner when making the requirement.

(2) For the purpose of performing any of his functions under this Ordinance, the Commissioner may request a panel judge to provide him with access to any of the documents or records kept under section 3 of Schedule 2.

(3) Notwithstanding any other provision of this Ordinance or any other law, any person on whom a requirement is imposed by the Commissioner under subsection (1) shall comply with the requirement.

(4) Except as otherwise provided in this Ordinance, the Commissioner shall not be required to produce in any court or to divulge or communicate to any court, or to provide or disclose to any person, any information, document or other matter (including any protected product, whether or not it contains any information that is or may be subject to legal professional privilege) compiled by, or made available to, him in the course of performing any of his functions under this Ordinance. *(Amended 21 of 2016 s. 13)*

(5) Except as otherwise provided in this Ordinance, the Commissioner may determine the procedure to be adopted in performing any of his functions under this Ordinance.

### 53A. 轉授檢查受保護成果的權力

(1) 專員可藉書面將第 (2) 款指明的專員的權力，轉授予於專員的辦事處工作並向專員負責的人員。

(2) 上述權力是指，檢查為遵從根據第 53(1)(a) 條施加的要求而向專員提供的受保護成果的權力。

### 53A. Delegation of power to examine protected products

(1) The Commissioner may delegate, in writing, the Commissioner's power specified in subsection (2) to an officer working in the Commissioner's office who is responsible to the Commissioner.

《截取通訊及監察條例》

(3) 專員可在任何轉授文書中，指明任何規限該轉授的效力的條款或條件。

(4) 根據本條作出的轉授，並不妨礙專員在任何時間行使經如此轉授的權力。

*（由 2016 年第 21 號第 14 條增補）*

**54. 部門就不遵守有關規定提交報告的一般責任**

(1) 在不損害本部的其他條文的原則下，凡任何部門的首長認為該部門或其任何人員有可能沒有遵守任何有關規定，他須向專員提交一份報告，其內須載有該不遵守有關規定個案的細節 ( 包括就任何人員採取的紀律行動 )。*（由 2016 年第 21 號第 15 條修訂）*

(2) 在不影響本部的其他條文的原則下，如任何部門的首長認為 ——

(a) 在該部門處理的某宗個案中，有可能出現了沒有遵守有關規定的情況；但

(b) 該情況並非該部門或其任何人員的過錯所引致，

則該首長亦須向專員提交一份報告，該報告須載有該情況的細節。*（由 2016 年第 21 號第 15 條增補）*

**55. 專員不視為法院**

專員在執行他在本條例下的任何職能時，就所有目的而言均

---

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

(2) The power is the power to examine protected products provided to the Commissioner in compliance with a requirement imposed under section 53(1)(a).

(3) The Commissioner may specify in any instrument of delegation any terms or conditions subject to which the delegation is to have effect.

(4) A delegation under this section does not preclude the Commissioner from exercising at any time the power so delegated.

*(Added 21 of 2016 s. 14)*

**54. General obligations of departments to report on non-compliance**

(1) Without prejudice to other provisions of this Part, where the head of any department considers that there may have been any case of failure by the department or any of its officers to comply with any relevant requirement, he shall submit to the Commissioner a report with details of the case (including any disciplinary action taken in respect of any officer). *(Amended 21 of 2016 s. 15)*

(2) Without affecting other provisions of this Part, if the head of any department considers that—

(a) there may have been a failure to comply with a relevant requirement in a case handled by the department; but

(b) the failure is not due to the fault of the department or any of its officers,

the head must also submit to the Commissioner a report with details of the failure. *(Added 21 of 2016 s. 15)*

**55. Commissioner not regarded as court**

In performing any of his functions under this Ordinance, the

不得視為法院或法院的成員。

––––––––––––––

Commissioner is for all purposes not regarded as a court or a member of a court.

––––––––––––––

# 第 5 部

# 進一步保障

**56. 定期檢討**

(1) 每一部門的首長均須安排定期檢討該部門的人員遵守有關規定的情況。

(2) 在不損害第 (1) 款的原則下,凡任何部門的首長已根據第 7 條作出任何指定,他須安排職級高於該部門的授權人員的人員,定期檢討授權人員執行在本條例下的任何職能的情況。

**57. 於截取或秘密監察終止後,撤銷訂明授權**

*(由 2016 年第 21 號第 16 條代替)*

(1) 如根據第 56(1) 或 (2) 條進行或曾根據第 56(1) 或 (2) 條進行任何定期檢討的人員認為有終止某訂明授權或其某部分的理由存在,他須在得出該意見後,於合理地切實可行範圍內,盡快安排終止有關截取或秘密監察或其有關部分。

(2) 在不損害第 (1) 款的原則下,凡訂明授權已根據本條例發出或續期,有關部門在當其時負責有關截取或秘密監察的人員——

(a) 須在他察覺有終止該訂明授權或其某部分的理由存在後,於合理地切實可行範圍內,盡快安排終止該截取或秘密監察或其有關部分;及

(b) 可隨時安排終止該截取或秘密監察或其某部分。

# PART 5

# FURTHER SAFEGUARDS

**56. Regular reviews**

(1) The head of each department shall make arrangements to keep under regular review the compliance by officers of the department with the relevant requirements.

(2) Without prejudice to subsection (1), where the head of any department has made any designation under section 7, he shall make arrangements for officers of a rank higher than those held by the authorizing officers of the department to keep under regular review the performance by the authorizing officers of any function under this Ordinance.

**57. Revocation of prescribed authorization following discontinuance of interception or covert surveillance**

*(Amended 21 of 2016 s. 16)*

(1) If the officer by whom any regular review is or has been conducted under section 56(1) or (2) is of the opinion that the ground for discontinuance of a prescribed authorization or a part of a prescribed authorization exists, he shall, as soon as reasonably practicable after forming the opinion, cause the interception or covert surveillance concerned or the relevant part of the interception or covert surveillance concerned to be discontinued.

(2) Without prejudice to subsection (1), where a prescribed authorization has been issued or renewed under this Ordinance, the officer of the department concerned who is for the time being in charge of the interception or covert surveillance concerned—

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 77 of 113

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

5-3

第 5 部

第 589 章

第 57 條

PART 5

5-4

Section 57

Cap. 589

(3) 凡任何人員已安排 ( 不論是根據第 (1) 或 (2) 款安排 ) 終止任何截取或秘密監察，他須在該項終止後，於合理地切實可行範圍內，盡快安排向受理最近一次根據本條例提出的尋求發出有關訂明授權或將有關訂明授權續期的申請的有關當局，提供一份關於該項終止以及該項終止的理由的報告。

(4) 凡有關當局接獲第 (3) 款所指的報告，該當局須在接獲該報告後，於合理地切實可行範圍內，盡快撤銷有關訂明授權或其有關部分。

(5) 凡訂明授權或其某部分根據第 (4) 款被撤銷，儘管有有關時限條文的規定，該授權或該部分自被撤銷之時起失效。

(5A) 如訂明授權只有部分被撤銷，有關當局可行使以下一項或兩項權力 ——

　　(a) 更改該授權的任何條款或條件；

　　(b) 在該授權中指明適用於該授權本身或在該授權下的任何進一步的授權或規定 ( 不論是根據該授權的條款或本條例的任何條文而批予或施加的 ) 的任何新條件。( 由 2016 年第 21 號第 16 條增補 )

(6) 如有關當局在有關人員根據第 (3) 款向其提供報告時，不再擔任其職位或不再執行其職位的職能，則 ——

　　(a) 在不損害《釋義及通則條例》( 第 1 章 ) 第 54 條的原則下，在該款中對有關當局的提述，包括提述在當其時獲委任為小組法官或授權人員 ( 視屬何情況而定 ) 並合法地執行該當局的職位的職能的有關職能的人；及

　　(b) 本條的條文據此適用。

(7) 如第 3 款所指的、讓某訂明授權或其某部分持續有效的先決條件未獲符合，則就本條而言，即屬有終止該訂明授權或該部分的理由存在。

(8) 在本條中，" 有關時限條文 " (relevant duration provision) 指第 10(b)、13(b)、16(b)、19(b) 或 22(1)(b) 條 ( 視何者適用而定 )。

　　(a) shall, as soon as reasonably practicable after he becomes aware that the ground for discontinuance of the prescribed authorization or a part of the prescribed authorization exists, cause the interception or covert surveillance or the relevant part of the interception or covert surveillance to be discontinued; and

　　(b) may at any time cause the interception or covert surveillance or a part of the interception or covert surveillance to be discontinued.

(3) Where any officer has caused any interception or covert surveillance to be discontinued, whether under subsection (1) or (2), he shall, as soon as reasonably practicable after the discontinuance, cause a report on the discontinuance and the ground for the discontinuance to be provided to the relevant authority to whom an application under this Ordinance for the issue or renewal of the prescribed authorization concerned has last been made.

(4) Where the relevant authority receives a report under subsection (3), he shall, as soon as reasonably practicable after receiving the report, revoke the prescribed authorization concerned or the relevant part of the prescribed authorization concerned.

(5) Where the prescribed authorization or a part of the prescribed authorization is revoked under subsection (4), the prescribed authorization or that part of the prescribed authorization is, notwithstanding the relevant duration provision, to cease to have effect from the time of the revocation.

(5A) If only part of the prescribed authorization is revoked, the relevant authority may do one or both of the following—

　　(a) vary any terms or conditions in the prescribed authorization;

《截取通訊及監察條例》

5-5

第589章

第5部

第58條

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

PART 5

Section 58

5-6

Cap. 589

*（由 2016 年第 21 號第 16 條修訂）*

(b)  specify any new conditions in the prescribed authorization that apply to the prescribed authorization itself or to any further authorization or requirement under it (whether granted or imposed under its terms or any provision of this Ordinance). *(Added 21 of 2016 s. 16)*

(6)  If, at the time of the provision of a report to the relevant authority under subsection (3), the relevant authority is no longer holding his office or performing the relevant functions of his office—

(a)  without prejudice to section 54 of the Interpretation and General Clauses Ordinance (Cap. 1), the reference to relevant authority in that subsection includes the person for the time being appointed as a panel judge or authorizing officer (as the case may be) and lawfully performing the relevant functions of the office of that relevant authority; and

(b)  the provisions of this section are to apply accordingly.

(7)  For the purposes of this section, the ground for discontinuance of a prescribed authorization or a part of a prescribed authorization exists if the conditions for the continuance of the prescribed authorization or that part of the prescribed authorization under section 3 are not met.

(8)  In this section, "relevant duration provision" (有關時限條文) means section 10(b), 13(b), 16(b), 19(b) or 22(1)(b) (as may be applicable).

*(Amended 21 of 2016 s. 16)*

**58.  向有關當局提供報告：截取或秘密監察的目標人物被逮捕**

*（由 2016 年第 21 號第 17 條代替）*

(1)  凡在根據本條例發出訂明授權或將訂明授權續期之後，有關部門在當其時負責有關截取或秘密監察的人員知悉

**58.  Report to relevant authority: arrest of subject of interception or covert surveillance**

*(Replaced 21 of 2016 s. 17)*

該截取或秘密監察的目標人物已被逮捕,該人員須在他得悉該項逮捕後,於合理地切實可行範圍內,盡快安排向發出該訂明授權或將該訂明授權續期的有關當局,提供一份報告,評估該項逮捕對會藉續進行該截取或秘密監察而取得任何可能享有法律專業保密權的資料的可能性的影響。

(2) 凡有關當局接獲第 (1) 款所指的報告,如該當局認為第 3 條所指的、讓有訂明授權或其某部分持續有效的先決條件未獲符合,該當局須撤銷該授權或該部分。 *(由 2016 年第 21 號第 17 條修訂)*

(3) 凡訂明授權或其某部分根據第 (2) 款被撤銷,則儘管有有關時限條文的規定,該授權或該部分自被撤銷之時起失效。 *(由 2016 年第 21 號第 17 條修訂)*

(3A) 如訂明授權沒有被撤銷,或只有部分被撤銷,有關當局可行使以下一項或兩項權力 ——

(a) 更改該授權的任何條款或條件;

(b) 在該授權中指明適用於該授權本身或在該授權下的任何進一步的授權或規定 ( 不論是根據該授權的條款或本條例的任何條文而批予或施加的 ) 的任何新條件。 *(由 2016 年第 21 號第 17 條增補)*

(4) 如有關當局在有關人員根據第 (1) 款向其提供報告時,不再擔任其職位或不再執行其職位的有關職能,則 ——

(a) 在不損害《釋義及通則條例》( 第 1 章 ) 第 54 條的原則下,在該款中對有關當局的提述,包括提述在當其時獲委任為小組法官或授權人員 ( 視屬何情況而定 ) 並合法地執行該當局的職位的有關職能的人;及

(b) 本條的條文據此適用。

(5) 在本條中,“ 有關時限條文 ” (relevant duration provision) 指第 10(b)、13(b)、16(b)、19(b) 或 22(1)(b) 條 ( 視何者適用而定 )。

(1) Where, further to the issue or renewal of a prescribed authorization under this Ordinance, the officer of the department concerned who is for the time being in charge of the interception or covert surveillance concerned becomes aware that the subject of the interception or covert surveillance has been arrested, the officer shall, as soon as reasonably practicable after he becomes aware of the matter, cause to be provided to the relevant authority by whom the prescribed authorization has been issued or renewed a report assessing the effect of the arrest on the likelihood that any information which may be subject to legal professional privilege will be obtained by continuing the interception or covert surveillance.

(2) Where the relevant authority receives a report under subsection (1), if the relevant authority considers that the conditions for the continuance of the prescribed authorization concerned or a part of the prescribed authorization concerned under section 3 are not met, the relevant authority must revoke the prescribed authorization or that part of the prescribed authorization. *(Amended 21 of 2016 s. 17)*

(3) Where the prescribed authorization or a part of the prescribed authorization is revoked under subsection (2), the prescribed authorization or that part of the prescribed authorization is, notwithstanding the relevant duration provision, to cease to have effect from the time of the revocation. *(Amended 21 of 2016 s. 17)*

(3A) If the prescribed authorization is not revoked or only part of the prescribed authorization is revoked, the relevant authority may do one or both of the following—

(a) vary any terms or conditions in the prescribed authorization;

(b) specify any new conditions in the prescribed authorization that apply to the prescribed authorization

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 80 of 113

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

5-9
第 589 章

第 5 部
第 58A 條

PART 5
Section 58A

5-10
Cap. 589

itself or to any further authorization or requirement under it (whether granted or imposed under its terms or any provision of this Ordinance). *(Added 21 of 2016 s. 17)*

(4) If, at the time of the provision of a report to the relevant authority under subsection (1), the relevant authority is no longer holding his office or performing the relevant functions of his office—

(a) without prejudice to section 54 of the Interpretation and General Clauses Ordinance (Cap. 1), the reference to relevant authority in that subsection includes the person for the time being appointed as a panel judge or authorizing officer (as the case may be) and lawfully performing the relevant functions of the office of that relevant authority; and

(b) the provisions of this section are to apply accordingly.

(5) In this section, "relevant duration provision" (有關時限條文) means section 10(b), 13(b), 16(b), 19(b) or 22(1)(b) (as may be applicable).

**58A. 向有關當局提供報告：資料不準確或情況出現變化**

(1) 本條在以下情況下適用：在某訂明授權有效的期間內，有關部門在當其時負責有關截取或秘密監察的人員 ——

(a) 知悉在為以下申請而提供的資料中，有具關鍵性的不準確之處 ——

(i) 根據第 8、14 或 20 條提出的尋求發出該授權的申請，包括根據第 25 條用口頭提出的上述申請；

(ii) 根據第 11 或 17 條提出的尋求將該授權續期的申請，包括根據第 25 條用口頭提出的上述申請；

**58A. Report to relevant authority: inaccurate information or change in circumstances**

(1) This section applies if, while a prescribed authorization is in force, the officer of the department concerned who is for the time being in charge of the interception or covert surveillance concerned—

(a) becomes aware that there is a material inaccuracy in the information provided for the purposes of—

(i) the application for the issue of the prescribed authorization made under section 8, 14 or 20, including such an application made orally under section 25;

(iii) 按第 23(1) 或 26(1) 條的規定提出的尋求確認該授權的申請；或

(iv) 按第 26(1) 條的規定提出的尋求確認該授權的續期的申請；或

(b) 知悉 ——

(i) 作為根據第 9(1)(a)、15(1)(a)、21(1)(a) 或 25(4)(a) 條發出該授權的基礎的情況，出現關鍵性變化；

(ii) 作為根據第 12(1)(a)、18(1)(a) 或 25(4)(a) 條將該授權續期的基礎的情況，出現關鍵性變化；

(iii) 作為根據第 24(1)(a) 或 27(1)(a) 條確認該授權的基礎的情況，或作為根據第 24(3)(a)(ii) 或 27(3)(a)(ii) 條命令該授權有效的基礎的情況，出現關鍵性變化；或

(iv) 作為根據第 27(1)(a) 條確認該授權的續期的基礎的情況，出現關鍵性變化。

(2) 除第 (3) 款另有規定外，上述人員須 ——

(a) 在知悉第 (1)(a)(i) 或 (b)(i) 款描述的事宜後，於合理地切實可行範圍內，盡快安排向發出上述訂明授權的有關當局，提供一份關於該事宜的報告；

(b) 在知悉第 (1)(a)(ii) 或 (b)(ii) 款描述的事宜後，於合理地切實可行範圍內，盡快安排向將上述訂明授權續期的有關當局，提供一份關於該事宜的報告；

(c) 在知悉第 (1)(a)(iii) 或 (b)(iii) 款描述的事宜後，於合理地切實可行範圍內，盡快安排向確認上述訂明授權或命令該授權有效的有關當局，提供一份關於該事宜的報告；或

(d) 在知悉第 (1)(a)(iv) 或 (b)(iv) 款描述的事宜後，於合理地切實可行範圍內，盡快安排向確認上述訂明授權的續期的有關當局，提供一份關於該事宜的報告。

(ii) the application for the renewal of the prescribed authorization made under section 11 or 17, including such an application made orally under section 25;

(iii) the application for confirmation of the prescribed authorization as provided for in section 23(1) or 26(1); or

(iv) the application for confirmation of the renewal of the prescribed authorization as provided for in section 26(1); or

(b) becomes aware that there has been a material change in the circumstances on the basis of which—

(i) the prescribed authorization was issued under section 9(1)(a), 15(1)(a), 21(1)(a) or 25(4)(a);

(ii) the prescribed authorization was renewed under section 12(1)(a), 18(1)(a) or 25(4)(a);

(iii) the prescribed authorization was confirmed under section 24(1)(a) or 27(1)(a) or ordered to have effect under section 24(3)(a)(ii) or 27(3)(a)(ii); or

(iv) the renewal of the prescribed authorization was confirmed under section 27(1)(a).

(2) Subject to subsection (3), the officer must—

(a) as soon as reasonably practicable after becoming aware of the matter described in subsection (1)(a)(i) or (b)(i), cause a report on the matter to be provided to the relevant authority by whom the prescribed authorization has been issued;

(b) as soon as reasonably practicable after becoming aware of the matter described in subsection (1)(a)(ii) or (b)(ii), cause a report on the matter to be provided to the

(3) 凡有關情況出現關鍵性變化，如 ——

    (a) 該變化是因有關截取或秘密監察或其某部分根據第 57(1) 或 (2) 條終止而產生的，且已有報告根據第 57(3) 條提供予有關當局；或

    (b) 該變化是因第 58(1) 條所提述的有關截取或秘密監察的目標人物被逮捕而產生的，且已有報告根據該條提供予有關當局，

則上述人員無須根據第 (2) 款安排向有關當局提供關於該變化的報告。

(4) 凡有關當局接獲第 (2) 款所指的報告，如該當局認為第 3 條所指的、讓有關訂明授權或其某部分持續有效的先決條件未獲符合，該當局須撤銷該授權或該部分。

(5) 如訂明授權或其某部分根據第 (4) 款被撤銷，則儘管有有關時限條文的規定，該授權或該部分自被撤銷之時起失效。

(6) 如訂明授權沒有被撤銷，或只有部分被撤銷，有關當局可行使以下一項或兩項權力 ——

    (a) 更改該授權的任何條款或條件；

    (b) 在該授權中指明適用於該授權本身或在該授權下的任何進一步的授權或規定 ( 不論是根據該授權的條款或本條例的任何條文而批予或施加的 ) 的任何新條件。

(7) 如有關當局在有關人員根據第 (2) 款向其提供報告時，不再擔任其職位或不再執行其職位的有關職能，則 ——

    (a) 在不影響《釋義及通則條例》( 第 1 章 ) 第 54 條的原則下，在該款中提述有關當局，包括在當其時獲委任為小組法官或授權人員 ( 視何者屬適當而定 ) 並合法地執行該當局的職位的有關職能的人；及

    (b) 本條的條文據此適用。

(8) 在本條中 ——

relevant authority by whom the prescribed authorization has been renewed;

    (c) as soon as reasonably practicable after becoming aware of the matter described in subsection (1)(a)(iii) or (b)(iii), cause a report on the matter to be provided to the relevant authority by whom the prescribed authorization has been confirmed or ordered to have effect; or

    (d) as soon as reasonably practicable after becoming aware of the matter described in subsection (1)(a)(iv) or (b)(iv), cause a report on the matter to be provided to the relevant authority by whom the renewal of the prescribed authorization has been confirmed.

(3) The officer is not required to cause a report on a material change in circumstances to be provided to the relevant authority under subsection (2) if—

    (a) the change arises from a discontinuance of the interception or covert surveillance concerned or a part of the interception or covert surveillance concerned under section 57(1) or (2) and a report has been provided to the relevant authority under section 57(3); or

    (b) the change arises from the arrest of the subject of the interception or covert surveillance concerned as referred to in section 58(1) and a report has been provided to the relevant authority under that section.

(4) Where the relevant authority receives a report under subsection (2), if the relevant authority considers that the conditions for the continuance of the prescribed authorization concerned or a part of the prescribed authorization concerned under section 3 are not met, the relevant authority must revoke the prescribed authorization or that part of the prescribed authorization.

**有關時限條文** (relevant duration provision) 指第 10(b)、13(b)、16(b)、19(b) 或 22(1)(b) 條 ( 視何者適用而定 )。

*( 由 2016 年第 21 號第 18 條增補 )*

(5) If the prescribed authorization or a part of the prescribed authorization is revoked under subsection (4), the prescribed authorization or that part of the prescribed authorization, despite the relevant duration provision, ceases to have effect from the time of the revocation.

(6) If the prescribed authorization is not revoked or only part of the prescribed authorization is revoked, the relevant authority may do one or both of the following—

(a) vary any terms or conditions in the prescribed authorization;

(b) specify any new conditions in the prescribed authorization that apply to the prescribed authorization itself or to any further authorization or requirement under its terms (whether granted or imposed under its terms or any provision of this Ordinance).

(7) If, at the time of the provision of a report to the relevant authority under subsection (2), the relevant authority is no longer holding his or her office or performing the relevant functions of that office—

(a) without affecting section 54 of the Interpretation and General Clauses Ordinance (Cap. 1), the reference to relevant authority in that subsection includes the person for the time being appointed as a panel judge or authorizing officer (as appropriate) and lawfully performing the relevant functions of the office of that relevant authority; and

(b) the provisions of this section are to apply accordingly.

(8) In this section—

**relevant duration provision** (有關時限條文) means section 10(b), 13(b), 16(b), 19(b) or 22(1)(b) (as may be applicable).

*(Added 21 of 2016 s. 18)*

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 84 of 113

《截取通訊及監察條例》　　　　　　　　　　　　　INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

| 5-17 | 第 5 部 |
| 第 589 章 | 第 59 條 |

| PART 5 | 5-18 |
| Section 59 | Cap. 589 |

**59.　對受保護成果的保障**

(1) 凡訂明授權因應部門的任何人員提出的申請而根據本條例發出或續期，而任何受保護成果依據該授權而被取得，該部門的首長須作出安排，以確保 ——

    (a) 以下事宜被限制於對該訂明授權的有關目的屬必要的最小限度 ——

        (i) 受保護成果的披露範圍；

        (ii) 屬受保護成果披露對象的人的數目；

        (iii) 受保護成果被複製的程度；及

        (iv) 以任何受保護成果製成的文本的數目；

    (b) 已採取所有切實可行步驟，以確保受保護成果已獲保護而不會在未經授權下或在意外的情況下被取用、處理、刪除或用作其他用途；及

    (c) 除第 (1A) 款另有規定外，受保護成果按照以下規定銷毀 ——

        (i) 在保留該成果對該訂明授權的有關目的並非屬必要時，盡快予以銷毀，但如在如此銷毀之前，該成果將會或已經在遵從根據第 53(1)(a) 條施加的要求而向專員提供，則屬例外；或

        (ii) 如已經為遵從根據第 53(1)(a) 條施加的要求而向專員提供該成果，於專員不再需要該成果後，在保留該成果 ——

            (A) 對該訂明授權的有關目的；及

            (B) （如專員根據第 53(1)(a) 條施加進一步要求）對使該等要求得以遵從，

        並非屬必要時，盡快予以銷毀。*（由 2016 年第 21 號第 19 條代替）*

**59.　Safeguards for protected products**

(1) Where any protected product has been obtained pursuant to any prescribed authorization issued or renewed under this Ordinance on an application by any officer of a department, the head of the department shall make arrangements to ensure—

    (a) that the following are limited to the minimum that is necessary for the relevant purpose of the prescribed authorization—

        (i) the extent to which the protected product is disclosed;

        (ii) the number of persons to whom any of the protected product is disclosed;

        (iii) the extent to which the protected product is copied; and

        (iv) the number of copies made of any of the protected product;

    (b) that all practicable steps are taken to ensure that the protected product is protected against unauthorized or accidental access, processing, erasure or other use; and

    (c) that, except as otherwise provided in subsection (1A), the protected product—

        (i) is destroyed as soon as its retention is not necessary for the relevant purpose of the prescribed authorization, unless it is to be or has been provided to the Commissioner in compliance with a requirement imposed under section 53(1)(a) before it is so destroyed; or

        (ii) if it has been provided to the Commissioner in compliance with a requirement imposed under

(1A) 如受保護成果屬第 23(3)(a)、24(3)(b)(i) 或 (ii)、26(3)(b)(i) 或 27(3)(b)(i) 或 (ii) 條所描述的資料，則第 (1B) 款適用。*(由 2016 年第 21 號第 19 條增補)*

(1B) 儘管有第 23(3)(a) 或 26(3)(b)(i) 條的規定，亦儘管根據第 24(3)(b) 或 27(3)(b) 條作出的命令有任何規定，有關部門的首長 ——

    (a) 須即時將有關個案通知專員；

    (b) 須作出安排，以確保有關資料獲得保留；及

    (c) 須按以下規定行事 ——

        (i) 如專員通知該部門的首長，指專員不會根據第 53(1)(a) 條要求提供該等資料，則須安排將該等資料即時銷毀；或

        (ii) 如專員根據第 53(1)(a) 條要求提供該等資料，則須 ——

            (A) 按要求提供該等資料；及

            (B) 安排於專員不再需要該等資料時，將該等資料即時銷毀。*(由 2016 年第 21 號第 19 條增補)*

(2) 凡第 (1) 款所描述的任何受保護成果包含享有法律專業保密權的任何資料，則第 (1)(c) 款須解釋為亦規定有關部門的首長作出安排，以確保受保護成果中包含該等資料的部分 ——

    (a) (就對郵件截取或秘密監察的訂明授權而言) 在自保留該部分對在任何法院進行的待決民事或刑事法律程序，或對相當可能會在任何法院提起的民事或刑事法律程序不再屬必要時起計的 1 年期間屆滿之前被銷毀；或

    (b) (就對電訊截取的訂明授權而言) 於合理地切實可行範圍內盡快被銷毀。

---

        section 53(1)(a), is, after it is no longer required by the Commissioner, destroyed as soon as its retention is not necessary—

    (A) for the relevant purpose of the prescribed authorization; and

    (B) if further requirements are imposed by the Commissioner under section 53(1)(a), for the purpose of enabling compliance with the requirements. *(Replaced 21 of 2016 s. 19)*

(1A) Subsection (1B) applies if the protected product consists of information described in section 23(3)(a), 24(3)(b)(i) or (ii), 26(3)(b)(i) or 27(3)(b)(i) or (ii). *(Added 21 of 2016 s. 19)*

(1B) Despite section 23(3)(a) or 26(3)(b)(i) or any requirement in an order made under section 24(3)(b) or 27(3)(b), the head of the department concerned—

    (a) must immediately notify the Commissioner of the case;

    (b) must make arrangements to ensure that the information is retained; and

    (c) must—

        (i) if the Commissioner notifies the head of the department that the Commissioner will not require the provision of the information under section 53(1)(a), cause the immediate destruction of the information; or

        (ii) if the Commissioner requires the provision of the information under section 53(1)(a)—

            (A) provide the information as required; and

            (B) cause the immediate destruction of the information when it is no longer required by the Commissioner. *(Added 21 of 2016 s. 19)*

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 86 of 113

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

5-21

第 5 部

第 589 章

第 59 條

PART 5

5-22

Section 59

Cap. 589

(3) 就本條而言，在以下情況下，某事宜即屬對訂明授權的有關目的屬必要 ——

(a) 在第 (1)(a) 款所指的情況下 ——

(i) 該事宜繼續是或相當可能變為是對該有關目的屬必要的；或

(ii) （除對電訊截取的訂明授權外）就於任何法院進行的待決民事或刑事法律程序而言，或就相當可能會在任何法院提起的民事或刑事法律程序而言，該事宜屬必要；或

(b) 在第 (1)(c) 款所指的情況下 ——

(i) 該事宜繼續是或相當可能變為是對該有關目的屬必要的；或

(ii) （除對電訊截取的訂明授權外）就於任何法院進行的待決民事或刑事法律程序而言，或就相當可能會在任何法院提起的民事或刑事法律程序而言，在自該事宜對該等程序不再屬必要時起計的 1 年期間屆滿之前。

(2) Where any protected product described in subsection (1) contains any information that is subject to legal professional privilege, subsection (1)(c) is to be construed as also requiring the head of the department concerned to make arrangements to ensure that any part of the protected product that contains the information—

(a) in the case of a prescribed authorization for a postal interception or covert surveillance, is destroyed not later than 1 year after its retention ceases to be necessary for the purposes of any civil or criminal proceedings before any court that are pending or are likely to be instituted; or

(b) in the case of a prescribed authorization for a telecommunications interception, is as soon as reasonably practicable destroyed.

(3) For the purposes of this section, something is necessary for the relevant purpose of a prescribed authorization—

(a) in the case of subsection (1)(a), if—

(i) it continues to be, or is likely to become, necessary for the relevant purpose; or

(ii) except in the case of a prescribed authorization for a telecommunications interception, it is necessary for the purposes of any civil or criminal proceedings before any court that are pending or are likely to be instituted; or

(b) in the case of subsection (1)(c)—

(i) when it continues to be, or is likely to become, necessary for the relevant purpose; or

(ii) except in the case of a prescribed authorization for a telecommunications interception, at any time before the expiration of 1 year after it ceases to be

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 87 of 113

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

5-23
第589章

第5部
第60條

PART 5
Section 60

5-24
Cap. 589

necessary for the purposes of any civil or criminal proceedings before any court that are pending or are likely to be instituted.

**60. 備存紀錄**

(1) 在不損害第59條的原則下，每一部門均須備存一份紀錄，該紀錄須 ——

(a) 就每項由該部門的任何人員提出的尋求根據本條例發出訂明授權或將訂明授權續期的申請，載有以下事宜的紀錄 ——

 (i) 該申請(包括為該申請的目的而根據第3部提供的任何誓章或陳述的文本)；及

 (ii) 有關當局就該申請作出的決定(包括因應該申請而根據第3部發出或續期的任何訂明授權的文本)；

(b) 就每項由該部門的任何人員按第23(1)條的規定提出的尋求確認緊急授權的申請，載有以下事宜的紀錄 ——

 (i) 該申請(包括為該申請的目的而根據第23(2)(b)條提供的任何誓章的文本或(如第28條適用)為該申請的目的而按第28(1)(b)條描述提供的任何紀錄、誓章或其他文件的文本)；及

 (ii) 小組法官就該申請作出的決定(包括因應該申請而根據第24(5)條作出的任何批註的文本或(如第28條適用)因應該申請而根據第24(5)條發出的任何緊急授權的文本)；

(c) 就每項由該部門的任何人員按第26(1)條的規定提出的尋求確認訂明授權或將訂明授權續期的申請，載有以下事宜的紀錄 ——

 (i) 該申請(包括為該申請的目的而根據第26(2)(b)條提供的任何紀錄、誓章或陳述的文本)；及

**60. Record keeping**

(1) Without prejudice to section 59, each department shall keep a record which is to contain—

(a) in respect of each application for the issue or renewal of a prescribed authorization under this Ordinance by any officer of the department, a record of—

 (i) the application (including a copy of any affidavit or statement provided under Part 3 for the purposes of the application); and

 (ii) the determination in respect of the application by the relevant authority (including a copy of any prescribed authorization issued or renewed under Part 3 as a result of the application);

(b) in respect of each application for confirmation of an emergency authorization by any officer of the department as provided for in section 23(1), a record of—

 (i) the application (including a copy of any affidavit provided under section 23(2)(b) or, where section 28 applies, a copy of any record, affidavit or other document provided as described in section 28(1)(b), for the purposes of the application); and

 (ii) the determination in respect of the application by a panel judge (including a copy of any endorsement made or, where section 28 applies, a copy of any emergency authorization issued, under section 24(5) as a result of the application);

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 88 of 113

《截取通訊及監察條例》

5-25

第 589 章

第 5 部

第 60 條

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

PART 5

Section 60

5-26

Cap. 589

(ii) 有關當局就該申請作出的決定 ( 包括因應該申請而根據第 27(5) 條發出或續期的任何訂明授權的文本 )；

(d) 載有以下事宜的紀錄 ——

(i) 該部門的任何人員根據第 57 條終止任何截取或秘密監察的任何個案；及

(ii) 任何訂明授權在該項終止後根據第 57 條被撤銷的任何個案；

(e) 就每項由該部門的任何人員根據第 33 條提出的尋求發出器材取出手令的申請，載有以下事宜的紀錄 ——

(i) 該申請 ( 包括為該申請的目的而根據第 33(2)(b) 條提供的任何誓章的文本 )；及

(ii) 小組法官就該申請作出的決定 ( 包括因應該申請而根據第 34(3) 條發出的任何器材取出手令的文本 )；

(f) 載有以下事宜的紀錄 ——

(i) 因為沒有該部門的任何人員在 48 小時限期內提出確認緊急授權的申請以致第 23(3) 條適用的任何個案；

(ii) 因為沒有該部門的任何人員在 48 小時限期內提出確認訂明授權或訂明授權的續期的申請以致第 26(3) 條適用的任何個案；及

(iii) 就以下事宜作出的任何定論：就該部門的任何人員所發現或察覺的任何其他不符合規定之處及錯誤 ( 不論該不符合規定之處及錯誤是在根據第 56(1) 或 (2) 條進行的定期檢討中或在其他情況下被發現或察覺的 )；及

(g) 載有任何合理地須由該部門備存以令專員能夠擬備根據第 49 條向行政長官提交的報告或以其他方式執行他在本條例下的任何職能的紀錄。

(c) in respect of each application for confirmation of a prescribed authorization or renewal by any officer of the department as provided for in section 26(1), a record of—

(i) the application (including a copy of any record, affidavit or statement provided under section 26(2)(b) for the purposes of the application); and

(ii) the determination in respect of the application by the relevant authority (including a copy of any prescribed authorization issued or renewed under section 27(5) as a result of the application);

(d) a record of—

(i) any case in which any interception or covert surveillance has been discontinued by any officer of the department under section 57; and

(ii) any case in which any prescribed authorization has been revoked under section 57 further to the discontinuance;

(e) in respect of each application for the issue of a device retrieval warrant under section 33 by any officer of the department, a record of—

(i) the application (including a copy of any affidavit provided under section 33(2)(b) for the purposes of the application); and

(ii) the determination in respect of the application by a panel judge (including a copy of any device retrieval warrant issued under section 34(3) as a result of the application);

(f) a record of—

(i) any case to which section 23(3) applies by reason that no application for confirmation of an

(2) 根據第 (1) 款備存的紀錄 ——

  (a) 在其與任何訂明授權或器材取出手令有關的範圍內 ——

    (i) 須於該訂明授權或器材取出手令 ( 視屬何情況而定 ) 失效當日之後的一段最少 2 年的期間內，予以保留；及

    (ii) ( 在不損害第 (i) 節的原則下 ) 凡有關部門獲悉在任何法院有任何待決的有關民事或刑事法律程序，或獲悉有關民事或刑事法律程序相當可能會在任何法院提起，或獲悉有關檢討正根據第 41 條進行，或 ( 就訂明授權而言 ) 獲悉有尋求審查的有關申請根據第 43 條提出，須 ——

      (A) ( 就待決的法律程序、檢討或申請而言 ) 在該待決的法律程序、檢討或申請獲最終裁斷或獲最終的處理之後最少 1 年期間內，予以保留；或

      (B) ( 就相當可能會提起的法律程序而言 ) 在該法律程序獲最終裁斷或獲最終的處理之後最少 1 年期間內或 ( 如適用 ) 在該法律程序不再屬相當可能會提起之後最少 1 年期間內，予以保留；或

  (b) 在其與任何訂明授權或器材取出手令無關的範圍內，須在一段最少 2 年的期間內，予以保留。

(3) 就第 (2) 款而言，在 ( 但僅在 ) 以下情況下，法律程序、檢討或申請就關乎任何訂明授權或器材取出手令的紀錄的任何部分而言，即視為有關 ——

  (a) 該訂明授權或器材取出手令 ( 視屬何情況而定 ) 仍關或可能仍關為該法律程序、檢討或申請 ( 視屬何情況而定 ) 的目的而裁斷任何問題；或

emergency authorization is made within the period of 48 hours by any officer of the department;

  (ii) any case to which section 26(3) applies by reason that no application for confirmation of a prescribed authorization or renewal is made within the period of 48 hours by any officer of the department; and

  (iii) any findings in respect of any other irregularities and errors identified or detected by any officer of the department, whether in any regular review conducted under section 56(1) and (2) or otherwise; and

  (g) any record reasonably required to be kept by the department to enable the Commissioner to prepare reports for submission to the Chief Executive under section 49, or otherwise to perform any of his functions under this Ordinance.

(2) The record kept under subsection (1)—

  (a) to the extent that it relates to any prescribed authorization or device retrieval warrant—

    (i) is to be retained for a period of at least 2 years after the day on which the prescribed authorization or device retrieval warrant (as the case may be) has ceased to have effect; and

    (ii) without prejudice to subparagraph (i), where it has come to the notice of the department concerned that any relevant civil or criminal proceedings before any court are pending or are likely to be instituted, or any relevant review is being conducted under section 41, or, in the case of a prescribed authorization, any relevant application for an examination has been made under section 43, is to be retained—

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 90 of 113

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

5-29

第 589 章

第 5 部

第 61 條

PART 5

Section 61

5-30

Cap. 589

(b) （就訂明授權而言）任何依據該授權取得的受保護成果倘關或可能倘關為該法律程序、檢討或申請（視屬何情況而定）的目的而裁斷任何問題。

(A) in the case of any pending proceedings, review or application, for a period of at least 1 year after the pending proceedings, review or application has been finally determined or finally disposed of; or

(B) in the case of any proceedings which are likely to be instituted, for a period of at least 1 year after they have been finally determined or finally disposed of or, if applicable, for a period of at least 1 year after they are no longer likely to be instituted; or

(b) to the extent that it does not relate to any prescribed authorization or device retrieval warrant, is to be retained for a period of at least 2 years.

(3) For the purposes of subsection (2), any proceedings, review or application is, in relation to any part of a record that relates to any prescribed authorization or device retrieval warrant, regarded as relevant if, but only if—

(a) the prescribed authorization or device retrieval warrant (as the case may be) is or may be relevant to the determination of any question for the purposes of the proceedings, review or application (as the case may be); or

(b) in the case of a prescribed authorization, any protected product obtained pursuant to the prescribed authorization is or may be relevant to the determination of any question for the purposes of the proceedings, review or application (as the case may be).

**61. 電訊截取成果不獲接納為證據**

(1) 任何電訊截取成果不得於在任何法院進行的任何法律程序中獲接納為證據，但用作證明有人已犯某有關罪行則

**61. Non-admissibility of telecommunications interception product**

(1) Any telecommunications interception product shall not be admissible in evidence in any proceedings before any

除外。

(2) 任何電訊截取成果以及關於依據有關訂明授權進行的電訊截取的任何詳情，不得提供予在任何法院進行的任何法律程序 ( 就有關罪行提起的任何該等法律程序除外 ) 中的任何一方。

(3) 於在任何法院進行的任何法律程序 ( 就有關罪行提起的任何該等法律程序除外 ) 中，不可舉出任何傾向顯示以下任何事宜的任何證據，亦不可發問任何傾向顯示以下任何事宜的任何問題 ——

(a) 有人已提出申請，尋求根據本條例發出有關訂明授權或將有關訂明授權續期，或尋求根據本條例發出有關器材取出手令；

(b) 已根據本條例發出有關訂明授權或將有關訂明授權續期，或已根據本條例發出有關器材取出手令；

(c) 已對任何人施加規定，規定該人為執行有關訂明授權或有關器材取出手令而提供協助；

(d) 已依據有關訂明授權取得任何資料。

(4) 儘管有第 (2) 款或本條例任何其他條文的規定，凡為任何刑事法律程序 ( 不論是就某罪行提起的刑事法律程序或是任何有關法律程序 ) 的目的，依據有關訂明授權取得的並可繼續被有關部門取用的任何資料，可能會合理地被認為是能夠削弱控方針對辯方的論據，或會有助於辯方的論據，則 ——

(a) 該部門須向控方披露該等資料；及

(b) 然後控方須於以非公開形式進行的單方面聆訊中，向法官披露該等資料。

(5) 法官可在有資料根據第 (4)(b) 款向他披露後，作出他認為就確保有關法律程序得以公平進行而屬合適的命令。

(6) 凡在任何刑事法律程序中，有任何命令根據第 (5) 款作出，控方須於以非公開形式進行的單方面聆訊中，向審

court other than to prove that a relevant offence has been committed.

(2) Any telecommunications interception product, and any particulars as to a telecommunications interception carried out pursuant to a relevant prescribed authorization, shall not be made available to any party to any proceedings before any court (other than any such proceedings instituted for a relevant offence).

(3) In any proceedings before any court (other than any such proceedings instituted for a relevant offence), any evidence or question which tends to suggest any of the following matters shall not be adduced or asked—

(a) that an application has been made for the issue or renewal of a relevant prescribed authorization, or the issue of a relevant device retrieval warrant, under this Ordinance;

(b) that a relevant prescribed authorization has been issued or renewed, or a relevant device retrieval warrant has been issued, under this Ordinance;

(c) that any requirement has been imposed on any person to provide assistance for the execution of a relevant prescribed authorization or a relevant device retrieval warrant;

(d) that any information has been obtained pursuant to a relevant prescribed authorization.

(4) Notwithstanding subsection (2) or any other provision of this Ordinance, where, for the purposes of any criminal proceedings (whether being criminal proceedings instituted for an offence or any related proceedings), any information obtained pursuant to a relevant prescribed authorization and continuing to be available to the department concerned might reasonably be considered capable of undermining the case for

理任何有關法律程序的法官披露該命令的條款及有關資料。

(7) 儘管有第 (5) 款的規定，根據該款作出的命令並不授權或規定在違反第 (1)、(2) 及 (3) 款的情況下作出任何事情。

(8) 在本條中 ——

" 一方 " (party) 就任何刑事法律程序而言，包括檢控方；

" 有關法律程序 " (related proceedings) 就任何刑事法律程序而言，指該等刑事法律程序所引致的進一步法律程序 ( 包括上訴程序 )，或該等刑事法律程序的初步或附帶法律程序；

" 有關訂明授權 " (relevant prescribed authorization) 指對電訊截取的訂明授權；

" 有關罪行 " (relevant offence) 指由披露任何電訊截取成果或披露關乎取得任何電訊截取成果的任何資料所構成的任何罪行 ( 不論該罪行是否有其他構成元素 )；

" 有關器材取出手令 " (relevant device retrieval warrant) 指授權取出根據有關訂明授權而授權使用的任何器材的器材取出手令；

" 法官 " (judge) 就任何法律程序而言，指聆聽或將會聆聽該等法律程序的法官或裁判官，或任何具有處理有關事宜的司法管轄權的其他法官或裁判官；

" 電訊截取成果 " (telecommunications interception product) 在截取成果屬 ——

(a) 依據有關訂明授權而取得的通訊的任何內容；或

(b) 該等內容的文本，

的範圍內，指該等截取成果。

the prosecution against the defence or of assisting the case for the defence—

(a) the department shall disclose the information to the prosecution; and

(b) the prosecution shall then disclose the information to the judge in an ex parte hearing that is held in private.

(5) The judge may, further to the disclosure to him of the information under subsection (4)(b), make such orders as he thinks fit for the purpose of securing the fairness of the proceedings.

(6) Where any order is made under subsection (5) in any criminal proceedings, the prosecution shall disclose to the judge for any related proceedings the terms of the order and the information concerned in an ex parte hearing that is held in private.

(7) Notwithstanding subsection (5), no order made under that subsection authorizes or requires anything to be done in contravention of subsections (1), (2) and (3).

(8) In this section—

"judge" (法官), in relation to any proceedings, means the judge or magistrate before whom those proceedings are or are to be heard, or any other judge or magistrate having jurisdiction to deal with the matter concerned;

"party" (一方), in relation to any criminal proceedings, includes the prosecution;

"related proceedings" (有關法律程序), in relation to any criminal proceedings, means any further proceedings (including appeal proceedings) arising from, or any proceedings preliminary or incidental to, those proceedings;

"relevant device retrieval warrant" (有關器材取出手令) means a device retrieval warrant for the retrieval of any of the

devices authorized to be used under a relevant prescribed authorization;

"relevant offence" (有關罪行) means any offence constituted by the disclosure of any telecommunications interception product or of any information relating to the obtaining of any telecommunications interception product (whether or not there are other constituent elements of the offence);

"relevant prescribed authorization" (有關訂明授權) means a prescribed authorization for a telecommunications interception;

"telecommunications interception product" (電訊截取成果) means any interception product to the extent that it is—

(a) any contents of a communication that have been obtained pursuant to a relevant prescribed authorization; or

(b) a copy of such contents.

**62. 享有法律專業保密權的資料繼續享有保密權**

儘管享有法律專業保密權的資料是依據訂明授權被取得,該等資料繼續享有保密權。

**62. Information subject to legal professional privilege to remain privileged**

Any information that is subject to legal professional privilege is to remain privileged notwithstanding that it has been obtained pursuant to a prescribed authorization.

**63. 實務守則**

(1) 保安局局長須為就本條例訂定的事宜向各部門的人員提供實務指引的目的,發出實務守則。

(2) 在不局限第 (1) 款的一般性的原則下,保安局局長可在實務守則內,指明根據本條例向小組法官提出的任何申請的格式。

(3) 保安局局長可不時修改整套實務守則或其任何部分,修改方式須與他根據本條發出該守則的權力相符,而除文

**63. Code of practice**

(1) The Secretary for Security shall issue a code of practice for the purpose of providing practical guidance to officers of the departments in respect of matters provided for in this Ordinance.

(2) Without limiting the generality of subsection (1), the Secretary for Security may in the code of practice specify the form of any application to be made to a panel judge under this Ordinance.

Case 3:18-cr-00465-MMC   Document 69-8   Filed 09/25/19   Page 94 of 113

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

5-37

第 5 部
第 589 章
第 63 條

PART 5
5-38
Section 63
Cap. 589

意另有所指外，凡提述 ( 不論是或並非是在本條例中提述 ) 實務守則，須解釋為提述經如此修改的該守則。

(4) 部門的任何人員在根據本條例或為本條例任何條文的施行而執行任何職能時，須遵守實務守則的條文。

(5) 如任何人不遵守實務守則的任何條文 ——

   (a) 就所有目的而言，不得僅因該項不遵守而將該項不遵守視為有不遵守本條例任何條文的情況；及

   (b) 在不損害 (a) 段的原則下，該項不遵守不影響任何訂明授權或器材取出手令的有效性。

————————

(3) The Secretary for Security may from time to time revise the whole or any part of the code of practice, in a manner consistent with his power to issue the code under this section, and, unless the context otherwise requires, any reference to the code of practice, whether in this Ordinance or otherwise, is to be construed as a reference to the code as so revised.

(4) Any officer of a department shall, in performing any function under or for the purposes of any provision of this Ordinance, comply with the provisions of the code of practice.

(5) A failure on the part of any person to comply with any provision of the code of practice—

   (a) is for all purposes not of itself to be regarded as a failure to comply with any provision of this Ordinance; and

   (b) without prejudice to paragraph (a), does not affect the validity of any prescribed authorization or device retrieval warrant.

————————

# 第 6 部

## 雜項條文

**64. 訂明授權及器材取出手令不受輕微缺失影響**

(1) 訂明授權或器材取出手令不受與其有關的任何輕微缺失影響。

(2) 在不局限第 (1) 款的一般性原則下，依據訂明授權取得的任何資料 ( 包括任何受保護成果 )，不得僅因為與該授權有關的任何輕微缺失，而被致令不得於任何法院進行的任何法律程序中獲接納為證據。

(3) 就本條而言，對輕微缺失的任何提述就訂明授權或器材取出手令而言，包括以下事宜中或在與以下事宜有關連的情況下的任何缺失或不符合規定之處 ( 重大缺失或不符合規定之處除外 ) ——

(a) 發出或本意是發出該訂明授權或器材取出手令或看來是該授權或手令的文件；或

(b) 執行或本意是執行該訂明授權或器材取出手令或看來是該授權或手令的文件。

**65. 豁免權**

(1) 在第 (2) 款的規限下，任何人不得僅因 ——

# PART 6

## MISCELLANEOUS

**64. Prescribed authorizations and device retrieval warrants not affected by minor defects**

(1) A prescribed authorization or device retrieval warrant is not affected by any minor defect relating to it.

(2) Without limiting the generality of subsection (1), any information (including any protected product) obtained pursuant to a prescribed authorization is not by reason only of any minor defect relating to the prescribed authorization to be rendered inadmissible in evidence in any proceedings before any court.

(3) For the purposes of this section, any reference to minor defect, in relation to a prescribed authorization or device retrieval warrant, includes any defect or irregularity, other than a substantial defect or irregularity, in or in connection with—

(a) the issue, or the purported issue, of that prescribed authorization or device retrieval warrant or of a document purporting to be that prescribed authorization or device retrieval warrant; or

(b) the execution, or the purported execution, of that prescribed authorization or device retrieval warrant or of a document purporting to be that prescribed authorization or device retrieval warrant.

**65. Immunity**

(1) Subject to subsection (2), a person shall not incur any civil or criminal liability by reason only of—

(a) 依據訂明授權或器材取出手令進行的任何行為 ( 包括該等行為所附帶的行為 )；

(b) 他真誠地執行或本意是真誠地執行在本條例下的任何職能；或

(c) 他遵從根據本條例作出的或本意是根據本條例作出的任何規定或要求，

而招致任何民事或刑事法律責任。

(2) 第 (1) 款並不影響任何人僅因以下事宜而招致或可能招致的任何法律責任 ——

(a) 未經准許而進入任何處所；或

(b) 未經准許而干擾任何財產。

## 65A. 在訂明授權被撤銷後取得的受保護成果

(1) 如某訂明授權或其某部分根據第 24(3)(a)(i)、27(3)(a)(i)、58(2) 或 58A(4) 條被撤銷，有關部門的首長須作出安排，以確保有關截取或秘密監察或其有關部分，於合理地切實可行範圍內，盡快終止。

(2) 任何受保護成果，如在有關訂明授權或其有關部分被撤銷後，但在有關截取或秘密監察或其有關部分按照有關部門的首長根據第 (1) 款作出的安排而終止前取得，則就本條例而言，該成果須視為是依據訂明授權取得的。

*( 由 2016 年第 21 號第 20 條增補 )*

(a) any conduct carried out pursuant to a prescribed authorization or device retrieval warrant (including any conduct incidental to such conduct);

(b) his performance or purported performance in good faith of any function under this Ordinance; or

(c) his compliance with a requirement made or purportedly made under this Ordinance.

(2) Nothing in subsection (1) affects any liability that is or may be incurred by any person by reason only of—

(a) any entry onto any premises without permission; or

(b) any interference with any property without permission.

## 65A. Protected products obtained after revocation of prescribed authorization

(1) If a prescribed authorization or a part of a prescribed authorization is revoked under section 24(3)(a)(i), 27(3)(a)(i), 58(2) or 58A(4), the head of the department concerned must make arrangements to ensure that the interception or covert surveillance concerned or the relevant part of the interception or covert surveillance concerned is discontinued as soon as reasonably practicable.

(2) Any protected product that is obtained after the prescribed authorization concerned or the relevant part of the prescribed authorization concerned is revoked and before the interception or covert surveillance concerned or the relevant part of the interception or covert surveillance concerned is discontinued in accordance with the arrangements made by the head of the department concerned under subsection (1) is, for the purposes of this Ordinance, to be regarded as having been obtained pursuant to a prescribed authorization.

*(Added 21 of 2016 s. 20)*

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

6-5

第6部

第589章

第66條

PART 6

6-6

Section 66

Cap. 589

**66. 規例**

行政長官會同行政會議可在立法會批准下，為以下目的訂立規例 ——

(a) 更佳地貫徹本條例的宗旨；及

(b) 在不局限第 (a) 段的一般性的原則下，訂明本條例規定須由或可由根據本條例訂立的規例訂明的任何事宜。

**67. 修訂附表**

行政長官會同行政會議可在立法會批准下，藉於憲報刊登的公告，修訂附表 1、2、3 及 4。

**68.** *(已失時效而略去)*

**69. 過渡性安排**

(1) 凡任何部門或他人代任何部門藉依據在本條例生效前根據《電訊條例》(第 106 章) 第 33 條發出或續期的命令進行任何電訊截取，而取得任何材料，第 59 條在經必要的變通後，在該等材料屬該被截取的通訊的任何內容或該等內容的文本的範圍內，適用於該等材料，猶如 ——

(a) 該命令是根據本條例發出或續期的訂明授權一樣，而據此 ——

(i) 該等材料屬受保護成果；及

(ii) 尋求發出該命令或將該命令續期的申請，是尋求根據本條例就發出訂明授權或將訂明授權續期的申請；及

(b) 進行在該命令下須予進行的行動所謀求達到的目的是該命令的有關目的一樣。

**66. Regulation**

The Chief Executive in Council may, subject to the approval of the Legislative Council, make regulations for—

(a) the better carrying out of the purposes of this Ordinance; and

(b) without limiting the generality of paragraph (a), prescribing any matter which this Ordinance provides is, or may be, prescribed by regulation made under this section.

**67. Amendment of Schedules**

The Chief Executive in Council may, subject to the approval of the Legislative Council, amend Schedules 1, 2, 3 and 4 by notice published in the Gazette.

**68.** *(Omitted as spent)*

**69. Transitional arrangements**

(1) Where any materials have been obtained by or on behalf of any department by carrying out any telecommunications interception pursuant to an order issued or renewed before the commencement of this Ordinance under section 33 of the Telecommunications Ordinance (Cap. 106), section 59 applies, with necessary modifications, to the materials, to the extent that they are any of the contents of the communication intercepted or a copy of such contents, as if—

(a) the order were a prescribed authorization issued or renewed under this Ordinance, and accordingly—

(i) the materials were protected product; and

(2) 第 (1) 款是在《釋義及通則條例》( 第 1 章 ) 第 23 條以外的條文而不減損該條的效力。

(3) 本條的施行，並不使依據第 (1) 款所提述的命令進行的任何電訊截取有效，亦不授權進行任何該等截取。

(4) 在本條中，" 文本 " (copy) 就第 (1) 款所提述的通訊的任何內容而言，指任何以下項目 ( 不論是否屬文件形式 ) ——

　　(a) 該等內容的任何文本、複本、副本、拷貝、摘錄或撮錄；

　　(b) 提述第 (1) 款所提述的電訊截取，並且是直接或間接顯示屬該通訊的傳送人或傳送對象的人的身分的紀錄的任何紀錄。

————————

　　　　(ii) the application for the issue or renewal of the order were an application for the issue or renewal of a prescribed authorization under this Ordinance; and

　　(b) the purpose sought to be furthered by carrying out the operation required to be carried out under the order were the relevant purpose of the order.

(2) Subsection (1) is in addition to and not in derogation of section 23 of the Interpretation and General Clauses Ordinance (Cap. 1).

(3) Nothing in this section operates to validate or authorize any telecommunications interception carried out pursuant to an order referred to in subsection (1).

(4) In this section, "copy" (文本), in relation to any contents of a communication referred to in subsection (1), means any of the following (whether or not in documentary form)—

　　(a) any copy, extract or summary of such contents;

　　(b) any record referring to the telecommunications interception referred to in subsection (1) which is a record showing, directly or indirectly, the identity of any person who is the sender or intended recipient of the communication.

————————

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

S1-1
第 589 章

附表 1 —— 第 1 部
第 1 條

SCHEDULE 1—PART 1
Section 1

S1-2
Cap. 589

# 附表 1

[ 第 2 及 67 條 ]

# 部門

## 第 1 部

### 就截取等而指明的部門

1. 香港海關

2. 香港警務處

3. 廉政公署

## 第 2 部

### 就秘密監察等而指明的部門

1. 香港海關

2. 香港警務處

# SCHEDULE 1

[ss. 2 & 67]

# DEPARTMENTS

## PART 1

### DEPARTMENTS SPECIFIED FOR INTERCEPTION, ETC.

1. Customs and Excise Department

2. Hong Kong Police Force

3. Independent Commission Against Corruption

## PART 2

### DEPARTMENTS SPECIFIED FOR COVERT SURVEILLANCE, ETC.

1. Customs and Excise Department

2. Hong Kong Police Force

3.　　入境事務處

4.　　廉政公署

——————————

3.　　　Immigration Department

4.　　　Independent Commission Against Corruption

——————————

# 附表 2

[ 第 6、53 及 67 條 ]

## 小組法官的處事程序及關乎小組法官的其他事宜

1. **關於小組法官考慮申請的條文**

    (1) 小組法官須於非公開的情況下考慮根據本條例向他提出的任何申請。

    (2) 在不損害第 (1) 款的原則下，如小組法官如此指示，則上述申請可在法院範圍以外的任何地方 ( 部門的處所除外 ) 予以考慮。

    (3) 小組法官可按他認為適當的方式考慮上述申請。

2. **小組法官的進一步權力**

    小組法官可為執行他在本條例下的任何職能的目的而監督及監理誓章。

3. **關於由小組法官編製的或向小組法官提供的文件及紀錄的條文**

    (1) 凡任何小組法官為關乎他在本條例下的任何職能的執行的目的而編製或獲提供任何文件及紀錄，該法官須安排於他在本條例下的任何職能的執行均不再即時需用該等文件及紀錄後，盡快將所有該等文件及紀錄保存於按他的命令密封的封套內。

# SCHEDULE 2

[ss. 6, 53 & 67]

## PROCEDURES OF, AND OTHER MATTERS RELATING TO, PANEL JUDGE

1. **Provisions for consideration of applications by panel judge**

    (1) A panel judge shall consider any application made to him under this Ordinance in private.

    (2) Without prejudice to subsection (1), the application may, where the panel judge so directs, be considered outside the court precincts at any place other than the premises of a department.

    (3) The panel judge may consider the application in such manner as he considers appropriate.

2. **Further powers of panel judge**

    For the purpose of performing any of his functions under this Ordinance, a panel judge may administer oaths and take affidavits.

3. **Provisions for documents and records compiled by or made available to panel judge**

(2) 儘管有第 (1) 款的規定，在該款所描述的情況下獲提供任何文件或紀錄的小組法官須 ——

　(a) 安排以在如此向他提供的每一份文件或紀錄的文本上蓋上他的印章並於其上簽署的方式，核證該文本；及

　(b) 安排向有關部門提供經如此核證的文本。

(3) 凡任何文件或紀錄根據第 (1) 款被保存於封套內 ——

　(a) 該封套須被保存於由小組法官所指明的保安周全的地方；

　(b) 除依據小組法官為執行他在本條例下的任何職能 ( 包括順應專員根據本條例第 53(2) 條提出的要求而執行的該等職能 ) 的目的而作出的命令行事外，該封套不得被開啟，而該等文件或紀錄不得自該封套取出；及

　(c) 除依據小組法官的命令行事外，該封套及該等文件或紀錄不得被銷毀。

(4) 凡任何封套依據第 (3)(b) 款所提述的小組法官命令而被開啟 ——

　(a) 在有任何文件或紀錄自該封套取出的情況下，有關的小組法官須安排於他在本條例下的任何職能的執行均不再即時需用該等文件或紀錄後，盡快將之放回該封套內予以保存；及

　(b) 有關的小組法官須安排於他在本條例下的任何職能的執行均不再即時需要取用保存於該封套內的文件或紀錄後，盡快按他的命令密封該封套，

而第 (3) 款的條文在經必要的變通後，即適用於如此密封的該封套，猶如該等條文適用於第 (1) 款所提述的封套一樣。

(5) 本條的規定不阻止為施行任何有關書面決定條文，或在依據小組法官的命令下，將任何第 (1) 款所提述

(1) A panel judge shall cause all documents and records compiled by, or made available to, him for any purpose related to the performance of any of his functions under this Ordinance to be kept in a packet sealed by his order, as soon as they are no longer immediately required for the purpose of performing any of his functions under this Ordinance.

(2) Notwithstanding subsection (1), a panel judge to whom any documents or records are made available in the circumstances described in that subsection shall—

　(a) cause a copy of each of the documents or records so made available to him to be certified by affixing his seal to it and signing on it; and

　(b) cause the copy so certified to be made available to the department concerned.

(3) Where any documents or records are kept in a packet under subsection (1)—

　(a) the packet is to be kept in a secure place specified by a panel judge;

　(b) the packet may not be opened, and the documents or records may not be removed from the packet, except pursuant to an order of a panel judge made for the purpose of performing any of his functions under this Ordinance (including those performed at the request of the Commissioner under section 53(2) of this Ordinance); and

　(c) the packet, and the documents or records, may not be destroyed except pursuant to an order of a panel judge.

(4) Where any packet is opened pursuant to any order of a panel judge referred to in subsection (3)(b)—

的文件及紀錄或將該等文件及紀錄的任何文本提供予有關部門。

(6) 在本條中，"有關書面決定條文"(relevant written determination provision) 指本條例第 9(3)、12(3)、24(5)(不論有否參照本條例第 28 條)、27(5) 或 34(3) 條。

————————

(a) if any documents or records have been removed from the packet, the panel judge shall cause the documents or records to be returned to be kept in the packet, as soon as they are no longer immediately required for the purpose of performing any of his functions under this Ordinance; and

(b) the panel judge shall cause the packet to be sealed by his order, as soon as access to the documents or records kept in it is no longer immediately required for the purpose of performing any of his functions under this Ordinance,

and the provisions of subsection (3) apply, with necessary modifications, to the packet so sealed as they apply to the packet referred to in subsection (1).

(5) Nothing in this section prevents any of the documents and records referred to in subsection (1), or any copies of such documents and records, to be made available to the department concerned, whether for the purposes of any relevant written determination provision or pursuant to an order of a panel judge.

(6) In this section, "relevant written determination provision" (有關書面決定條文) means section 9(3), 12(3), 24(5) (whether with or without reference to section 28 of this Ordinance), 27(5) or 34(3) of this Ordinance.

————————

## 附表 3

[ 第 8、11、14、17、20 及
67 條 ]

## 適用於關於尋求發出對截取或秘密監察的訂明授權或 將該等授權續期的申請的誓章或陳述的規定

## 第 1 部

### 尋求發出對截取的法官授權的申請

用以支持尋求發出對截取的法官授權的申請的誓章，須 ——

(a)  述明謀求藉進行該截取達到的目的，是本條例第 3(1)(a)(i) 及 (ii) 條所指明的目的中的哪一項；

(b)  列明 ——

　(i)  該截取的形式，以及謀求藉進行該截取而取得的資料；

　(ii)  ( 如知道的話 ) 將會屬該截取的目標人物的人的身分；

　(iii)  ( 如知道的話 ) 用以識別將會被截取的任何通訊的地址、號碼、儀器或其他因素的詳情，或該等因素的組合的詳情；

　(iv)  該截取的建議時限；

　(v)  本條例第 3(1)(b) 條所指明的合理懷疑所基於的理由；

　(vi)  以下資料 ——

## SCHEDULE 3

[ss. 8, 11, 14, 17, 20 & 67]

## REQUIREMENTS FOR AFFIDAVIT OR STATEMENT FOR APPLICATION FOR ISSUE OR RENEWAL OF PRESCRIBED AUTHORIZATION FOR INTERCEPTION OR COVERT SURVEILLANCE

## PART 1

### APPLICATION FOR ISSUE OF JUDGE'S AUTHORIZATION FOR INTERCEPTION

An affidavit supporting an application for the issue of a judge's authorization for interception is to—

(a)  state which of the purposes specified in section 3(1)(a)(i) and (ii) of this Ordinance is sought to be furthered by carrying out the interception;

(b)  set out—

　(i)  the form of the interception and the information sought to be obtained by carrying out the interception;

　(ii)  if known, the identity of any person who is to be the subject of the interception;

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

S3-3
第 589 章

附表 3 —— 第 1 部

SCHEDULE 3—PART 1

S3-4
Cap. 589

(A) （如謀求藉進行該截取達到的目的是本條例第 3(1)(a)(i) 條所指明者）須予防止或偵測的有關特定嚴重罪行，以及對該罪行的逼切性及嚴重程度的評估；或

(B) （如謀求藉進行該截取達到的目的是本條例第 3(1)(a)(ii) 條所指明者）對公共安全的有關特定威脅，對該威脅的逼切性及嚴重程度的評估，以及對該威脅於香港、香港居民或在香港的其他人的安全方面的直接及間接影響的評估；

(vii) 相當可能會藉進行該截取而取得的利益；

(viii) 對該截取對不屬第 (ii) 節所提述的人的任何人的影響 ( 如有的話 ) 的評估；

(ix) 會藉進行該截取而取得以下資料的可能性：可能享有法律專業保密權的資料，或可能屬新聞材料的內容的資料；

(x) 謀求藉進行該截取達到的目的不能合理地藉侵擾程度較低的其他手段達到的原因；及

(xi) （如知道的話）是否有在過去 2 年期間提出符合以下說明的、尋求發出訂明授權或將訂明授權續期的申請 ——

(A) 該申請亦有將根據第 (ii) 節在有關誓章中列出的任何人，識別為有關截取或秘密監察的目標人物；或

(B) （凡根據第 (iii) 節在有關誓章中列出任何電訊服務的詳情）該申請亦有尋求對下述通訊進行截取的授權：向該電訊服務發出或從該電訊服務發出的任何通訊，

而如有上述申請的話，該申請的詳情；及

(c) 以姓名、職級及職位識別申請人及批准提出該申請的該有關部門的任何人員。

(iii) if known, particulars of the addresses, numbers, apparatus or other factors, or combination of factors, that are to be used for identifying any communication that is to be intercepted;

(iv) the proposed duration of the interception;

(v) the grounds for the reasonable suspicion specified in section 3(1)(b) of this Ordinance;

(vi) the following information—

(A) where the purpose sought to be furthered by carrying out the interception is that specified in section 3(1)(a)(i) of this Ordinance, the particular serious crime to be prevented or detected and an assessment of its immediacy and gravity; or

(B) where the purpose sought to be furthered by carrying out the interception is that specified in section 3(1)(a)(ii) of this Ordinance, the particular threat to public security, an assessment of its immediacy and gravity, and an assessment of its impact, both direct and indirect, on the security of Hong Kong, the residents of Hong Kong, or other persons in Hong Kong;

(vii) the benefits likely to be obtained by carrying out the interception;

(viii) an assessment of the impact (if any) of the interception on any person other than that referred to in subparagraph (ii);

(ix) the likelihood that any information which may be subject to legal professional privilege, or may be the contents of any journalistic material, will be obtained by carrying out the interception;

(x) the reason why the purpose sought to be furthered by carrying out the interception cannot reasonably be furthered by other less intrusive means; and

(xi)  if known, whether, during the preceding 2 years, there has been any application for the issue or renewal of a prescribed authorization in which—

 (A)  any person set out in the affidavit under subparagraph (ii) has also been identified as the subject of the interception or covert surveillance concerned; or

 (B)  where the particulars of any telecommunications service have been set out in the affidavit under subparagraph (iii), the interception of any communication to or from that telecommunications service has also been sought,

 and if so, particulars of such application; and

(c)  identify by name, rank and post the applicant and any officer of the department concerned approving the making of the application.

## 第 2 部

## 尋求發出對第 1 類監察的法官授權的申請

用以支持尋求發出對第 1 類監察的法官授權的申請的誓章，須 ——

(a)  述明謀求藉進行該第 1 類監察達到的目的，是本條例第 3(1)(a)(i) 及 (ii) 條所指明的目的中的哪一項；

(b)  列明 ——

 (i)  該第 1 類監察的形式 ( 包括將會使用的任何器材的種類 )，以及謀求藉進行該監察而取得的資料；

 (ii)  ( 如知道的話 ) 將會屬該第 1 類監察的目標人物的人的身分；

## PART 2

## APPLICATION FOR ISSUE OF JUDGE'S AUTHORIZATION FOR TYPE 1 SURVEILLANCE

An affidavit supporting an application for the issue of a judge's authorization for Type 1 surveillance is to—

(a)  state which of the purposes specified in section 3(1)(a)(i) and (ii) of this Ordinance is sought to be furthered by carrying out the Type 1 surveillance;

(b)  set out—

《截取通訊及監察條例》      INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

S3-7

第 589 章

附表 3 —— 第 2 部

SCHEDULE 3—PART 2

S3-8

Cap. 589

(iii) 可能受該第 1 類監察影響而不屬第 (ii) 節所提述的人的任何人的身分，或 ( 如該人的身分不詳 ) 對可能受該監察影響的某人或某類別的人的描述；

(iv) ( 如知道的話 ) 將會進行的該第 1 類監察所在的任何處所或任何物體或任何類別物體的詳情；

(v) 該第 1 類監察的建議時限；

(vi) 本條例第 3(1)(b) 條所指明的合理懷疑所基於的理由；

(vii) 以下資料 ——

(A) ( 如謀求藉進行該第 1 類監察達到的目的是本條例第 3(1)(a)(i) 條所指明者 ) 須予防止或偵測的有關特定嚴重罪行，以及對該罪行的逼切性及嚴重程度的評估；或

(B) ( 如謀求藉進行該第 1 類監察達到的目的是本條例第 3(1)(a)(ii) 條所指明者 ) 對公共安全的有關特定威脅，對該威脅的逼切性及嚴重程度的評估，以及對該威脅於香港、香港居民或在香港的其他人的安全方面的直接及間接影響的評估；

(viii) 相當可能會藉進行該第 1 類監察而取得的利益；

(ix) 對該第 1 類監察對第 (iii) 節所提述的人的影響 ( 如有的話 ) 的評估；

(x) 會藉進行該第 1 類監察而取得以下資料的可能性：可能享有法律專業保密權的資料，或可能屬新聞材料的內容的資料；

(xi) 謀求藉進行該第 1 類監察達到的目的不能合理地藉侵擾程度較低的其他手段達到的原因；及

(xii) ( 如知道的話 ) 是否有在過去 2 年期間提出符合以下說明的、尋求發出訂明授權或將訂明授權續期的申請；該申請亦有將根據第 (ii) 節在有關誓章中列出的任何人，識別為有關截取或秘密監察的目標人物；而如有上述申請的話，該申請的詳情；及

(i) the form of the Type 1 surveillance (including the kind or kinds of any devices to be used) and the information sought to be obtained by carrying out the Type 1 surveillance;

(ii) if known, the identity of any person who is to be the subject of the Type 1 surveillance;

(iii) the identity of any person, other than that referred to in subparagraph (ii), who may be affected by the Type 1 surveillance or, if the identity of such person is not known, the description of any such person or class of such persons who may be affected by the Type 1 surveillance;

(iv) if known, particulars of any premises or any object or class of objects in or on which the Type 1 surveillance is to be carried out;

(v) the proposed duration of the Type 1 surveillance;

(vi) the grounds for the reasonable suspicion specified in section 3(1)(b) of this Ordinance;

(vii) the following information—

(A) where the purpose sought to be furthered by carrying out the Type 1 surveillance is that specified in section 3(1)(a)(i) of this Ordinance, the particular serious crime to be prevented or detected and an assessment of its immediacy and gravity; or

(B) where the purpose sought to be furthered by carrying out the Type 1 surveillance is that specified in section 3(1)(a)(ii) of this Ordinance, the particular threat to public security, an assessment of its immediacy and gravity, and an assessment of its impact, both direct and indirect, on the security of Hong Kong, the residents of Hong Kong, or other persons in Hong Kong;

(viii) the benefits likely to be obtained by carrying out the Type 1 surveillance;

(c) 以姓名、職級及職位識別申請人及批准提出該申請的該有關部門的任何人員。

(ix) an assessment of the impact (if any) of the Type 1 surveillance on any person referred to in subparagraph (iii);

(x) the likelihood that any information which may be subject to legal professional privilege, or may be the contents of any journalistic material, will be obtained by carrying out the Type 1 surveillance;

(xi) the reason why the purpose sought to be furthered by carrying out the Type 1 surveillance cannot reasonably be furthered by other less intrusive means; and

(xii) if known, whether, during the preceding 2 years, there has been any application for the issue or renewal of a prescribed authorization in which any person set out in the affidavit under subparagraph (ii) has also been identified as the subject of the interception or covert surveillance concerned, and if so, particulars of such application; and

(c) identify by name, rank and post the applicant and any officer of the department concerned approving the making of the application.

# 第 3 部

## 尋求發出對第 2 類監察的行政授權的申請

用以支持尋求發出對第 2 類監察的行政授權的申請的陳述，須 ——

(a) 述明謀求藉進行該第 2 類監察達到的目的，是本條例第 3(1)(a)(i) 及 (ii) 條所指明的目的中的哪一項；

(b) 列明 ——

(i) 該第 2 類監察的形式 ( 包括將會使用的任何器材的種類 )，以及謀求藉進行該監察而取得的資料；

# PART 3

## APPLICATION FOR ISSUE OF EXECUTIVE AUTHORIZATION FOR TYPE 2 SURVEILLANCE

A statement supporting an application for the issue of an executive authorization for Type 2 surveillance is to—

(a) state which of the purposes specified in section 3(1)(a)(i) and (ii) of this Ordinance is sought to be furthered by carrying out the Type 2 surveillance;

(ii)   ( 如知道的話 ) 將會屬該第 2 類監察的目標人物的人的身分；

(iii)   可能受該第 2 類監察影響而不屬第 (ii) 節所述的人的任何人的身分，或 ( 如該人的身分不詳 ) 對可能受該監察影響的某人或某類別的人的描述；

(iv)   ( 如知道的話 ) 將會進行的該第 2 類監察所在的任何處所或任何物體或任何類別物體的詳情；

(v)   該第 2 類監察的建議時限；

(vi)   本條例第 3(1)(b) 條所指明的合理懷疑所基於的理由；

(vii)   以下資料 ——

(A)   ( 如謀求藉進行該第 2 類監察達到的目的是本條例第 3(1)(a)(i) 條所指明者 ) 須予防止或偵測的有關特定嚴重罪行，以及對該罪行的逼切性及嚴重程度的評估；或

(B)   ( 如謀求藉進行該第 2 類監察達到的目的是本條例第 3(1)(a)(ii) 條所指明者 ) 對公共安全的有關特定威脅，對該威脅的逼切性及嚴重程度的評估，以及對該威脅於香港、香港居民或在香港的其他人的安全方面的直接及間接影響的評估；

(viii)   相當可能會藉進行該第 2 類監察而取得的利益；

(ix)   對該第 2 類監察對第 (iii) 節所提述的人的影響 ( 如有的話 ) 的評估；

(x)   會藉進行該第 2 類監察而取得以下資料的可能性：可能享有法律專業保密權的資料，或可能屬新聞材料的內容的資料；

(xi)   謀求藉進行該第 2 類監察達到的目的不能合理地藉侵擾程度較低的其他手段達到的原因；及

(xii)   ( 如知道的話 ) 是否有在過去 2 年期間提出符合以下說明的、尋求發出訂明授權或將訂明授權續期的申請：該申請亦有將根據第 (ii) 節在有關陳述中列出的任何人，識別

(b)   set out—

(i)   the form of the Type 2 surveillance (including the kind or kinds of any devices to be used) and the information sought to be obtained by carrying out the Type 2 surveillance;

(ii)   if known, the identity of any person who is to be the subject of the Type 2 surveillance;

(iii)   the identity of any person, other than that referred to in subparagraph (ii), who may be affected by the Type 2 surveillance or, if the identity of such person is not known, the description of any such person or class of such persons who may be affected by the Type 2 surveillance;

(iv)   if known, particulars of any premises or any object or class of objects in or on which the Type 2 surveillance is to be carried out;

(v)   the proposed duration of the Type 2 surveillance;

(vi)   the grounds for the reasonable suspicion specified in section 3(1)(b) of this Ordinance;

(vii)   the following information—

(A)   where the purpose sought to be furthered by carrying out the Type 2 surveillance is that specified in section 3(1)(a)(i) of this Ordinance, the particular serious crime to be prevented or detected and an assessment of its immediacy and gravity; or

(B)   where the purpose sought to be furthered by carrying out the Type 2 surveillance is that specified in section 3(1)(a)(ii) of this Ordinance, the particular threat to public security, an assessment of its immediacy and gravity, and an assessment of its impact, both direct and indirect, on the security of Hong Kong, the residents of Hong Kong, or other persons in Hong Kong;

為有關截取或秘密監察的目標人物；而如有上述申請的話，該申請的詳情；及

(c) 以姓名、職級及職位識別申請人。

# 第 4 部

## 尋求將對截取或秘密監察的法官授權或行政授權續期的申請

用以支持尋求將對截取或第 1 類監察的法官授權續期或將對第 2 類監察的行政授權續期的申請的誓章或陳述，須 ——

(a) 列明 ——

(viii) the benefits likely to be obtained by carrying out the Type 2 surveillance;

(ix) an assessment of the impact (if any) of the Type 2 surveillance on any person referred to in subparagraph (iii);

(x) the likelihood that any information which may be subject to legal professional privilege, or may be the contents of any journalistic material, will be obtained by carrying out the Type 2 surveillance;

(xi) the reason why the purpose sought to be furthered by carrying out the Type 2 surveillance cannot reasonably be furthered by other less intrusive means; and

(xii) if known, whether, during the preceding 2 years, there has been any application for the issue or renewal of a prescribed authorization in which any person set out in the statement under subparagraph (ii) has also been identified as the subject of the interception or covert surveillance concerned, and if so, particulars of such application; and

(c) identify by name, rank and post the applicant.

# PART 4

## APPLICATION FOR RENEWAL OF JUDGE'S AUTHORIZATION OR EXECUTIVE AUTHORIZATION FOR INTERCEPTION OR COVERT SURVEILLANCE

《截取通訊及監察條例》

INTERCEPTION OF COMMUNICATIONS AND SURVEILLANCE ORDINANCE

S3-15
第 589 章

附表 3 —— 第 4 部

SCHEDULE 3—PART 4

S3-16
Cap. 589

(i) 所尋求的續期是否首次續期及（如否）該法官授權或行政授權以往每次獲續期的情況，及每次的續期時限；

(ii) 下述資料的任何重大改變：為尋求發出該法官授權或行政授權或將該法官授權或行政授權續期的申請的目的，或為在口頭申請後提出的尋求確認該法官授權或行政授權或其過往續期的申請的目的，而在先前根據本條例在任何誓章或陳述內提供的任何資料；

(iii) 對至提出該申請為止已依據該法官授權或行政授權取得的資料的價值的評估；

(iv) 申請續期屬必要的理由；及

(v) 該截取、第 1 類監察或第 2 類監察（視屬何情況而定）的建議時限；及

(b) 以姓名、職級及職位識別申請人及批准提出該申請的該有關部門的任何人員。

————————

An affidavit or statement supporting an application for the renewal of a judge's authorization for interception or Type 1 surveillance or an executive authorization for Type 2 surveillance is to—

(a) set out—

(i) whether the renewal sought is the first renewal and, if not, each occasion on which the judge's authorization or executive authorization has been renewed previously and the duration of each renewal;

(ii) any significant change to any information previously provided in any affidavit or statement under this Ordinance for the purposes of any application for the issue or renewal of the judge's authorization or executive authorization, or for the purposes of any application made further to an oral application for confirmation of the judge's authorization or executive authorization or its previous renewal;

(iii) an assessment of the value of the information so far obtained pursuant to the judge's authorization or executive authorization;

(iv) the reason why it is necessary to apply for the renewal; and

(v) the proposed duration of the interception, Type 1 surveillance or Type 2 surveillance (as the case may be); and

(b) identify by name, rank and post the applicant and any officer of the department concerned approving the making of the application.

————————

# 附表 4

[ 第 33 及 67 條 ]

## 適用於關於尋求發出器材取出手令的申請的誓章的規定

凡某訂明授權授權使用任何器材，用以支持尋求就取出該器材發出器材取出手令的申請的誓章，須 ——

(a)　　列明 ——

　　(i)　尋求取出的器材的種類；

　　(ii)　尋求取出的器材所處的處所或物體的詳情，以及申請人認為該器材是處於該處所或物體之內或之上的原因；

　　(iii)　預計完成該項取出所需的時間；

　　(iv)　對該項取出對任何人的影響 ( 如有的話 ) 的評估；及

　　(v)　進行該項取出的需要；及

(b)　　以姓名、職級及職位識別申請人。

————————

# SCHEDULE 4

[ss. 33 & 67]

## REQUIREMENTS FOR AFFIDAVIT FOR APPLICATION FOR ISSUE OF DEVICE RETRIEVAL WARRANT

An affidavit supporting an application for the issue of a device retrieval warrant for the retrieval of any of the devices authorized to be used under a prescribed authorization is to—

(a)　　set out—

　　(i)　the kind or kinds of the devices sought to be retrieved;

　　(ii)　particulars of the premises or object from which the devices are to be retrieved, and the reason why the applicant considers that the devices are in or on such premises or object;

　　(iii)　the estimated time required to complete the retrieval;

　　(iv)　an assessment of the impact (if any) of the retrieval on any person; and

　　(v)　the need for the retrieval; and

(b)　　identify by name, rank and post the applicant.

————————

# 附表 5

*（已失時效而略去）*

# Schedule 5

*(Omitted as spent)*