Exhibit C-O

# 訊 問 筆 錄

中華民國107年度助美字第1號、107年度他字第7707號營業秘密法案,於民國108年4月22日上午10時13分,在臺灣臺中地方檢察署第一偵查庭訊問,出席職員如下:

檢察官　　王亮欽　　　書記官　　劉金玫

到場者如下:

點呼　　　　　到庭

檢察官問姓名、年籍、住址、國民身分證統一編號

證人答

　　　黃恩旭　　　　　　　　　

　　　　　　　國民身分證統一編號:

檢察官諭知證人得拒絕證言之相關規定:

刑事訴訟法第180條

證人有下列情形之一者,得拒絕證言:

一、現為或曾為被告或自訴人之配偶、直系血親、三親等內之旁系血親、二親等內之姻親或家長、家屬者。

二、與被告或自訴人訂有婚約者。

三、現為或曾為被告或自訴人之法定代理人或現由或曾由被告或自訴人為其法定代理人者。

對於共同被告或自訴人中一人或數人有前項關係,而就僅關於他共同被告或他共同自訴人之事項為證人者,不得拒絕證言。

--------

刑事訴訟法第181條

證人恐因陳述致自己或與其有前條第一項關係之人受刑事追訴或處罰者,得拒絕證言。

--------

刑事訴訟法第182條

證人為醫師、藥師、助產士、宗教師、律師、辯護人、公證人、

[107助美_000001_1080422101348]

1

會計師或其業務上佐理人或曾任此等職務之人,就其因業務所知悉有關他人秘密之事項受訊問者,除經本人允許者外,得拒絕證言。

----

律師倫理規範第33條
律師對於受任事件內容應嚴守秘密,不得洩露。但委任人未來之犯罪意圖及計劃或已完成之犯罪行為之延續可能造成第三人生命或身體健康之危害者,不在此限。

----

問:是否瞭解上開規定?
答:瞭解,若鈞署詢問之具體內容涉及聯電公司秘密,我將依法具結證言。
問:是否願意作證?
答:願意。
檢察官諭知證人具結義務及偽證罪之處罰,並請證人於結文上簽名並朗讀。
問:證人目前受僱傭的情況為何?
答:目前擔任武漢新芯集成電路製造有限公司的法務長。
問:請問證人以前在何處受僱傭?可否列出你以前(至西元2015年)的受僱傭情況及在每家公司的職銜。
答:我自公元2012年6月18日起至2017年12月31日止均受雇於聯電公司,擔任智權法務處資深處長,2012年6月18日任職於佳士達科技股份有限公司,也是法務長。
問:聯電公司曾經遭台中地檢署於106年2月7日及14日指揮調查人員持搜索票執行兩次搜索,兩次搜索你都在場嗎?
答:搜索接近結束時,即該兩天的傍晚,我接到臺南廠區的訊息後,我就從新竹趕往臺南,預計該兩天接近下班時間,即下午5時之後。
問:可否請說明一下當時搜索的相關情形?
答:搜索有兩次,第一次106年2月7日,我知道有一位助理工程

2



師黃書涵被依現行犯逮捕，若干臺南廠員工至少包含何建廷及王永銘均被徹夜訊問，由於我個人的專業領域偏重於專利訴訟及非訟業務，因此陪同訊問的工作均係由陳哲宏律師及洪梅芬律師負責，該兩位律師是外部律師，但非法務室選任。

問：該兩位律師係何人選任？
答：陳哲宏律師與聯電公司董事長多年素來熟識，舉凡臺灣當地傳統法律訴訟案件均係由其負責，洪梅芬律師應係臺南當地由洪董事長臨時起意委任，因為臺南沒有熟識的律師，洪梅芬律師之前與聯電公司淵源並不深，據說其弟弟是洪董事長昔日的部屬。

問：後續搜索情形為何？
答：搜索之後，智權法務處我們俗稱法務室，法務室即與陳哲宏律師共同進行內部調查，以釐清公司內部是否確實發生侵害他人營業秘密之情事。

問：你是否知悉黃書涵在地檢署106年2月7日第一次搜索後，曾交出一台編號UMC030761筆電及其他儲存裝置的經過情形？
答：當然瞭解，當時黃書涵以現行犯被檢察官逮捕，但並未被羈押，羈押聲請未被准許，黃書涵回到公司之後，將若干犯罪證據交至直屬主管處理，是誰我不太記得，此等證物包含一堆紙本文件，及一台筆記型電腦，黃書涵所屬的部門不知如何處理，因此交由法務室決定如何處理，他們是以公司的交通車派人送至總公司法務室，當時裝在一個紙箱內，我只聽黃書涵敘述紙箱內的內容物，當時考量刑法第165條隱匿湮滅刑事證據罪，及律師倫理規範第23條要求，法務室並不適當為潛在實施不法行為之員工進行隱匿湮滅刑事證據的行為。此外，也考量黃書涵本人的刑事責任，幾經考量之後，我指示法務室的部門秘書方雨蘋陪同黃書涵將此等可能構成刑事犯罪的證物交付予鈞署。

問：所以是你要求黃書涵把編號UMC030761筆電及其他儲存裝置

3

交給本署？
答：是。
問：你當時這個決定有和誰討論？聯電董事長、總經理、其他高層人員是否知情？他們是否同意你這麼作？
答：當時情況很緊急，我是在做出決定之後，有向聯電公司董事長洪嘉聰報告，洪董事長並無反對之意思，但是陳哲宏律師明確表示這不是明智之舉，但當時已經交出去了，陳哲宏律師其實前一晚就有表示反對，但是這畢竟是我的決定，因為我是內部法務室的主管，且當時我堅信這是符合聯電公司最大利益的作法，因為聯電公司是一個超過1萬6000名員工的公司，紙包不住火，短期為員工隱匿證據，並非好的應對方式。
問：聯電公司在被搜索後有無進行清查，確認公司內部有無其他員工持有其他美光公司或其他公司之營業秘密或文件等資料？
答：就法務室而言，確實有明確提醒資訊部門對於資訊安全及保密工作再進一步強化，而我個人在搜索發生之後，也特別南下至臺南，舉辦營業秘密法的內部培訓課程，並要求該涉案部門全體同仁參加。
問：聯電公司的IT（資訊）部門有無針對員工的電腦內存有的檔案全面盤點、清查？有無要求員工如持有美光公司營業秘密的情形，應立即告知法務部門？
答：據我所知，IT部門隨時都對於公司電腦是否有異常上傳或下載檔案的情形，隨時嚴密監控，並不是緊緊針對美光公司，因為擔心資料外流，也會對於員工是否攜帶前公司、前雇主的技術文件進行把關，這是我對IT部門的瞭解，但至於具體的實施成效我認為百密必有一疏，很難完全避免有其他公司檔案流入的情形。
問：當時IT部門最高主管是否為王邦明？
答：是。

4

問:前案搜索之後,你個人有無為關於美光公司營業秘密案件在聯電公司進行內部之調查?
答:有。
問:當時內部調查是如何進行?由誰進行訪談了誰?是只有前案被起訴的被告還是還有其他人?
答:大部分內部調查活動是由陳哲宏律師主導,例如:我至今仍未親眼見過王永銘是何許人也,法務室進行的內部調查,主要是約談來自臺灣美光公司的前員工,雖然王永銘也是,但他從被搜索之後就沒有進公司,也有可能我不知道他有進公司,就我所知,王永銘多次去陳哲宏律師的臺北事務所,但去幾次我不清楚。其次,有對於其中一台筆電的保管人進行訪談,訪談目的在釐清這兩台筆電的申請流程及使用情形。
問:當時如何知道有幾台電腦涉案?
答:第一台電腦是黃書涵交代的,如前所述已經交由鈞署扣案,另一台是在約談美光公司前員工過程中,該員工提到的。
問:係何位員工提出?
答:具體的姓名我目前不記得,但是由於陳哲宏律師對於我第一台電腦處置方式表示強烈的質疑,因此我後續內部調查都進行錄音存證,以此證明我並未涉入湮滅刑事證據或不法行為,我相信該員工的姓名應該在錄音內容中。
問:後續約談幾位員工?
答:正式至少有4位,我明確記得有何建廷,筆電保管人印象中是女的秘書,其他閒談有包含其中一位被告戎樂天,但他不是美光公司的前員工,第二台電腦是從正式訪談美光公司前員工知道的,非正式的除了戎樂天,也有陳正坤,其他部分陳哲宏律師應該訪談更多聯電公司員工。
問:你是否清楚聯電公司內有關員工使用USB權限的規定是如何?需要申請嗎?申請流程為何?
答:原則上,USB是被封閉的,禁止使用,如果確實於執行職務需要大量上傳或下載檔案,而有必要開放使用USB使用權限

5

　　　，是必須提出申請的，是以電子流程申請。
問：依據何建廷先前對本署證述，其和李甫哲曾經向陳正坤各申請一台可以讀取USB權限的公用筆記型電腦，部分IT部門員工也知道，請問你是否知情？是何時知悉？
答：對於這個問題，容我依據刑事訴訟法第182條規定拒絕證言。
問：據何建廷對本署證述，他申請並保管的那台可以讀USB權限的公用筆記型電腦就是編號UMC030761筆電，而何建廷、王永銘及李甫哲均曾使用過前述電腦的USB功能來讀取資料，且王永銘及何建廷均自承曾使用該等電腦用來他們從美光公司帶來的美光公司資料。你是否知情？
答：同上，對於這個問題，容我依據刑事訴訟法第182條規定拒絕證言。
問：當時你是否清楚黃書涵交出的編號UMC030761筆電就是前述何建廷說的、由他所申請並保管來讀取美光公司資料的筆電嗎？
答：同上，對於這個問題，容我依據刑事訴訟法第182條規定拒絕證言。
問：那當時你知道何建廷所述、所謂另一臺可使用USB功能的公用筆電並未被本署搜到嗎？
答：知道。
問：郭峰銘即王永銘主管，是否是你當時內部調查的對象之一？你記得是何時與郭峰銘面談？當時一同參與調查的人員有誰？
答：這個名字有點耳熟，應該是有，有我、郭峰銘、陳哲宏律師及陳哲宏的受雇律師劉家坤，目前轉任法官。
問：是否知道當時是負責保管編號UMC031525筆電的人是郭峰銘？還是由李甫哲保管？
答：誰是保管人我不清楚，但這台電腦的存在是在約談郭峰銘的過程當中首次得知的。
問：是否記得何時約談郭峰銘？

6



UMCD-0000008

答：在第一、二次搜索之間。

問：當時郭峰銘有無告訴你他如何使用這台電腦或這台電腦的用途？

答：我不太確定是否是郭峰銘告訴我的，據我所知有可能是公司的IT部門會對於公司員工電腦進行監控，因此郭峰銘的部門為了躲避IT部門的監控私下申請該兩台電腦。

問：(提示告證5OA硬體申請表)你知道這個文件是甚麼？

答：從該文件文意來看，即各部門向IT部門申請領用筆記型電腦的申請文件。

問：這上面記載的編號UMC030761的筆電是不是就是你要黃書涵交給本署的那台筆電？

答：具體編號我不記得，但我認為就是兩台中的其中一台。

問：這上面記載的編號UMC031525的筆電是不是就是李甫哲和郭峰銘曾經保管過的那台筆電？

答：編號我不是很記得，我知道有一台電腦是由陳哲宏律師處理。

問：先前何建廷向本署證述，其和李甫哲曾經各自向陳正坤申請一台公用筆電，是不是就是這2台編號UMC031525及編號UMC030761的筆電？

答：我從來沒有當面見過李甫哲，他們沒有親口跟我說過有向陳正坤申請。

問：該申請單上面寫「12A VIP User公用需求」你清楚是甚麼意思？

答：我認為這個使用目的只是臨時即興編造，並非真實狀況，因為VIP究竟是誰，VIP應該是指客戶，或其他重要訪客，但這兩台電腦據我當時內部調查結果，應該已經存在一段很久時間，並非臨時使用目的。

問：其上申請日期在2015年12月8日，表示在案發前很久就已經申請，是否瞭解當時有調查到何人申請？何人核准？

答：從申請單上的內容，申請人是一位人事行政部門即HR的黃姓

7

員工提出申請，因此該黃姓員工也是法務室內部調查約談的對象，至於何人核准我目前不記得。

問：該黃姓員工是否叫黃琬君？
答：根據申請文件內容，應該是，法務室有對她進行約談。
問：是否記得當時參與約談黃琬君的人員？過程有無錄音？
答：有錄音，參與的人員包含我當時的部屬黃蘭芝，及黃琬君的主管，名字我不記得了。
問：調查過程中，就你所知，聯電公司內部還有哪些人知道關於這兩台筆電的事？
答：肯定有許多其他部門的同仁知道，例如：IT部門，這是他們主管業務範圍，又例如：何建廷所屬部門，這兩台電腦就是他們在使用的。
問：那台編號UMC031525筆電最後是由誰保管你是否清楚？你知道那台筆電現在的下落？
答：從約談郭峰銘的過程當中，陳哲宏律師表示他會請陳正坤秘書處理掉，至於如何處理我並不清楚我有當時現場錄音對話的內容音檔（庭呈節意的內容譯文）。
問：請說明該兩份譯文係何人對話？
答：就是前述約談郭峰銘的部分內容。
問：有無留存錄音檔？
答：有，若鈞署需要，我可以當庭播放一段。
問：可否提供予鈞署勘驗相關內容？
答：可以。
問：當時為何會想到要錄音？
答：如前所述，陳哲宏律師對於我第一台電腦的處置方式表示質疑，但是對於公司內部犯罪證據處置可能讓我個人遭受刑事追訴，這是我對於內部調查進行錄音的其中一個動機。此外，法務室對於內部調查的工作舉凡職務上舞弊的調查，或是專利侵權爭議的會議討論，法務室都有錄音存證的習慣。
問：在你的調查面談時，郭峰銘有無告訴你在聯電公司被搜索後

8

　　　，編號UMC031525筆電的下落？面談當時那台筆電還在嗎？
　　　郭峰銘有把那台電腦交給你或聯電法務部門嗎？
答：我的記憶是郭峰銘在對話過程中提到這台電腦，而他也表示
　　已經把資料重新格式化，但這是他個人的口頭陳述，他並沒
　　有把電腦交給我。
問：郭峰銘有無告知你，該編號525筆電的裡面是儲存哪些資料
　　？
答：我不記得他有這麼明確說電腦有什麼資料，但這台電腦是存
　　在的。
問：郭峰銘當時有無提到裡面有屬於美光公司的檔案？
答：他只提到會把資料進行格式化，甚至暗示將電腦進行毀損，
　　但是究竟電腦裡面存有美光公司資料，我並未親眼見聞。
問：郭峰銘有無告訴你他如何處理那台筆電的？
答：根據當時約談內容，陳哲宏律師請郭峰銘將電腦交給陳正坤
　　秘書處理。
問：你當時知道郭峰銘仍留有這台筆電後，你有無針對應如何處
　　理這台筆電，對郭峰銘提出任何要求交出電腦或給其他建議
　　？
答：因為我對第一台電腦的處置方式被強烈質疑，我當時沒有明
　　確地表示應該將該電腦主動交由檢調，以表示公司不包庇不
　　法行為的態度，但是在約談的過程中，我曾一再試圖表示將
　　檔案格式化，或是由公司私下處理並非一個好的決定。
問：當時聯電公司高層是否知道此事？法務部門其他人員或公司
　　的外部律師有表示意見嗎？
答：聯電公司高層是否確實知道此事，我認為是知道的，我個人
　　有報告過第一台，第二台部分我沒有明確去報告，聯電公司
　　高層知道是我個人猜測。第一，這件事情發生後，洪董事長
　　就逐漸不讓法務室參與該案件的調查，或者是答辯的方向法
　　務室都不清楚。再者，法務室在公司內部的組織架構突然遭
　　到降級處理，將法務室由原本隸屬董事長的一級單位，改隸

9

屬為人力資源部中的一個小部門，檯面上的理由是董事長忙於公務，無暇顧及法務室的管理，但是法務室成為一級單位，已歷時數年之久，突然遭到組織變更，且我在其他方面並無職務上的疏失，因此我認為和本案處理有關。

問：為何沒有要郭峰銘把電腦交給你們法務室，然後循黃書涵之模式交出給本署？最後公司決定如何處理？

答：如我前述，我一向不主張放在公司，我肯定有提過，但在怎麼的場合，是在電話中，或是內部會議報告我忘記了，最後公司也沒有明確表示要如何處理，我曾經在會議或電話有說過第一台電腦處置方式是最符合公司最大利益方式，而且我也盡力想取得洪董事長的諒解與信任，我並非膽小無擔當。

問：第二台電腦這件事聯電公司內還有誰知道？你們有無向陳正坤報告？有無向董事會報告？

答：一定有人知道，我沒有跟陳正坤接觸，他跟我沒有隸屬關係，在搜索之後，我個人有向審計委員會，就案件發展做報告，審計委員會有這個議程，但是沒有我沒有明確提到這兩部電腦的事，但因為這兩台都是公司的財產，所以IT部門肯定知道這兩台電腦的存在，我也認為郭峰銘不會是唯一知道的人。

問：後來郭峰銘是否有把這台筆電交給法務室？或交給陳哲宏律師處理？

答：這我不清楚。

問：這台筆電現在是否還在聯電公司？

答：我不確定。

問：你前述證詞都屬實？你有無教唆、協助郭峰銘隱匿那台筆電？

答：屬實，我並沒有教唆、協助郭峰銘隱匿第二台電腦，我是不贊成的，但是我沒有明確地阻止，畢竟偵查不公開，或許陳哲宏律師將犯罪事證進行隱匿，真的能幫助聯電公司脫免刑事責任。

10

問：你剛剛提及內部調查部分，你有保存錄音檔，你是否有攜帶帶庭，可否提供本署調查？

答：我目前只保留約談郭峰銘及黃琬君的部分，其他部分一方面涉及我在前案當中為聯電公司思考答辯策略，因此無法提供（庭呈隨身碟）。

諭知暫休庭讓證人用餐。

中華民國108年4月22日上午11時56分

本筆錄給閱無訛後，簽名於后

受訊問人 黃[簽名]

書記官 劉[簽名]

檢察官 [簽名]

11

UMCD-0000014