# Exhibit D-O

# 訊 問 筆 錄

中華民國107年度助美字第1號、107年度他字第7707號營業秘密法案,於民國108年4月22日下午1時57分,在臺灣臺中地方檢察署第一偵查庭訊問,出席職員如下:

檢察官　王亮欽　　書記官　劉金玫

到場者如下:

點呼　　　　到庭

檢察官問姓名、年籍、住址、國民身分證統一編號

證人答

　　黃恩旭

　　　　　　　國民身分證統一編號:

檢察官諭知證人得拒絕證言之相關規定:

刑事訴訟法第180條

證人有下列情形之一者,得拒絕證言:

一、現為或曾為被告或自訴人之配偶、直系血親、三親等內之旁系血親、二親等內之姻親或家長、家屬者。

二、與被告或自訴人訂有婚約者。

三、現為或曾為被告或自訴人之法定代理人或現由或曾由被告或自訴人為其法定代理人者。

對於共同被告或自訴人中一人或數人有前項關係,而就僅關於他共同被告或他共同自訴人之事項為證人者,不得拒絕證言。

----

刑事訴訟法第181條

證人恐因陳述致自己或與其有前條第一項關係之人受刑事追訴或處罰者,得拒絕證言。

----

刑事訴訟法第182條

證人為醫師、藥師、助產士、宗教師、律師、辯護人、公證人、

[107助美_000001_1080422140245]

1

會計師或其業務上佐理人或曾任此等職務之人，就其因業務所知悉有關他人秘密之事項受訊問者，除經本人允許者外，得拒絕證言。

----------------------------------------

律師倫理規範第33條
律師對於受任事件內容應嚴守秘密，不得洩露。但委任人未來之犯罪意圖及計劃或已完成之犯罪行為之延續可能造成第三人生命或身體健康之危害者，不在此限。

----------------------------------------

問：是否瞭解上開規定？
答：瞭解，若鈞署詢問之具體內容涉及聯電公司營業秘密，我將依法具結證言。
問：是否願意作證？
答：願意。
檢察官諭知證人具結義務及偽證罪之處罰，並請證人於結文上簽名並朗讀。
問：為何會覺得第二台發現的電腦即編號UMC031525係重要的電腦？內容為何？
答：我當然不清楚第二台電腦具體儲存檔案為何，但是當時約談郭峰銘的過程中，得知第二台電腦的使用情形應該與第一台交由鈞署保管之電腦相類似，都是由DRAM團隊部門所使用，而在檢調搜索當時，DRAM團對部門同仁既然指示黃書涵予以隱匿，因此我當時認為這兩台電腦的法律狀態相同，都有可能是刑事不法行為的犯罪證據。
問：關於第二台電腦的事情，是否曾經向聯電公司洪董事長報告？
答：我認為他應該知道，我應該有跟他說過，但具體時間、地點不記得了，當時洪董事長是我直屬主管，而我又非常積極想說明我對第一台電腦的處置是符合我的專業判斷，因此我相信我曾經提到過第二台電腦的存在，只是我具體時地不記得

2



UMCD-0000016

了，而第二台電腦畢竟不是我說服洪董事長的重點，而我也不願意在洪董事長面前任意指摘陳哲宏律師的處置有失當，特別是在檢察官是否起訴仍未確定的期間，我與內部直屬主管溝通重點是在於希望他相信我的專業判斷，在溝通過程當中，或許不免提到第二台電腦的存在。

問：今日上午提及與戎樂天、陳正坤非正式的閒談，此部分有無錄音？

答：有的，但是因為涉及我當時為聯電公司辯護的策略，所以無法提供。

問：在你與戎樂天、陳正坤閒談的過程中，能否確認他們知悉第二台電腦存在的事實？

答：溝通的細節已經時隔久遠，我判斷陳正坤知道第二台電腦存在的可能性比較大，因為美光公司前員工都是陳正坤所招聘，DRAM團隊也是陳正坤一手從無到有的建立，而戎樂天原本並不屬於DRAM團隊，戎樂天因為與原本主管相處有問題才調到DRAM團隊，換言之戎樂天加入DRAM團隊部門的時間晚於該二台電腦申請的時間。

問：你認識IT部門的周鑫宏或王邦明？在為聯電公司進行內部調查時，你有無訪談他們？

答：均認識，我的部屬有安排跟他們約談的，我早上的4位指的是DRAM團隊的，其他還有IT部門、HR部門都有約談。

問：這些約談的對話有無留存錄音？

答：當時法務室有錄音，時至今日不能確定是否還存在。

問：周鑫宏及王邦明先前分別向本署證述，他們曾在聯電公司內部發現有人異常下載檔案，因此有去做調查，是否知悉？

答：這是發生在檢調搜索之後的內部調查期間，應該是周鑫宏在內部會議裡說的，大意是在2015年12月期間IT部門就有監測到何建廷與李甫哲的公務用電腦有異常檔案下載及上傳的情形。當時IT部門處理的方式是將何建廷的筆電予以沒收，並且將硬碟拆除，但2015年12月當時此事並未告知法務室，是

3

  在2017年時內部調查才告訴法務室,當時開會時王邦明也在場,但主要的是周鑫宏來說明,因為他是實際執行的同仁,我在知道此事之後非常驚訝,因為正常情況下,這樣的行為是嚴重違反公司資訊保密規定,屬於重大違紀行為,為何當時公司沒有做出懲處我個人也不清楚。

問:調查過程當中,是否知悉何建廷、李甫哲所使用的檔案是屬於何家公司檔案?

答:IT部門有整理一個EXCELL試算表檔案清單,由檔案清單內容來看,部分的檔案名稱確實有美光公司的字樣MICRON。

問:你當時是否有向IT部門表示這些檔案資料不能刪除?

答:有,包含何建廷當時被沒收筆電所拆除的硬碟。

問:後來這些資料、硬碟存放在何處?

答:IT部門如何保存我並沒有過問,但我相信IT部門的同仁有基本的法律常識。

問:當時由黃書涵交出的第一台電腦係何人送到聯電公司法務室給你?是否係戎樂天?

答:具體人名我不清楚,戎樂天知道這件事,但確定不是戎樂天親手從臺南帶到新竹辦公室,戎樂天基本贊同我坦承的態度。

問:今日上午部分問題拒絕證言之原因,是跟聯電公司營業秘密有關,或有其他原因?

答:因為此等問題直接涉及不法行為之存否,而我個人在偵查階段曾經為聯電公司的辯護人,因此決定拒絕證言。

問:當時IT部門提供予你EXCELL清單,是否清楚該等檔案本體是否仍留存?

答:硬碟本身若遭刪除,應該有技術予以還原,至於有無其他備份我並不清楚。

問:你知悉周鑫宏所說的LOG檔案時,是否有舉報給公司內部高層?向誰舉報?他們的反應如何?

答:當時我有向我的直屬主管洪董事長報告,並且強烈向他建議

4



應該立即終止與何建廷等人的勞動契約關係，但是陳哲宏律師強烈反對我的建議，陳哲宏律師認為倘若聯電公司與員工的關係變得緊張，會無法控制員工證述的內容，但我當時認為立即在偵查終結前公司主動根據內部調查結果，積極地與可能涉及不法行為的員工做果斷的切割才是保護公司利益的最佳選擇。

問：有無向何建廷及李甫哲主管即陳正坤談及此事？

答：沒有，因為我直屬於洪董事長，我沒有必要參考陳正坤的意見。

問：何建廷有因為這樣被懲處嗎？

答：沒有，在我離職前他應該依然受雇於聯電公司。

問：是否清楚何建廷事後有把相關的筆電或硬碟交出來？交給誰？

答：我不清楚，到後期檢察官提起公訴之後，我在聯電公司受信任程度已經大打折扣，因此整個法務室都被隔絕在本案處理過程之外。

問：當時聯電公司有無因此採取任何措施，警告或要求員工不可有類似行為？

答：當然有，誠如我前述，我當時也有舉辦營業秘密的課程，事實上早在本案發生之前，每一位新到職的員工都會簽署一份營業秘密確認書，該確認書除了警告新到職員工不得攜帶前雇主技術資訊到聯電公司任職之外，也兼具法律常識教育的目的。

問：是否清楚何建廷因為在2015年，被公司發現其握有大量美光公司資料後，為了規避公司的IT稽查，才去特別申請具有USB功能的筆電，也就是聯電編號UMC031525、UMC030761的筆電，好在工作時讀取美光公司資料？

答：這是內部調查訪談IT部門時，IT部門的同仁做出的判斷，應該是周鑫宏或王邦明所做出的判斷，因為該二台電腦是在何建廷被IT部門發現檔案異常下載、上傳事件之後才存在，我

5

　　　　個人基本上同意他們的判斷。
問：就上開部分，你有無訪談過陳正坤或戎樂天？你覺得陳正坤對於前情是否均知悉？
答：戎樂天是後來才知道，他是搜索之後才知道該二台電腦的存在，陳正坤我個人判斷他應該知道，因為該二台電腦的申請流程，或者是USB接孔使用權限的開放，應該都需要陳正坤的審核及批准，但我當時顧及高階主管的情面，並沒有明確以質問的語氣針對該二台電腦的存在與否進行詢問。
問：2015年12月當月或前月，你是否獲某些聯電公司員工在該公司的裝置上儲存有美光公司保密的電子檔？若非在2015年12月，則你於何時獲知該資訊？
答：不知道，據事後內部調查，他們有告知人資部，但沒有跟法務室講，我是在搜索之後才知道。
問：就你在內部調查過程當中，你是否清楚聯電公司有哪些員工曾經持有美光公司保密的電子檔？
答：即便檢察官對部分員工正式提起公訴，我不能確知此等遭起訴的員工是否確實持有美光公司營業秘密的電子檔，我所知道的事實都是基於內部調查取得的間接事實，本於經驗法則進行的合理推斷。
問：進行內部調查完畢後，有無出具書面報告？
答：有，至少有一次報告是針對審計委員會的報告，審計委員會是依據證券交易法規定上市公司必須成立的組織，法定職權大致上是取代公司法上的監察人地位。
問：報告有無留存？
答：在我當時公司電腦裡當然有留存，但我認為對犯罪事實的偵查助益並不大，沒有太大實益，因為只是在報告案發流程，判斷是什麼原因，公司應該做什麼樣的應對等，並沒有太多的細節，另外一次的報告，是我跟洪董事長例行月會工作報告也有提到。
問：你是否知悉聯電公司員工在開發聯電的F32/F32S DRAM技術和

6 

　　　　設計時,曾利用或參考其他公司保密的電子檔?
　答:這部分我拒絕證言,因為當時公司內部各說各話,DRAM團隊
　　　的陳述當然不會承認,但是其他非DRAM團隊的研發團隊可能
　　　有不同看法,有的人認為時至今日DRAM的DEVICE STRUCTURE
　　　已經達到物理上的極限,如果不參照目前已知的技術很難再
　　　有突破的技術創新,但是我個人並非電機專業背景人員,因
　　　此技術問題也無法肯定回答。
檢察官諭知當庭播放證人黃恩旭庭呈之錄音檔案「黃琬君訪談」
,並提示譯文。
問:是否能告知檔案中,相關對話人士之身分?
答:應該是認得出來。
問:該檔案是否為完整檔案?
答:是。
問:對話內容為何人?
答:是我跟黃琬君,以及我的部屬黃蘭芝資深經理,當時是用電
　　話會議,都是我在提問,還有一個黃琬君的直屬老闆廖為銘
　　。
問:LOUISA及陳資深副總係指何人?
答:LOUISA是陳正坤秘書,及陳資深副總就是陳正坤。
問:你如何知悉有下載2萬5800多的檔案?
答:這就是我剛剛說的有個EXCELL的檔案清單,上面有顯示序號
　　。
問:錄音檔譯文內容是否正確?
答:是,正確,僅有部分錯別字,當初內部調查都有錄音,但有
　　些是員工之間的閒談,就採用犯罪事實部分相關的就好,像
　　有關陳正坤部分,是閒談中覺得被他牽連,並不是知道什麼
　　事情,是我們法務室或我自己的判斷,從論罪科刑的角度,
　　當然還是要有嚴謹的證據。
檢察官諭知當庭播放證人黃恩旭庭呈之錄音檔案「美光案件面談
」,並提示譯文。

7

問：參與面談的有何人？
答：我、陳哲宏律師、郭峰銘，以及劉家坤，但劉家坤是受雇律師，所以沒講什麼話。
問：JOCKEY是何人？
答：我不太確定，好像是指他們在臺南的秘書。
問：對話中你是否不建議聯電公司收電腦？
答：陳哲宏律師把事情想得太簡單，我認為聯電公司沒有人敢願意保管犯罪證據，我講話是在反駁陳哲宏律師不要把事情想得那麼簡單，因為他質疑我將第一台電腦交給鈞署的處置。我也質疑郭峰銘到HR都有填確認書為何還這樣做。我還有質疑郭峰銘怎麼會查不出來，但陳哲宏律師還是說他要跟LOUISA講一下再處理。
問：陳苡意（音譯）何人？
答：是跟王永銘比較熟的同事，「意」有無草字頭我不確定。
問：有無看過第二台電腦？
答：完全沒有，我連第一台電腦也都只有看過照片。
問：後來你是否清楚郭峰銘有將第二台電腦交給何人？
答：後面他是否依陳哲宏律師所指示的交給陳正坤秘書，我就不確定，我認為郭峰銘依據陳哲宏律師的指示處理的機率很大，我後來沒有見過郭峰銘，也沒有特別問陳哲宏律師第二台電腦是否交給LOUISA，因為我想他應該已經處理掉，當時我跟陳哲宏律師的關係處在緊張對立的狀況，所以儘可能避免接觸。

檢察官諭知暫休庭
問：106年做內部調查時，IT部門以何形式讓你看他們所查到的檔案名稱檔案？
答：內部會議當時，IT部門的周鑫宏，與另一名部屬，是用公司內部會議室的投影機，會議結束後IT部門把會議當中使用過的檔案儲存於公用資料夾，以便法務室能隨時讀取。
問：當天與會人員？

8



答：我本人、周鑫宏、王邦明、陳哲宏律師、洪梅芬律師、黃蘭芝等，還有一名周鑫宏的部屬，HR部門當天應該是沒有人參與。

問：周鑫宏是稱該等檔案是在聯電公司內部電腦發現？還是在伺服器發現紀錄？

答：是周鑫宏及王邦明發現異常上傳、下載情形之後，直接在何建廷與李甫哲公司配發的電腦上所發現的資料。

問：是否曾聽周鑫宏及王邦明說其實只是在伺服器上發現有這些異常上傳、下載的情形？

答：應該是監控時發現，再去找實體的電腦，實體的電腦後來處理方式如我前述被IT部門沒收。

問：實體的檔案有無看過？

答：沒有。

問：僅有名稱的檔案表格資料，是否有留存？

答：原始的檔案我目前沒有，因為後來我有在自己電腦檔案上面，就屬於美光公司名稱的檔案作註記，但原始的檔案是在IT部門，我的檔案是在原始檔案作註記，我自己沒有留存副本，如果聯電公司提出來的話，我可以辨認得出來。

問：當時確實有跟IT部門該等資料應留存？

答：有，而且在我2017年離職之前，美光公司與美國加州聯邦地方法院，對聯電公司提起民事訴訟，我離職前也交代我的部屬，依據美國聯邦民事訴訟相關規定，訴訟的當事人負有妥善保存相關事證的義務，倘若自行隱匿、銷燬，將受到不利益事實之推定，我離職前資料肯定還在原本的公用資料夾。

問：你以原始檔案自行註記的資料，是否有留存？

答：我需要再確認，但我想瞭解王邦明先前在作證時如何表示，畢竟我在前案中是聯電公司辯護人的角色。

檢察官諭知該部分檔案屬於本案中重要證據，如果尚有該等資料，務必提出予本署供參比對。

問：（告以王邦明107年12月19日證述要旨）有何意見？

9



答：依據聯電公司的規定，這個檔案屬於公司內部文件，理論上不能流出公司管轄領域之外，但由於該份文件事關重大，我應該副本還留著以供日後比對，我願意提供紙本資料，庭後補陳。

檢察官諭知本件由於相關文件檔案名稱屬於重要證據，故命證人提出影本資料以供日後與聯電公司所保存之資料比對其真實性。

問：有無其他陳述？
答：沒有。
諭知請回。
中華民國108年4月22日下午4時54分
本筆錄給閱無訛後，簽名於后

受訊問人 [簽名]

書記官 [簽名]
檢察官 [簽名]

10