STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

LAURA VARTAIN HORN (CABN 258485)
NICHOLAS WALSH (CABN 314290)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Laura.Vartain@usdoj.gov
    Nicholas.Walsh@usdoj.gov

NICHOLAS O. HUNTER (DCBN 1022355)
STEPHEN MARZEN (NYBN 2007094)
Trial Attorneys, National Security Division

    950 Pennsylvania Ave., NW
    Washington, DC 20530
    Tel: (202) 353-3434
    Fax: (202) 233-2146
    Nicholas.Hunter@usdoj.gov
    Stephen.Marzen@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 18-CR-00465 MMC |
| Plaintiff, | UNITED STATES' MOTION IN LIMINE NO. 7: |
| v. | MOTION TO EXCLUDE DEFENSE ARGUMENT REGARDING CODEFENDANT'S GUILTY PLEA AND STATEMENTS MADE BY CODEFENDANT IN COURT FILINGS AND THE PRESS |
| FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD | |
| Defendant. | |

**INTRODUCTION**

Defendant Fujian Jinhua Integrated Circuit, Co., Ltd. ("Jinhua") is charged with one count of conspiracy to commit economic espionage, in violation of 18 U.S.C. § 1831(a)(5); one count of conspiracy to commit theft of trade secrets, in violation of 18 U.S.C. § 1832(a)(5); and one count of economic espionage (receiving and possessing stolen trade secrets), in violation of 18 U.S.C. § 1831(a)(3) and (2). The parties are set to appear on January 18, 2022, for the Pretrial Conference. Trial is scheduled for February 14, 2022. The United States now files its Motion *in Limine* No. 7.

The United States seeks to exclude Jinhua from: (1) reference to United Microelectronics Corporation, Inc.'s ("UMC") guilty plea; (2) argument concerning statements made by UMC in court filings or statements corporate representatives made to the press; (3) admission of UMC's corporate statements about its guilty plea in this case as substantive evidence; and, (4) cross-examination of UMC witnesses with those statements, absent proper foundation.

**ARGUMENT**

In Court and in filings, Jinhua has used statements made by UMC representatives to advance arguments to the Court. Making similar arguments to the jury would be improper. For example, Jinhua has cited to statements UMC made in its Plea Agreement and Sentencing Memorandum. *See* Dkt. 164 at 15 (quoting from UMC's Sentencing Memorandum); Dkt. 183 (identifying UMC statements to the press in Taiwan for the proposition that UMC had modeled the technology after Samsung, not Micron).

The Model Jury Instructions set out the prohibition of commentary on the guilty pleas of co-defendants. *See* Ninth Circuit Model Jury Instruction 2.15 cmt. ("no reference should ordinarily be made…to the plea of guilty by the codefendant). Accordingly, Jinhua may not reference UMC's guilty plea. Likewise, statements by corporate representatives of UMC about the guilty plea would put the guilty plea of a codefendant before the jury, and likely would also constitute inadmissible hearsay if their admission in evidence were sought.

The United States intends to call witnesses from UMC at trial. The United States expects that they have no knowledge of statements UMC has made in the press, and will not have made any of the

UNITED STATES' MOT. IN LIMINE NO. 7
MOT. EXCLUDE DEFENSE ARGUMENT
18-CR-00465 MMC                                    2

statements themselves. Accordingly, should Jinhua seek to cross-examine UMC witnesses on the corporation's statements, it will need to lay a proper foundation, and the United States asks that the foundation be proffered outside the presence of the jury.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court grant the United States' Motion *in Limine* and issue an order: exclude Jinhua from: (1) reference to UMC's guilty plea; (2) argument concerning statements made by UMC in court filings or statements corporate representatives made to the press; (3) admission of UMC's corporate statements about its guilty plea in this case as substantive evidence; and, (4) cross-examination of UMC witnesses with those statements, absent proper foundation.

Dated: December 1, 2021

Respectfully Submitted,

STEPHANIE M. HINDS
Acting United States Attorney

 */s/ Laura Vartain Horn*
LAURA VARTAIN HORN
NICHOLAS WALSH
Assistant United States Attorneys

NICHOLAS O. HUNTER
STEPHEN MARZEN
Trial Attorneys, National Security Division